# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-03088- |
| | ) | ELR |
| STATE OF GEORGIA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

This civil action is brought by the United States under Title II of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*,

alleging that the State of Georgia discriminates against thousands of public

school students with behavior-related disabilities through the State's alleged

operation, administration, and funding of the Georgia Network for

Educational and Therapeutic Support ("GNETS") Program.  The Complaint

alleges that students in the GNETS Program receive services in classrooms

and centers where they are segregated from their non-disabled peers.  It

{00053546.DOC}

further alleges that the State administers its mental health and therapeutic educational service system in a manner that fails to serve students in the GNETS Program in the most integrated setting appropriate to their needs and puts other students with behavior-related disabilities at serious risk of unnecessary segregation in the GNETS Program.  Additionally, the United States alleges that the State provides students in the GNETS Program educational opportunities that are unequal to those provided to students in general education settings.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

  (1)  The State of Georgia, through the State Board of Education and State School Superintendent, establishes certain policies for Georgia's pre-kindergarten through 12th grade education system.

  (2)  Some students with behavior-related disabilities who receive pre-kindergarten through 12th grade education services in Georgia's public school system receive education services through the GNETS Program.

  (3)  The GNETS Program includes 24 regional programs serving all of the State's 181 public school districts.  During the 2014-15 school year, approximately 4,600 students, pre-kindergarten through 12th grade, with

behavior-related disabilities, received education services in the GNETS
Program.

(4) Many students in the GNETS Program attend school in regional GNETS
"Centers," which are generally located in self-contained buildings that serve
students with disabilities from multiple school districts.

(5) Other students in the GNETS Program attend school in regional GNETS
"Classrooms," which are located within general education school buildings
that are often not the students' zoned general education schools and that
may serve different grade configurations than the grades in which the
students in GNETS are enrolled. The Classrooms serve students with
disabilities and may be located in separate wings of school buildings used
for general education programs.

(6) The United States alleges that students served in GNETS Centers and
Classrooms have little interaction with nondisabled students.

(7) Students can receive GNETS services for varying lengths of time.

(8) Some students enrolled in Georgia's pre-kindergarten to 12th grade education
program also receive mental health and therapeutic educational services
("MHTES").

(9)  Some students with behavior-related disabilities in Georgia who are not currently in GNETS need, or may, in the future, need, access to MHTES to remain in general education settings.

(10) Placement in the GNETS Program begins with a referral from the student's school and the student's Individualized Education Program ("IEP") team. A GNETS Program administrator reviews the placement to determine whether it is appropriate. The State Board of Education establishes the exit criteria for the GNETS Program.

(11) Some GNETS Centers are located in older buildings.

(12) Many students with behavior-related disabilities are served throughout the State in general education settings.

(c) The legal issues to be tried are as follows:

(1) Whether the United States has standing to bring an action against the State for alleged violations of Title II of the ADA.

(2) Whether the State administers the GNETS Program within the meaning of Title II of the ADA.

(3) If the State administers the GNETS Program, whether the administration of the GNETS Program violates Department of Justice regulations, promulgated pursuant to the ADA, which mandate that public entities

"administer services, programs, and activities in the most integrated setting
appropriate to the needs of qualified individuals with disabilities."

(4) Whether the State violates the ADA by providing unequal educational
opportunities to students in the GNETS Program.

(5) If the United States has standing to bring the ADA claims in the Complaint,
whether those claims are precluded by the Individuals with Disabilities
Education Act ("IDEA").

