# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# STATE OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO: 1:16-CV-03088-ELR |
| STATE OF GEORGIA, ) | |
| ) | |
| Defendant. ) | |

## RESPONSE TO PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY

The State of Georgia ("State") files this Response to the Notice of Filing Supplemental Authority by the Plaintiff ("Notice"). The Notice cites to and relies on a recent decision from the United States District Court for the Southern District of Texas, United States v. Harris County, No. 4:16-CV-2331 (S.D. Tex. Apr. 26, 2017). The Harris County decision is not instructive authority for several reasons. First, most of the cases relied on by the Southern District of Texas do not address standing at all. Second, despite the fact that C.V. v. Dudek, No. 12-60460-CIV-ZLOCH, 2016 WL 5220059 (S.D. Fla. Sept. 20, 2016), addresses the analysis adopted by the Harris County decision, the Texas decision is silent on the reasoning of Dudek. The supplemental authority, therefore, represents little more

than a generic holding with a string citation, whereas Dudek provides actual and compelling analysis.

The Harris County decision concludes that the Attorney General has standing to bring a Title II claim based, in part, on the fact that "every court (except C.V. v. Dudek) to address the question" has so concluded. Slip Op. at 1 (citing United States v. Virginia, No. 12-cv-59, Doc. #90 (E.D. Va. June 5, 2012); Disability Advocates, Inc. v. Paterson, No. 03-cv-3209, 2009 WL 4506301, at *2 (E.D.N.Y. Nov. 23, 2009); United States v. City & Cnty. of Denver, 927 F. Supp. 1396, 1399-14 (D. Colo. 1996); Smith v. City of Phila., 345 F. Supp. 2d 482, 489-90 (E.D. Pa. 2004); United States v. N. Ill. Special Recreation Ass'n, No. 12-cv-7613, 2013 WL 1499034, at *5 (N.D. Ill. Apr. 11, 2013); United States v. City of Baltimore, 845 F. Supp. 2d 640 (D. Md. 2012)).

The problem for the Plaintiff, however, is that most of the cases cited in the Harris County decision either do not address standing, or the issue was not raised by the defendant. For example, in Disability Advocates, Inc., the Eastern District of New York considered whether the Justice Department could intervene in an ADA lawsuit. 2009 WL 4506301 at *1. The opinion gives no indication that the State of New York challenged the Justice Department's standing to bring the lawsuit. In United States v. City and County of Denver, the question was whether

the Justice Department complied with pre-suit procedural requirements, not whether it had standing to bring a lawsuit pursuant to Title II of the ADA. 927 F. Supp. at 1400. Thus, like Disability Advocates, Inc., the Denver decision does not address a challenge to the Justice Department's standing. Nor does United States v. Northern Illinois Special Recreation Association; its holding is based on the defendant's affirmative defenses. 2013 WL 1499034, at *5. The same is true of United States v. City of Baltimore, 845 F. Supp.2d at 640.

Smith and Virginia are the only decisions to squarely address standing, and the Harris County opinion adopted their reasoning almost verbatim. 345 F.Supp.2d at 490.[1] At the very least, the two cases demonstrate that most courts have not considered the issue at all, so there is no real "majority rule" or settled position of federal law. But more importantly, the reasoning of Dudek is more complete than that of Smith or Harris (and the Plaintiff). As pointed out by the Southern District of Florida in Dudek, the question is not just whether the remedies afforded by the Civil Rights Act of 1964 include the Department of Justice (they

---

[1] Virginia makes the same error as Harris County, namely, citing cases that do not address whether the United States has standing to bring a claim under Title II of the ADA. See Slip Op. at 4 (citing City of Baltimore, 845 F. Supp. 2d at 640; McCachren v. Blacklick Valley Sch. Dist., 217 F. Supp. 2d 594, 600 (W.D. Pa. 2002) (addressing private suit by parents against school district); City and County of Denver, 927 F. Supp. at 1399).

do), but also whether the Department of Justice is, in the words of Title II, a "person" entitled to seek that relief.  It is not.  See Dudek, 209 F. Supp.3d. at 1284.

