## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:16-CV-3088-ELR |
| | * | |
| STATE OF GEORGIA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## O R D E R

Defendant State of Georgia has moved to dismiss the complaint against it filed by Plaintiff United States. [Doc. 9]. In the alternative, Defendant seeks a stay of this action until the Eleventh Circuit Court of Appeals decides the appeal in C.V. v. Dudek, No. 12-60460-CIV-ZLOCH, Southern District of Florida.

In moving to dismiss, Defendant's threshold argument is that the United States does not have standing to bring a claim for an alleged violation of Title II of the Americans with Disabilities Act ("ADA"). In C.V. v. Dudek, the United States Department of Justice ("Department") brought a suit against the State of Florida alleging a claim under Title II of the ADA. 209 F.Supp.3d 1279 (S.D. Fla. 2016). Despite previous holdings that the Department did have standing and despite the fact

that discovery had closed and the case was proceeding to trial, Judge William J. Zloch, *sua sponte*, found that the Department did not have standing and dismissed the suit brought by the Department. Id. This holding runs contrary to the numerous other cases across the country, finding that the Department does have standing. See, e.g., United States v. Harris County, No. 4:16-CV-2331, Order (S.D. Tex. Apr. 26, 2017) (finding that the United States has standing to bring lawsuits under Title II of the ADA and recognizing Dudek as the one exception). Meanwhile, other plaintiffs pursued their claims in Dudek. The Dudek case before the trial court in Florida has now come to an end, and the Department and other plaintiffs have appealed to the Eleventh Circuit. See C.V. v. Dudek, No. 0:12-cv-60460-WJZ, Docket Sheet, Entries 648, 649 (Aug. 7, 2017). Specifically, the Department has appealed the trial court's ruling dismissing the complaint for lack of standing. See id. at Doc. 648 (notice of appeal by the United States to the Eleventh Circuit appealing from the final order of dismissal entered on September 20, 2016, dismissing the Department's Title II claims).

Here, the Court has thoroughly reviewed Dudek and Harris, as cited by the parties, and other cases across the country on this issue. The Court concludes that a stay of this case is appropriate. This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). Where "a federal appellate decision . . . is likely to have a

substantial or controlling effect on the claims and issues," a stay may be warranted. Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009). The central question in both this case and in the appellate case in Dudek is whether the United States has standing under Title II to pursue its claims. A stay is warranted because the appellate decision in Dudek is "likely to have a substantial or controlling effect on the claims and issues in" this case. See id. (finding that this reason for a stay was "at least a good one, if not an excellent one"). A stay is justified to avoid "duplicative federal litigation," particularly where, as here, the Dudek appeal is before the Eleventh Circuit and any appeal from this case would be heard by the same appellate court. See id. at 1196. A stay has the potential to simplify the issues in this case because if the United States has no standing, the case here may not proceed. Any prejudice caused by the stay is outweighed by its benefits. If the Court allows the claims to proceed here and the Eleventh Circuit subsequently finds that the United States has no standing in Dudek, then all of the parties' and Court's time and resources expended on this case would be in vain. Additionally, this case is in its infant stages, with discovery having not yet started and certainly no trial date set. For all of these reasons, the Court finds that a stay is appropriate.

For the foregoing reasons, the Court **GRANTS** Defendant's alternative request for a stay [Doc. 9] and **STAYS** this case, until the Eleventh Circuit Court of

Appeals resolves <u>C.V. v. Dudek</u> or the United States in <u>Dudek</u> dismisses its appeal. Upon the happening of either of these events, the Court **DIRECTS** the parties within seven (7) days of the event, to file a notice on the docket in this case informing the Court of the status of the appeal. Finally, the Court notes that nothing in this stay is intended to prevent the parties from amicably resolving their issues outside of Court.

**SO ORDERED**, this _11th_ day of August, 2017.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

4