**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-03088-ELR |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING SUPPLEMENTAL AUTHORITY

The United States, by and through undersigned counsel, hereby gives notice that on March 19, 2020, the Honorable Judge Brown of this Court issued an Order denying the State of Georgia's motion to dismiss in *Georgia Advocacy Office, et al. v. State of Georgia*, 1:17-cv-03999-MLB (N.D. Ga. Mar. 19, 2020). The Court's ruling in that matter addresses many of the same legal questions raised in the instant case.

Plaintiffs in *Georgia Advocacy Office* sued the State alleging, *inter alia*, that the State, in its administration of the Georgia Network for Educational and Therapeutic Support ("GNETS") Program, violates Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.* ("ADA"), by unnecessarily segregating students with emotional and behavioral disabilities within the GNETS Program,

where they are provided inferior educational opportunities. The State moved to dismiss the case, arguing, *inter alia,* that: (1) the State does not administer the GNETS Program; (2) Plaintiffs failed to state a claim under *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999); and (3) the relief Plaintiffs seek amounts to an impermissible "obey the law" injunction. Judge Brown denied the State's motion in its entirety, finding, *inter alia,* that: (1) Plaintiffs sufficiently alleged that the State administers the GNETS Program; (2) Plaintiffs have properly asserted an *Olmstead* claim by alleging that qualified professionals, and not necessarily state treatment professionals, determined GNETS students could be educated in a more integrated setting and that GNETS students consent to the more integrated setting; and (3) the relief sought is not merely an "obey the law" injunction, but rather specific remedial measures to address ongoing injury caused by the manner in which the State, through GNETS, serves students with emotional and behavioral disabilities.

A copy of the Court's opinion is attached to this Notice of Filing.

**Respectfully submitted,**

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

Shaheena A. Simons, Chief
Renee M. Wohlenhaus, Deputy Chief
Andrea E. Hamilton, Trial Attorney
Victoria M. Lill, Trial Attorney

Byung J. Pak
United States Attorney for the
Northern District of Georgia


*/s/ Aileen Bell Hughes*
Aileen Bell Hughes
GA Bar Number: 375505

2

Laura C. Tayloe, Trial Attorney
Michelle L. Tucker, Trial Attorney
Educational Opportunities Section


/s/ *Andrea E. Hamilton*
Andrea E. Hamilton
United States Department of Justice
Civil Rights Division
Educational Opportunities Section
4 Constitution Square, 150 M Street NE
Washington, D.C. 20002
(202) 514-4092
andrea.hamilton@usdoj.gov

Assistant United States Attorney
United States Department of Justice
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Suite 600
Atlanta, GA 30303-3309
(404) 581-6000
aileen.bell.hughes@usdoj.gov


March 24, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing Notice of Filing of Supplemental Authority with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 24th day of March, 2020.

/s/ *Aileen Bell Hughes*
AILEEN BELL HUGHES
ASSISTANT U.S. ATTORNEY