**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1:16-CV-03088-ELR |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

Defendant State of Georgia (the "State") answers the Complaint

[Doc. No. 1] of Plaintiff United States of America ("Plaintiff") as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's requested relief is barred by the doctrine of illegality.  Plaintiff

requests relief that would require the State to violate federal law, including the

Individuals with Disabilities Education Act ("IDEA").  IDEA requires an

individualized determination for each qualified student not only as to his or her

special education and related services, but also the environment in which the

special education and related services are delivered. *See, e.g.*, 20 U.S.C. § 1400 *et seq.*; 34 CFR §§ 300.149 – 300.150, 300.608; Ga. Comp. R. & Regs. 160-4-7-.15.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's requested relief would require the State to violate the state constitutional limitation on State action (versus decisions of local governments).

## FOURTH AFFIRMATIVE DEFENSE

The State has not violated any statute with regards to the conduct alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the State are barred by the Eleventh Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

The State has not caused Plaintiff's alleged harm(s).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege the prima facie elements of actionable discrimination under *Olmstead v. L.C.*, 527 U.S. 581 (1999).

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims based on alleged facts as they existed on or before July 15, 2015 have been rendered moot.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff lacks standing to bring the claims alleged in its Complaint.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

The State denies every allegation not specifically admitted herein.

<u>ANSWERS TO NUMBERED ALLEGATIONS</u>

1.

This paragraph of the Complaint states alleged factual assumptions and related conclusions of law.  The State denies the alleged factual assumptions.  No response is required to the conclusions of law.

2.

The July 15, 2015 Letter of Findings speaks for itself and does not state alleged facts regarding current GNETS services or any GNETS service as they existed after July 15, 2015.  To the extent an answer is required, the State denies the allegations contained in this paragraph.

3.

The State admits that, depending on the individual student and his or her IEP team's recommendations, mental health and therapeutic educational services and supports, such as Functional Behavioral Assessments, Behavioral Intervention Plans, and individualized positive behavioral supports, may (not can) be provided in integrated settings, including general education classrooms in an individual student's zoned school.  The State denies that the law allows any entity to determine the services or the setting in which students with disabilities as a group can be served adequately.  Except as thus stated, the State denies the allegations contained in this paragraph.

4.

The State denies the allegations contained in this paragraph.

5.

The State denies the allegations contained in this paragraph.

6.

The State denies the allegations contained in this paragraph.

7.

The State denies the allegations contained in this paragraph.

8.

The State denies the allegations contained in this paragraph.

9.

The State cannot answer why a prior federal administration brought this lawsuit.  The State is without sufficient information to admit or deny the allegations contained in this paragraph.  To the extent an answer is required, the State denies the allegations in this paragraph.

10.

The State denies this Court has jurisdiction to decide this case.

11.

The State admits that venue is proper.

12.

The State cannot answer why a prior federal administration brought this lawsuit.  The State is without sufficient information to admit or deny the allegations contained in this paragraph.  To the extent an answer is required, the State denies the allegations in this paragraph.

13.

The ADA speaks for itself.  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

14.

The State answers paragraph 14 of the Complaint by stating that it allocates grants to GNETS fiscal agents.  Except as thus stated, the State denies the allegations contained in this paragraph.

15.

The ADA and *Olmstead v. L.C.*, 527 U.S. 581, 600 (1999), speak for themselves.  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  The State denies the allegations that purport to interpret *Olmstead* or the ADA.  To the extent an answer is required, the State denies the allegations in this paragraph.

16.

The ADA speaks for itself.  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  The State denies the allegations that purport to interpret the ADA.  To the extent an answer is required, the State denies the allegations in this paragraph.

17.

The ADA speaks for itself.  The State denies the allegations that purport to interpret the ADA.  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

18.

The ADA speaks for itself.  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

19.

The federal regulations speak for themselves.  The State denies the allegations that purport to interpret the regulations.  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

20.

The federal regulations speak for themselves.  The State denies the allegations that purport to interpret the regulations.  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

21.

*Olmstead* speaks for itself.  The State denies the allegations that purport to interpret *Olmstead.*  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

22.

The State denies that the alleged criteria comprise all the criteria that determine whether a public entity is required to provide community-based services.  The State denies that the Title II regulations comprise all law relevant to the claims alleged.  The State further answers that *Olmstead* and the federal regulations speak for themselves.  The State denies the allegations that purport to interpret *Olmstead* or the regulations.  Additionally, this paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

23.

