Defendant's Jurisdictional Statement

Department of Justice Standing: The Court must determine whether Plaintiff, the Department of Justice ("DOJ"), has standing to bring a lawsuit under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq*. ("ADA"). This issue is pending in the Eleventh Circuit Court of Appeals. The Eleventh Circuit has ruled on this issue (in September 2019) and there is currently a request for an en banc rehearing on this same issue pending. United States v. Florida, No. 17-13595 (11th Cir.).

Eleventh Amendment: The Eleventh Amendment to the United States Constitution blocks Plaintiff from suing the State of Georgia under the allegations contained in Plaintiff's complaint. The Supreme Court has held that "federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 236 (1984) (citing *Railroad Comm'n of Tx. v. Pullman*, 312 U.S. 496 (1941). Here, Plaintiff is requesting this Court to determine if the State is misapplying its own State statutes.

State as Non-Actor: The allegations asserted by DOJ are not traceable to the State. No State action has caused DOJ's alleged injuries. "Article III standing requires that the plaintiff's injury be 'fairly traceable' to the defendant's actions

and redressable by relief against *that* defendant." *Jacobson v. Florida Secretary of State*, 957 F.3d 1193, 1210 (11th Cir. 2020) (emphasis in original).