**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-03088- |
| | ) | ELR |
| STATE OF GEORGIA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATES' INITIAL DISCLOSURES**

Plaintiff the United States of America, by and through the United States Attorney for the Northern District of Georgia, hereby makes the following initial disclosures in accordance with Federal Rule of Civil Procedure Rule 26(a)(1) and Local Rule 26.1.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This civil action is brought by the United States under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, to remedy discrimination by the State of Georgia against thousands of public school students with behavior-related disabilities. The State unnecessarily segregates these students, or places them at serious risk of such segregation, in a separate and unequal educational program known as the Georgia Network for Educational and Therapeutic Support Program (the "GNETS Program"), which is financed, operated, and administered by the State. The State's administration of the GNETS Program violates Title II of the ADA, which prohibits unnecessary segregation of persons with disabilities in state programs, services, or activities. Title II mandates that public entities "administer services, programs, or activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d); s*ee also* 42 U.S.C. § 12132; *Olmstead v. L.C.*, 527 U.S. 581 (1999). The State also violates the ADA by providing unequal educational opportunities to students in the GNETS Program. *See* 42 U.S.C. § 12132; 28 C.F.R. § 35.130. The State can avoid this discrimination through reasonable modification of its system of providing services for students with behavior-related disabilities. *See* 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7).

2

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

- Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*;

- Regulations implementing Title II of the ADA, 28 C.F.R. Part 35;

- *Olmstead v. L.C.*, 527 U.S. 581 (1999);

- *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743 (2017);

- *J.S. v Houston Cty. Bd. of Educ.*, 877 F.3d 979 (11th Cir. 2017);

- Ga. Const. Art. 8, §1; § 5, ¶ VII(a);

- Ga. Code §§ 20-2-152, 20-2-270.1.

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

*See* Attachment A.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

The United States has not yet determined which experts it will use at trial. The United States will disclose to the State of Georgia the identity of any witnesses whom the United States decides to use at trial in the manner designated by Rule 26(a)(2) of the Federal Rules of Civil Procedure, applicable Local Rules, and any scheduling order entered by this Court.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by**

category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

The United States does not seek damages in this action.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

The United States has no such insurance agreement.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

There is no person or entity with such a subrogation interest in the United States' cause of action.

The United States reserves the right to supplement, amend, or correct all parts of this disclosure statement.  The United States also reserves all objections to the admissibility of any information provided, including objections with respect to relevance or materiality.

Dated:  June 18, 2020

Respectfully submitted:

BYUNG J. PAK
United States Attorney
Northern District of Georgia


/s/ *Aileen Bell Hughes*
AILEEN BELL HUGHES
GA Bar Number: 375505
Assistant United States Attorney
United States Department of Justice
Richard B. Russell Federal Building
75 Ted Turner Dr. SW
Suite 600
Atlanta, GA 30303-3309
(404) 581.6000
aileen.bell.hughes@usdoj.gov

ERIC S. DREIBAND
Assistant Attorney General

GREGORY B. FRIEL
Deputy Assistant Attorney General

SHAHEENA A. SIMONS
Chief
Educational Opportunities Section

RENEE M.WOHLENHAUS
Deputy Chief
Educational Opportunities Section


ANDREA E. HAMILTON
VICTORIA M. LILL
LAURA C. TAYLOE
MICHELLE L. TUCKER
Trial Attorneys
United States Department of Justice
Civil Rights Division


/s/ *Andrea E. Hamilton*
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-4092
andrea.hamilton@usdoj.gov

7

**Attachment A**

**Plaintiff's Witness List**

1.   Present and former GNETS students, including but not limited to students identified in the State's dataset provided on January 22, 2016 in response to the United States' electronic request for information dated December 3, 2015. Among other topics, these individuals are likely to have discoverable information, and may testify, about facts in the Complaint, including their experiences in the GNETS Program.

2.   Parents of present and former GNETS students, as defined above.  Among other topics, these individuals are likely to have discoverable information, and may testify, about facts in the Complaint, including their experiences with the GNETS Program.

