UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-03088-ELR |
| ) | |
| STATE OF GEORGIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PROTECTIVE ORDER**

In order to protect records containing health information or other personally identifiable information relating to students with disabilities who are or may become involved in this action, the Court orders the Parties to adhere to the following terms and conditions with regard to the use, treatment, disclosure, and maintenance of Confidential Information as defined below.

1. "Confidential Information" is health information or other records containing personally identifiable information relating to students with disabilities who have received, currently receive, or will receive mental health and therapeutic educational services in the State of Georgia. Confidential Information includes:

a. Full names and names of relatives, household members, and minor children;

b. Home addresses, telephone numbers, fax numbers, email addresses, IP addresses, and device numbers or serial codes;

c. Social Security Numbers;

d. Birthdates (other than the year of birth);

e. Photographs, electronic, or other visual images of the individuals' faces;

f. Health plan beneficiary numbers and biometric identifiers;

g. Medical records, treatment and diagnosis;

h. Drivers license numbers, vehicle identification numbers, and license plate numbers;

i. Employment records, certificate or license numbers, financial records, and account numbers;

j. Educational records; and

k. Any other personally identifiable information not listed above that is protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

2. All documents, tangible things, and electronically-stored information ("ESI"), including any portions of deposition testimony or other testimony by a witness, that contain Confidential Information shall be treated and maintained in a manner that prevents access by any person or entity not entitled to access under this Protective Order. Confidential Information may be disclosed only to the following persons:

    a. Counsel of the Parties, including staff who are engaged in assisting counsel in this action;

    b. Any independent outside expert, consultant, or investigator, and employees and assistants under the control of such expert, consultant, or investigator, who is employed or engaged by Counsel in this litigation, whether or not such individual is paid directly by the Party;

    c. Any employee of a Party who is requested by Counsel for such Party to work directly on the above-entitled action;

    d. Any deposition or trial witness;

    e. Any person who authored or originally received the protected documents, tangible things, or ESI that contain Confidential Information sought to be disclosed to that person;

   f. Any court reporter or typist recording or transcribing testimony; and

   g. Any person designated by the Court in the interests of justice, upon such terms as the Court deems proper.

  3. Subject to the Federal Rules of Evidence and this Protective Order, the Parties shall produce Confidential Information in an unredacted form to another Party in this lawsuit in response to a discovery request. To designate documents, tangible things, or ESI containing Confidential Information covered by this Protective Order, the producing party shall include, on the material itself, in an accompanying cover letter, or on a compact disk cover, the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." With regard to testimony, a party may designate portions of the record confidential by notifying the other party on the record at the deposition or in writing thereafter. However, the failure to designate Confidential Information as provided in this paragraph shall not constitute a waiver of the assertion that the Information is covered by this Protective Order.

  4. Prior to producing any records (documents in any form) that contain personally identifiable information protected by FERPA, Defendant will comply with 34 C.F.R. § 99.31 and any other statute or regulation that at the time of

production is applicable to education records ("applicable law"). Plaintiff must provide Defendant reasonable time to comply with applicable law prior to production. The Parties will in good faith cooperate regarding what constitutes a "reasonable time," considering the nature, volume, location, and other factors affecting record production.

5. All parties receiving documents, tangible things, or ESI with Confidential Information may use such designated documents, tangible things, or ESI only for purposes of the above-captioned litigation and may disclose them to non-parties to this litigation only as specified within this Order.

6. The Parties may not use or disclose Confidential Information in a pleading, filing, hearing, trial, or other proceeding in this action without either redacting or otherwise obscuring the Confidential Information, or filing an application with the Court requesting that the documents, tangible things, or ESI containing Confidential Information be filed under seal, pursuant to the "Instructions for Cases Assigned to the Honorable Eleanor L. Ross," or obtaining consent from the individual (or individual's legal guardian) whose Confidential Information is at issue. In place of an individual's name, the Parties may substitute initials, a pseudonym, or other code.

7.  Where the Confidential Information is an integral part of a document, tangible thing, or ESI, and obscuring or destroying the Confidential Information impairs the utility of the document, tangible thing, or ESI, the Parties shall file an application with the Court requesting that the document, tangible thing, or ESI be filed under seal, pursuant to the "Instructions for Cases Assigned to the Honorable Eleanor L. Ross," or obtain written consent to file without redaction from the individual (or individual's legal guardian) whose Confidential Information will be disclosed.

8.  No Confidential Information obtained during the course of this litigation or included in any court document or proceeding shall be further disclosed by any Party or third party, unless the Court orders otherwise.

9.  Nothing in this Protective Order shall prohibit counsel for the United States or other Department of Justice officials from disclosing Confidential Information to other United States government officials, or their agents, as necessary to carry out law enforcement responsibilities.

9.  In the event of a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the Georgia Open Records Act ("GORA"), O.C.G.A. § 50-18-70 *et seq.*, for documents, tangible things, or ESI containing Confidential Information from this action, the Court further intends that this Protective Order

will protect the records from access via FOIA and GORA until such time as the Court issues a subsequent order permitting disclosure or this matter is dismissed and there is no basis for any subsequent appeals in the action.

10. Documents, tangible things, or ESI containing Confidential Information shall not be disclosed to persons in paragraph 2.a-e until such persons have been provided with a copy of this Protective Order. Confidential Information provided pursuant to this Order shall not be used for purposes unrelated to this action except as described in paragraph 9.

11. Any Party may apply for relief from, enforcement of, or modification of this Order or for additional protective orders. The Parties may also mutually agree to seek modification of the Protective Order.

12. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by order of this Court, or terminated by mutual consent of the Parties, without regard to the conclusion of this litigation or any subsequent appeals. Documents containing any Confidential Information in the possession of the Parties or any person described in 2.a-d, including all copies, must be destroyed when this litigation and all subsequent appeals conclude, pursuant to 45 C.F.R. § 164.512(e)(1)(v).

## PROTECTIVE ORDER AGREEMENT

I have read the Protective Order issued by the United States District Court for the Northern District of Georgia in <u>United States v. Georgia</u>, 1:16-cv-03088-ELR. I understand the terms of the Order. I agree to be fully bound by the terms of the Order, and I submit to the jurisdiction of the United States District Court for the Northern District of Georgia for purposes of enforcing the Order.

By:_____          Date:_____


Printed Name:_____