(6) Whether the injunction sought by the United States is permitted under
Eleventh Circuit precedent.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: NONE

(2) Previously Adjudicated Related Cases: NONE

**2. This case is complex because it possesses one or more of the features listed
below (please check):**

_____(1)    Unusually large number of parties

_____(2)    Unusually large number of claims or defenses

_____(3)    Factual issues are exceptionally complex

__X__(4)    Greater than normal volume of evidence

_____(5)    Extended discovery period is needed

_____(6)    Problems locating or preserving evidence

_____(7)    Pending parallel investigations or action by government

__X__(8)    Multiple use of experts

_____(9)    Need for discovery outside United States boundaries

_____(10)    Existence of highly technical issues and proof

_____(11)    Unusually complex discovery of electronically stored information


**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel

for the parties:

<u>Plaintiff</u>:

Renee Wohlenhaus, Deputy Chief, Educational Opportunities Section
Fran Cohen, Trial Attorney
Travis England, Trial Attorney
Andrea E. Hamilton, Trial Attorney
Victoria M. Lill, Trial Attorney
United States Department of Justice, Civil Rights Division

Aileen Bell Hughes, Assistant United States Attorney, U.S. Attorney's Office for
the Northern District of Georgia


<u>Defendant</u>:

Alexa R. Ross
Special Assistant Attorney General
Robbins Ross Alloy Belinfante Littlefield LLC

Josh Belinfante
Special Assistant Attorney General
Robbins Ross Alloy Belinfante Littlefield LLC

## 4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

\_\_X\_ Yes    \_\_\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

As set forth in Defendant's Motion to Dismiss, or in the Alternative, for Stay of Proceedings, Defendant asserts that the United States lacks standing to bring a claim against Defendant under Title II of the ADA.

As will be set forth in Plaintiff's Response to Defendant's Motion to Dismiss, or in the Alternative, for Stay of Proceedings, Plaintiff disagrees with Defendant's contention and asserts that there is not a question regarding this Court's jurisdiction in this case.

## 5. Parties to This Action:

(a) The following persons are necessary parties who have not been joined: NONE

(b) The following persons are improperly joined as parties: NONE

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: NONE

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.


## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary: NONE AT THIS TIME.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.


## 7. Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be

filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.


**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties seek to stay service of initial disclosures until the Court has ruled on Defendant's Motion to Dismiss or, in the Alternative, for Stay of Proceedings.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties expect they will be able to reach agreement about discovery and scheduling matters and will request a conference only if it becomes necessary to resolve issues upon which the parties cannot reach agreement.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff anticipates that the following discovery will be necessary.  Plaintiff identifies the following discovery topics in good faith based on the information currently known and reserves the right to amend to comport with later-acquired information.  Plaintiff seeks discovery regarding:

(a) Policies, procedures, plans, rules, guidance, actions, and inactions, as written and as applied, regarding the structure, operation, and administration of the GNETS Program.

(b) Demographic information about the students in, and at risk of placement in, the GNETS Program.

(c) Individual records of students currently or previously served in the GNETS Program, as well as records of students at risk of placement in the GNETS Program.

(d) Student records of those children currently or recently receiving public educational services in residential treatment facilities in the State.

(e) Information about the services and supports available and provided to students with behavior-related disabilities, including mental health and therapeutic educational services and supports, within the GNETS Program and in general education settings.

(f)  Information about the number, type, prevalence, and cost of mental health and therapeutic educational services statewide, including information pertaining to system capacity.

(g)  The comparative quality of the facilities, curriculum, instruction, extracurricular activities, and other topics related to educational opportunities within the GNETS Program and in general education settings.

(h)  The qualifications, training, and professional development of GNETS Program and general education staff and personnel working with students with behavior-related disabilities.

(i)  General operating costs and expenses associated with the GNETS Program, including, but not limited to, staffing and personnel, transportation, instructional materials, facilities, and maintenance.

(j)  State and federal funding for the State's system of providing mental health and therapeutic educational services.

(k)  Experiences of students and their families in the GNETS Program.

(l)  Experiences of educators with students in the GNETS Program and with similar students in general education.

(m) Experts identified by Defendant.

Defendant anticipates that the following discovery will be necessary, in the event the Court denies the pending Motion to Dismiss at this time or following any stay that the Court may grant. Defendant identifies the following discovery topics in good faith based on the information currently known and reserves the right to amend to comport with later-acquired information.