Further, the Dudek's consideration of the exact reasoning of Smith, Virginia, and Harris County court is persuasive:

> Congress did not incorporate all "remedies, procedures, and rights" available under Title VI—it incorporated only those "remedies, procedures, and rights" that may be exercised by a "person alleging discrimination."  42 U.S.C. § 12133. The Department rightly concedes that Title II, by its nature, incorporates less than the full panoply of Title VI procedures and remedies.  For example, the power to terminate federal funding under Title VI has no foothold in Title II. See 42 U.S.C. § 2000d–1. It is also beyond dispute that Title VI, the Rehabilitation Act, and Title II each authorize suit by private individuals. The Supreme Court has consistently held that Title VI allows private individuals to sue for both injunctive relief and damages. ... Title II borrows that private right of action from § 505, which in turn incorporates it from Title VI. See Barnes v. Gorman, 536 U.S. 181, 186, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002) ("Rehabilitation Act [remedies] are coextensive with the remedies available in a private cause of action brought under Title VI"); Olmstead [v. L.C.], 527 U.S. [581] at 591 n. 5 [1999], 119 S.Ct. 2176 ("a person alleging discrimination on the basis of disability in violation of Title II may seek to enforce its provisions by commencing a private lawsuit"). Among the remedies, procedures, and rights available under Title VI and § 505, this private right of action is the only such procedure that could be "provide[d] to" a "person alleging discrimination." 42 U.S.C. § 12133.

> Moreover, the ADA's structure as a whole supports the conclusion that Title II incorporates only enforcement rights that may be exercised by private parties. Again, Title I of the ADA incorporates "powers, remedies, and procedures" available under Title VII of the Civil Rights Act of 1964. Cognizant that Title VII of the Civil Rights Act of 1964 bestows specific rights on private parties, the Equal Employment Opportunity Commission, and the Attorney General, Congress was careful to ensure that Title I of the ADA conferred those rights on "the Commission, the Attorney General, [and] any person alleging discrimination" by name. 42 U.S.C. § 12117(a). In Title III of the ADA, Congress incorporated certain "remedies and procedures" from Title II of the Civil Rights Act of 1964 and provided them to "any person who is being subjected to discrimination on the basis of disability. ..." 42 U.S.C. 12188(a). 42 U.S.C. § 2000a–3(a), which Title III incorporates, only allows the Attorney General to intervene in litigation at the court's discretion. 42 U.S.C. § 2000a–3(a). Title III of the ADA expands on that limited authority in a section titled "Enforcement by Attorney General," which details an investigatory obligation and an authorization to commence civil suit. 42 U.S.C. § 1218 8(b). As does Title I, Title III deliberately sets forth the who and how of its remedial scheme.

209 F. Supp. 3d at 1286–87 (some citations omitted).  Harris County does not address this reasoning at all, and Dudek is the only opinion to address the dispositive question of whether the United States is a "person" for purposes of Title II.

-5-

## CONCLUSION

Because the Harris County decision is neither dispositive nor persuasive and for the reasons previously stated in Defendant's Motion to Dismiss, or in the Alternative, for Stay of Proceedings , the State of Georgia respectfully requests that this Court DISMISS the Complaint for failure to state a claim.  In the alternative, the State requests that this Court stay the proceedings until at least the Eleventh Circuit decides that DOJ has standing to bring the lawsuit.

Respectfully submitted this 9th day of May, 2017.

| | |
|---|---|
| Christopher M. Carr<br>Attorney General<br>Georgia Bar No. 112505 | */s/ Alexa R. Ross*<br>Alexa R. Ross<br>Georgia Bar No. 614986<br>aross@robbinsfirm.com |
| Dennis R. Dunn<br>Deputy Attorney General<br>Georgia Bar No. 234098 | Josh Belinfante<br>Georgia Bar No. 047399<br>jbelinfante@robbinsfirm.com |
| | Kimberly Anderson |
| Russell D. Willard<br>Senior Assistant Attorney General<br>Georgia Bar No. 760280 | Georgia Bar No. 602807<br>Kanderson@robbinsfirm.com<br>Special Assistant Attorney General |
| Julia B. Anderson<br>Senior Assistant Attorney General<br>Georgia Bar No. 017560 | Robbins Ross Alloy Belinfante Littlefield LLC<br>999 Peachtree Street, N.E., Suite 1120<br>Atlanta, GA 30309<br>Telephone: (678) 701-9381 |
| State Law Department<br>40 Capitol Square, S.W.<br>Atlanta, Georgia 30334<br>Telephone: (404) 656-3357 | *Attorneys for Defendant* |

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Response has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Response has been prepared using 14-pt Times New Roman Font.

*/s/ Alexa R. Ross*
Alexa R. Ross
Georgia Bar No. 614986

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **RESPONSE TO PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL AUTHORTY** with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 9th day of May, 2017.

                                                */s/ Alexa R. Ross*
                                                Alexa R. Ross