The State answers this paragraph by stating that the duties, obligations, and limitations imposed on the Georgia Department of Education are set forth in law, which speaks for itself.  The State denies the allegations that purport to interpret State law.  This paragraph states conclusions of law for which no response is

required.  To the extent an answer is required, the State denies the allegations in this paragraph.

24.

The State denies that allegations stated in this paragraph.

25.

The relevant State Rules have changed since Plaintiff filed the Complaint, the Rules speak for themselves, as does the former "GNETS Operations Manual." The State denies the remaining allegations not admitted.

26.

The State denies the allegations contained in this paragraph.

27.

The State answers this paragraph by stating that the obligations and responsibilities of the Georgia Department of Community Health are set forth in law, which speaks for itself.  This paragraph states a conclusion of law for which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

28.

The State answers this paragraph by stating that the obligations and responsibilities of the Georgia Department of Behavioral Health and

Developmental Disabilities (DBHDD) are set forth in law, which speaks for itself. The State further answers this paragraph by stating that the DBHDD website speaks for itself. This paragraph states a legal conclusion for which no response is required. To the extent an answer is required, the State denies the allegations in this paragraph.

29.

The State denies the allegations contained in this paragraph as the State does not serve any students receiving GNETS services. Additionally, the State cannot admit or deny what it may have "reported" because the allegation is ambiguous as to what form any alleged report was made. To the extent any further response is required, it is denied.

30.

The former "GNETS Operations Manual" speaks for itself. The State cannot admit or deny the allegations regarding "State data" because the term is unclear. To the extent an answer is required, the State denies the allegations in this paragraph.

31.

The GNETS Program Directory FY16 speaks for itself. To the extent an answer is required, it is denied.

32.

The State cannot admit or deny the allegations regarding "State data" because the term is unclear. To the extent an answer is required, the State denies the allegations in this paragraph.

33.

HB 751 FY 2016-17 speaks for itself. To the extent an answer is required, the State denies the allegations in this paragraph.

34.

The State admits that some local school districts combine resources as they in their sole discretion through local IEP teams determine whether and when to provide GNETS services to their respective students. The State denies the remaining allegations contained in this paragraph.

35.

The State denies the allegations stated in this paragraph to the extent that the allegations are regarding purported facts as they existed in 2016. Except as thus stated, the State denies the allegations contained in this paragraph.

36.

The State denies the allegations contained in this paragraph.

37.

The State cannot admit or deny the allegations in this paragraph because they pertain to "students with behavior-related disabilities" as a group, and the type of and setting in which mental health and therapeutic educational services and supports are provided must be made on a per-student, individualized basis.  Except as thus stated, the State denies the allegations contained in this paragraph.

38.

The State denies the allegations contained in this paragraph.

39.

The State denies the allegations contained in this paragraph.

40.

The State denies the allegations contained in this paragraph.

41.

The State denies the allegations contained in this paragraph.

42.

The State denies the allegations contained in this paragraph.

43.

The relevant State Rules have changed since Plaintiff filed the Complaint, and the Rules speak for themselves. The State denies the allegations contained in this paragraph, which also appear to be based on dated criteria.

44.

The State denies the allegations contained in this paragraph.

45.

The State cannot admit or deny the factual allegations in this paragraph to the extent that they are couched in undefined terms, such as "integrated educational settings." The State further answers by denying that it decides which students receive GNETS services, where they receive them, and how long such services are needed. Except as thus stated, the State denies any remaining allegations in this paragraph.

46.

The State is without sufficient information to admit or deny the allegations contained in this paragraph. To the extent an answer is required, the State denies the allegations in this paragraph.

47.

The State denies the allegations contained in this paragraph.

48.

The State denies the allegations contained in this paragraph.

49.

The State denies the allegations contained in this paragraph.

50.

The State admits it required students receiving services at nine facilities to be transitioned out of the sites pursuant to its general authority due to the locations being unsafe and having unhealthful conditions. The State denies the remaining allegations contained in this paragraph.

51.

The State denies the allegations contained in this paragraph.

52.

The State admits GNETS is intended to provide the comprehensive educational and therapeutic support services necessary to provide FAPE to students. The State denies the remaining allegations contained in this paragraph.