3.   Present and former students at risk of placement in the GNETS Program. Among other topics, these individuals are likely to have discoverable information, and may testify, about their experiences related to the risk of placement in the GNETS Program or the risk of returning to the GNETS Program.

4.   Parents of present and former students at risk of placement in the GNETS Program, as defined above.  Among other topics, these individuals are likely to have discoverable information, and may testify, about their experiences

related to their child's risk of placement in the GNETS Program or risk of returning to the GNETS Program.

5.    Present and former non-GNETS students who attended Georgia public schools.  Among other topics, these individuals are likely to have discoverable information, and may testify, about the educational opportunities available to them in general education or virtual settings.

6.    Parents of present and former non-GNETS students, as defined above. Among other topics, these individuals are likely to have discoverable information, and may testify, about the educational opportunities available to their children in general education or virtual settings.

7.    Richard Woods, Superintendent of the Georgia Department of Education ("GaDOE").  Among other topics, Superintendent Woods is likely to have discoverable information about the State's regulation, funding, supervision, and/or operation of the GNETS Program.

8.    Matt Jones, Chief of Staff to the GaDOE Superintendent.  Among other topics, Jones is likely to have discoverable information about the State's regulation, funding, supervision, and/or operation of the GNETS Program.

9.    Ted Beck, GaDOE Chief Financial Officer of Finance and Business Operations.  Among other topics, Beck is likely to have discoverable

information about the funding for state schools, including the GNETS Program.

10. Deborah Gay, former GaDOE Deputy Superintendent for Federal Programs and former GaDOE Director of Exceptional Services. Among other topics, Gay is likely to have discoverable information about State services for students with disabilities, including those provided in the GNETS Program.

11. Shaun Owen, GaDOE Deputy Superintendent for Federal Programs. Among other topics, Owen is likely to have discoverable information about State services for students with disabilities, including those provided in the GNETS Program.

12. Zelphine Smith-Dixon, GaDOE Director of Special Education Services and Supports/Multi-Tiered System of Supports for Students ("MTSS"). Among other topics, Smith-Dixon is likely to have discoverable information about State services for students with disabilities, including those provided in the GNETS Program.

13. Arveeta Turner, GaDOE Director of Human Resources. Among other topics, Turner is likely to have discoverable information about the hiring process, qualifications, and professional learning requirements of federal programs and MTSS staff providing State services for students with disabilities, including those provided in the GNETS Program.

14. Allison Timberlake, GaDOE Deputy Superintendent for Assessment and Accountability.  Among other topics, Timberlake is likely to have discoverable information about the relationship between State and Local Education Agencies with respect to State services for students with disabilities, including those provided in the GNETS Program.

15. Paula Swartzberg, GaDOE Director of Accountability.  Among other topics, Swartzberg is likely to have discoverable information about the relationship between State and Local Education Agencies with respect to State services for students with disabilities, including those provided in the GNETS Program.

16. Stephanie Johnson, GaDOE Deputy Superintendent for School Improvement. Among other topics, Johnson is likely to have discoverable information about the relationship between the State and Regional Education Service Agencies ("RESAs") with respect to State services for students with disabilities, including those provided in the GNETS Program.

17. Tiffany Taylor, GaDOE Deputy Superintendent for Policy, Flexibility, and External Affairs. Among other topics, Taylor is likely to have discoverable information about alternative educational options within the State (e.g., charter schools, homeschooling, and Residential Treatment Facilities), the work of the Whole Child Committee, and the relationship between the State

and RESAs with respect to State services for students with disabilities, including those provided in the GNETS Program.

18. Garry McGiboney, GaDOE Deputy Superintendent of the Office of School Safety and Climate and former GaDOE Deputy Superintendent of Policy. Among other topics, McGiboney is likely to have discoverable information about State services for students with disabilities, including those provided in the GNETS Program.

19. Ashley Harris, GaDOE Deputy Superintendent of Whole Child Supports and Strategic Partnerships. Among other topics, Harris is likely to have discoverable information about State services for students with disabilities, including those provided in the GNETS Program.