(a) Discovery will be needed to determine the specific facts on which Plaintiff bases the general, notice-pleading factual allegations contained in the Complaint. (Examples are set forth in Compl. ¶¶ 26, 34, 36-49, 51, 55-61.) To illustrate, Complaint allegations and the types of facts Defendant will seek in discovery are as follows:

Allegation: "The State, through the GNETS Program, denies students with disabilities the full opportunity to interact with their peers without disabilities, which can have a lasting impact on the students' future opportunities for academic achievement." (Compl. ¶ 8.)

Related Discovery: The State will propound interrogatories, seek documents, and elicit deposition testimony regarding the alleged

actions and inactions that constitute or result in the denial of such

opportunities.

Allegation:  "Mental health and therapeutic educational services

and supports for students with behavior-related disabilities can be

provided in integrated educational settings with various levels of

services and supports."  (Compl. ¶ 37.)

Related Discovery:  The State will propound interrogatories, seek

documents, and elicit deposition testimony regarding, among

other things, the precise mental health services and therapeutic

services that allegedly can be provided in integrated general

education classrooms, potential providers of such services, the

cost of such services, and the student population that allegedly

can successfully receive such services in this setting.

(b) Discovery will be needed to examine the bases, including any expert

opinion, underlying certain allegations, such as the reasonableness of the

plan for "redirection, reallocation, expansion, and coordination of existing

resources" that Plaintiff asks this Court to impose on the State.  (Compl. ¶

61.)

(c) Discovery will be needed regarding any expert identified by Plaintiff.

(d) Discovery will be needed to identify each state special education program that has been investigated by the Department of Justice to determine compliance with Title II of the ADA, the findings of each investigation, and the outcome of each investigation.

(e) Discovery will be needed to determine whether the Department of Justice alleges that provision of GNETS Program services in settings that are not self-contained violate Title II of the ADA.

(f) Discovery will be needed to determine whether the Department of Justice contends that the measures allegedly required by Title II of the ADA must be provided even if contrary to an individual student's Individualized Education Plan as required under the Individuals With Disabilities Education Act, opposed by an individual student's parent, or temporarily traumatic for an individual student.

(g) Discovery will be needed regarding communications between the Department and advocacy groups, including but not limited to the Atlanta Legal Aid Society, the American Civil Liberties Union of Georgia, ARC of Georgia, Autistic Self Advocacy Network, the Attachment and Trauma Network, Autism Society of Georgia, Barton Child Law & Policy Center at Emory University, the Bazelon Center for Mental Health Law, the Carter

Center, CETPA, Inc., Consortium of Education Civil Rights Attorneys,
disability Link, Division of Behavioral Health in the Satcher Health
Leadership Institute at Morehouse School of Medicine, Georgia Advocacy
Office, Inc., Georgia Council on Developmental Disabilities, Georgia Parent
School Network, Gwinnett Parent Coalition to Dismantle the School to
Prison Pipeline, Mental Health America of Georgia, Parent to Parent of
Georgia, People First of Georgia and Southern Center for Human Rights.


If the parties anticipate that additional time beyond that allowed by the assigned
discovery track will be needed to complete discovery or that discovery should be
conducted in phases or be limited to or focused upon particular issues, please state
those reasons in detail below:

The Parties anticipate that they will need four additional months to complete
discovery due to multiple experts in the case and the greater than normal volume of
evidence.


## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under
the Federal Rules of Civil Procedure or Local Rules of this Court, and what other
limitations should be imposed?

The parties expect to negotiate within the next 30 days, and intend to submit to the Court, a proposed protective order governing the transfer, maintenance, and use of confidential information, including student records and the personally identifiable information and personal health information contained therein, and steps to ensure the parties' and third-parties' compliance with federal and state regulations regarding such records.