53.

The State admits that, on an individualized, per-student basis, mental health and therapeutic educational services and supports facilitate identification of some characteristics of behavioral disorder. The State lacks sufficient information or

knowledge to enable it to either admit or deny the specific allegations contained in this paragraph.  To the extent an answer is required, the State denies the allegations in this paragraph.

54.

The State admits that, on an individualized, per-student basis, one, several, or all the services and supports alleged in this paragraph are included in the mental health and therapeutic educational services received.  The State cannot admit or deny whether EPSDT "generally" authorizes reimbursement for the alleged services because "generally" is undefined.  The State denies any remaining allegations in this paragraph.

55.

The State denies that GNETS settings are unlawfully segregated.  The State answers further that depending on the individual student and his or her IEP team's recommendations, he or she may be adequately served in a setting that facilitates interaction with non-disabled peers.  Except as thus stated, the State denies the allegations contained in this paragraph.

56.

The State denies the allegations contained in this paragraph.

57.

This paragraph states conclusions of law for which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

58.

This State denies the allegations in this paragraph.

59.

The Medicaid Act speaks for itself.  The State denies the allegations that purport to interpret the Medicaid Act.  To the extent an answer is required, the State denies the allegations in this paragraph.

60.

The audit by the Georgia Department of Audits and Accounts speaks for itself.  To the extent an answer is required, the State denies the allegations in this paragraph.

61.

The State denies the allegations contained in this paragraph.

62.

The July 15, 2015 letter from the United States to Governor Nathan Deal and Georgia Attorney General Sam Olens speaks for itself.  To the extent an answer is required, the State denies the allegations in this paragraph.

63.

The State admits it engaged in good-faith efforts to resolve the matters underlying this dispute, cannot admit or deny why the United States determined not to resolve this dispute, and otherwise denies the allegations in this paragraph.

64.

The State is without sufficient information to admit or deny the allegations contained in this paragraph.  To the extent an answer is required, the State denies the allegations in this paragraph.

65.

The State incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

66.

This paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

67.

This paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

68.

This paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

69.

This paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

70.

The State denies the allegations contained in this paragraph.

71.

The State is without sufficient information to admit or deny the allegation as to whether students "do not oppose [GNETS] placement."  To the extent an answer is required, the State denies the allegations in this paragraph.

72.

This paragraph of the Complaint states conclusions of law to which no response is required.  To the extent an answer is required, the State denies the allegations in this paragraph.

<u>RESPONSE TO PRAYER FOR RELIEF</u>

The State denies that Plaintiff is entitled to any relief it seeks from the State.

This 11th day of June, 2020.

|  |  |
|---|---|
|  | <u>*/s/ Alexa R. Ross*</u> |
|  | Alexa R. Ross |
| Christopher M. Carr | Georgia Bar No. 614986 |
| Attorney General | aross@robbinsfirm.com |
| Georgia Bar No. 112505 | Josh Belinfante |
|  | Georgia Bar No. 047399 |
| Russell D. Willard | jbelinfante@robbinsfirm.com |
| Senior Assistant Attorney General | Joseph H. Saul |
| Georgia Bar No. 760280 | Georgia Bar No. 432592 |
|  | jsaul@robbinsfirm.com |
| Jennifer Colangelo | Melanie Johnson |
| Senior Assistant Attorney General | Georgia Bar No. 466756 |
| Georgia Bar No. 521320 | mjohnson@robbinsfirm.com |
|  |  |
|  | Special Assistant Attorney General |
| State Law Department |  |
| 40 Capitol Square, S.W. | Robbins Ross Alloy Belinfante Littlefield LLC |
| Atlanta, Georgia 30334 | 500 14th Street NW |
| Telephone: (404) 656-3357 | Atlanta, GA 30318 |
|  | Telephone: (678) 701-9381 |
|  |  |
|  | *Attorneys for Defendants* |

## **L.R. 7.1(D) CERTIFICATION**

I certify that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).  Specifically, this brief has been prepared using 14-pt. Times New Roman Font.


*/s/ Alexa Ross*
Alexa R. Ross

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing

**DEFENDANT'S ANSWER** with the Clerk of Court using the CM/ECF system,

which automatically send counsel of record e-mail notification of such filing.

This 11th day of June, 2020.

*/s/ Alexa Ross*
Alexa R. Ross