20. Ginny O'Connell, GaDOE State Coordinator of Positive Behavioral Interventions and Support ("PBIS"). Among other topics, O'Connell is likely to have discoverable information about State services and appropriate discipline, placement protocols, and behavior supports and services for students with disabilities, including those provided in the GNETS Program.

21. Jason Byars, GaDOE Manager of PBIS School Climate Program. Among other topics, Byars is likely to have discoverable information about State services and appropriate discipline, placement protocols, and behavior

supports and services for students with disabilities, including those provided in the GNETS Program.

22. Teresa MacCartney, Georgia Governor's Office, Director of Planning and Budget.  Among other topics, MacCartney is likely to have discoverable information about the funding, budget, and appropriations for state schools, including the GNETS Program.

23. Georgia Department of Audits and Accounts personnel involved in the 2010 GNETS audit and any subsequent audits of the GNETS Program.  Among other topics, these individuals are likely to have discoverable information about the GNETS Program's budget and financial operations, assessments of student outcomes, and formulations of recommendations for improvements in the GNETS Program.

24. Clyde Reese, former Commissioner of the Georgia Department of Community Health ("DCH").  Among other topics, Reese is likely to have discoverable information about Early and Periodic Screening, Diagnostic, and Testing ("EPSDT") and waiver programs under Medicaid and about State mental health and behavior-related services for students with disabilities, including those provided in the GNETS Program.

25. Frank Berry, Commissioner of DCH and former Commissioner of the Department of Behavioral Health and Developmental Disabilities

("DBHDD").  Among other topics, Berry is likely to have discoverable

information about EPSDT and waiver programs under Medicaid and about

State mental health and behavior-related services for students with disabilities,

including those provided in the GNETS Program.

26. Robyn Crittenden, Commissioner of the Georgia Department of Human

Services ("DHS").  Among other topics, Crittenden is likely to have

discoverable information about State services for students with disabilities,

including those provided in the GNETS Program.

27. Tom Rawlings, DHS Director of the Division of Family and Children Services

("DFCS").  Among other topics, Rawlings is likely to have discoverable

information about State services for students with disabilities, including those

provided in the GNETS Program.

28. Georgia Department of Administrative Services, Human Resources

Administration personnel involved in hiring, contracting, certification, and

supervision of providers of services for students with disabilities.  Among

other topics, these individuals are likely to have discoverable information

about services for students with disabilities, including those provided in the

GNETS Program.

29. Judy Fitzgerald, Commissioner of the DBHDD.  Among other topics,

Fitzgerald is likely to have discoverable information about EPSDT and waiver

programs under Medicaid and about State services for students with disabilities, including those provided in the GNETS Program.

30. Monica Johnson, DBHDD Director of the Division of Behavioral Health. Among other topics, Johnson is likely to have discoverable information about State services for students with disabilities, including those provided in the GNETS Program.

31. Melissa Sperbeck, DBHDD Director of the Division of Performance Management and Quality Improvement. Among other topics, Sperbeck is likely to have discoverable information about State oversight of services for students with disabilities, including those provided in the GNETS Program.

32. Mary Price, DBHDD Chief Financial Officer. Among other topics, Price is likely to have discoverable information about the State budget(s) and finances relating to services provided to students with disabilities, including those provided in the GNETS Program.

33. Nakeba Rahming, GaDOE Deputy Superintendent for Federal Programs and former GaDOE GNETS Director. Among other topics, Rahming is likely to have discoverable information about the provision of services to students with behavioral disabilities in the GNETS Program and the State's role in the provision of those services.

34. Vickie Cleveland, GaDOE GNETS Program Manager.  Among other topics, Cleveland is likely to have discoverable information about the provision of services to students with behavioral disabilities in the GNETS Program and the State's role in the provision of those services.

35. Directors and Managers of regional GNETS programs, RESAs, and/or Fiscal Agents.  Among other topics, these individuals are likely to have discoverable information about GNETS Program regulations and operations as well as the budgets and finances of regional GNETS programs.