(b) Is any party seeking discovery of electronically stored information?

_X_ Yes        ___ No

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties expect to negotiate within the next 30 days a stipulation and order covering, *inter alia*, the categories of documents, things, and Electronically Stored Information for which preservation is required, the format in which these items will be produced in discovery, the manner in which the parties will assert claims of privilege, and procedures for resolving discovery disputes and inadvertent productions of privileged or protected information.

(2) The parties have discussed the format for the production of electronically stored information (e.g. Tagged Image File Format (TIFF or .TIF files), Portable

Document Format (PDF), or native), method of production (e.g., paper or disk),

and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties propose to schedule a meeting with their respective technical

staff in attendance to reach agreements as to the format for the production of

Electronically Stored Information, the method of production, and the inclusion

or exclusion and use of metadata.

In the absence of agreement on issues regarding discovery of electronically stored

information, the parties shall request a scheduling conference in paragraph 9

hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c)

or under Rule 16(b) and (c)?

As noted above in response to Question 11(a), the parties expect to

negotiate within the next 30 days, and intend to submit to the Court, a proposed

protective order governing the transfer, maintenance, and use of confidential

information, including student records and the personally identifiable

information and personal health information contained therein, and steps to

ensure the parties' and third-parties' compliance with federal and state regulations regarding such records.

## 13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>November 28, 2016</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

<u>For plaintiff</u>: Lead counsel (signature) <u>/s/ Andrea E. Hamilton</u>

Other participants: Renee Wohlenhaus, Victoria Lill, Fran Cohen, Travis England, and Aileen Bell Hughes

<u>For defendant</u>: Lead counsel (signature)  <u>/s/ Alexa R. Ross</u>

Other participants: Josh Belinfante and Kimberly K. Anderson

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

(<u>X</u>) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

(c) Counsel (__) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20__.

(d) The following specific problems have created a hindrance to settlement of this case.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this __ day _____ of 20__.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

**Respectfully submitted,**

**On Behalf of Plaintiff:**                    **On Behalf of Defendant:**

Renee Wohlenhaus                              Christopher M. Carr
Deputy Chief, Civil Rights Division,          Attorney General
Educational Opportunities Section             State of Georgia
                                              Georgia Bar No. 112505

Victoria M. Lill
Andrea E. Hamilton
Frances Cohen
Travis England
Trial Attorneys, Civil Rights Division

*/s/ Andrea E. Hamilton*
Andrea E. Hamilton
NC Bar Number: 42878
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202)514-4092
andrea.hamilton@usdoj.gov


*/s/ Aileen Bell Hughes*
Aileen Bell Hughes
GA Bar Number: 375505
Assistant United States Attorney
United States Department of Justice
Richard B. Russell Federal Building
75 Ted Turner Dr. SW
Suite 600
Atlanta, GA 30303-3309
(404) 581.6000
aileen.bell.hughes@usdoj.gov

Annette M. Cowart
Deputy Attorney General
Georgia Bar No. 191199

Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 7760280

Julia B. Anderson
Senior Assistant Attorney General
Georgia Bar No. 017560

State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 656-3357
Facsimile: (404) 463-1062

Alexa R. Ross
Georgia Bar No. 614986
aross@robbinsfirm.com

*/s/ Josh Belinfante(w/express permission
by Aileen Bell Hughes)*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com

Special Assistant Attorneys General
Robbins Ross Alloy Belinfante
Littlefield LLC
999 Peachtree Street, N.E., Suite 1120
Atlanta, GA 30309
Telephone: (678) 701-9381

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of _____, 20__.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I have caused the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE** to be electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Alexa R. Ross
> Josh Belinfante
> Special Assistant Attorney General
> Robbins Ross Alloy Belinfante Littlefield LLC

This 1st day of December, 2016.

> /s/ *Aileen Bell Hughes*
> Aileen Bell Hughes
> Assistant U.S. Attorney