36. All GNETS Program Directors listed in the GNETS FY20 Directory.  Among other topics, these individuals are likely to have discoverable information about the provision of services to students with behavioral disabilities in the GNETS Program.

37. State and/or GNETS personnel, including administrators, who attend student Individualized Education Program ("IEP") meetings.  Among other topics, these individuals are likely to have discoverable information about student placement determinations, including the assessment of services provided to students prior to enrollment in the GNETS Program.

38. Current and former teachers, paraprofessionals, counselors, and mental health and behavioral service providers in the GNETS Program.  Among other topics, these individuals are likely to have discoverable information about the

provision of educational and mental health and behavioral services to students with behavioral disabilities in the GNETS Program.

39. Current and former teachers, paraprofessionals, counselors, and mental health and behavioral service providers in general education settings.  Among other topics, these individuals are likely to have discoverable information about the provision of educational and mental health and behavioral services to students with and without behavioral disabilities in general education settings and elsewhere outside of the GNETS Program.

40. Third-party mental health and behavioral service providers who provide professional services to students, whether within or outside of the GNETS Program.  Among other topics, these individuals are likely to have discoverable information about the provision of services to students with behavioral disabilities within and outside of the GNETS Program.

**Attachment C**

**Plaintiff's Documents**

The following is a description, by category, of all documents, electronically stored information ("ESI"), and tangible things in the United States' possession, custody, or control which the United States may use to support its claims.  Unless otherwise noted, all documents, ESI, and tangible things in the United States' possession, custody, or control are stored in the offices of the United States Department of Justice in Washington, DC, or in the offices of the United States Attorney for the Northern District of Georgia.

1.  Letter from Principal Deputy Assistant Attorney General ("PDAAG") Vanita Gupta to Governor Nathan Deal and Attorney General Sam Olens, dated July 15, 2015 ("Letter of Findings"), and reports cited therein

2.  State of Georgia letter from Josh Belinfante to PDAAG Vanita Gupta, Department of Justice, dated January 22, 2016

3.  State of Georgia letter from Josh Belinfante to PDAAG Vanita Gupta, Department of Justice, dated July 21, 2016

4.  Letter from PDAAG Vanita Gupta to Governor Nathan Deal and Attorney General Sam Olens, dated August 15, 2016 ("Notice Letter")

5.  GaDOE, GNETS Operations Manual, dated January 2014

**6.** Various GNETS Program Rules, Directories, Maps, and FAQs, beginning in 2012

**7.** Georgia Department of Audits and Accounts, Performance Audit Operations, Performance Audit 09-21, dated October 2010 ("State audit")

**8.** All documents and information provided by the State, including but not limited to those provided by GaDOE, DCH, Georgia Department of Juvenile Justice, and DFCS, to the United States in response to the United States' Requests for Information dated June 20, 2012; November 29, 2012; March 11, 2013; November 13, 2013; November 14, 2013; March 31, 2014; and December 3, 2015

**9.** All documents and information provided by individual school districts and GNETS regional programs in response to Requests for Information from the United States sent between December 2012 and November 2013

**10.** Various GNETS Strategic Plan(s), issued by the Superintendent of GaDOE, beginning in May 2011

**11.** Final Report of the House Study Committee on Children's Mental Health (2015) by the State of Georgia's Children's Mental Health Study Committee, and related public hearing PowerPoint presentations, dated September 10 to November 18, 2015

**12.** PBIS of Georgia Strategic Plan 2014-2024, issued by GaDOE

13. State of Georgia, Education Reform Commission, Recommendations from Sub-Committee to Full Commission, dated November 2015

14. State Budget/Funding documents, including Georgia House of Representatives Appropriations Bills, for fiscal year 2011-12 through the present

## **L.R. 7.1(D) CERTIFICATION**

I certify that the Initial Disclosures have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this document has been prepared using 14-pt Times New Roman Font.

This 18th day of June, 2020.

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
ASSISTANT U.S. ATTORNEY

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing Initial Disclosures with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 18th day of June, 2020.

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
ASSISTANT U.S. ATTORNEY