IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   PLAINTIFF,<br><br>   v.<br><br>STATE OF GEORGIA,<br><br>   DEFENDANT. | Civil Action No.<br>1:16-cv-03088-ELR |

**JOINT MOTION FOR ENLARGEMENT OF TIME**

NOW COME the United States of America and the State of Georgia, by and through below counsel of record, and move this Court pursuant to Federal Rule of Civil Procedure 6(b) for an enlargement of time extending the fact discovery deadline to and including September 13, 2021. The grounds for this motion are more particularly set forth in the accompanying memorandum of law.

Dated: December 11, 2020.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES

*Assistant United States Attorney*
Georgia Bar No. 375505
Aileen.bell.hughes@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000   Fax (404) 581-6181


*/s/ Alexa R. Ross*
Alexa R. Ross
Georgia Bar No. 614986
aross@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Joseph H. Saul
Georgia Bar No. 432592
jsaul@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com

Special Assistant Attorney General

Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | Civil Action No. 1:16-cv-03088-ELR |
| v. | |
| STATE OF GEORGIA, | |
| DEFENDANT. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Federal Rule of Civil Procedure 6(b), the parties jointly request an extension of the discovery deadline set forth in the parties' Joint Preliminary Report and Discovery Plan (*see* ECF 68).

Rule 6(b) permits the Court broad discretion in granting enlargements of time made prior to the expiration of the time originally permitted to make the subject filing. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them."); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 859 (11th Cir. 1990) (discussing discretion afforded to district courts when ruling on requests for enlargements of time); *see also* Wright & Miller, Federal Practice and Procedure § 1165 (1987).

During the past five months, the parties have made substantial progress with fact discovery. The parties have conferred extensively, as stated more specifically below, regarding electronic discovery, search terms, record custodians, and other particulars. Counsel consistently have worked cooperatively to avoid discovery disputes.

For example, shortly after the discovery period opened in July, Plaintiff served its First Set of Interrogatories and First Request for Production of Documents (*see* ECF 74, 75), and Defendant served its written responses in August (*see* ECF 84, 85). In October, Defendant served its First Requests for Production of Documents (*see* ECF 89), and Plaintiff served its written response in November (*see* ECF 90). Given the vast amount of electronically stored information (ESI) at issue in this matter, the parties have had numerous discussions about search terms, custodians, and other e-discovery considerations to facilitate document production. The parties are currently working cooperatively to address discovery issues that have arisen. The parties also have begun locating documents that are responsive to the pending discovery requests.

The parties have operated in earnest to begin discovery. However, there is still a significant amount of fact discovery to complete before the parties can proceed with expert discovery. The pleadings thus far filed, and the parties'

information provided in the Joint Preliminary Report and Discovery Plan, state the elements of this matter that cause the parties to respectfully move for this enlargement of time.

Plaintiff alleges violations of the Americans with Disabilities Act by the state government, affecting delivery of educational services to students with disabilities statewide.  The State maintains that because Georgia's local school districts, through their IEP teams, determine whether a student requires GNETS program services and operate the GNETS programs, and no individual employed by the State is part of any GNETS program, the State cannot provide Plaintiff the relief it seeks.

As a result, this case involves a voluminous amount of ESI that is maintained in various databases and information systems by numerous custodians.  The parties need additional time to gather, produce, and review written discovery.  The parties also anticipate that they will need to conduct in-person site visits to school facilities throughout Georgia serving students with emotional and behavior-related disabilities in GNETS facilities and regular general education classrooms to gather additional evidence in the case.

After exchanging ESI and supplemental written discovery, the parties anticipate taking depositions of numerous witnesses.  The State anticipates that

3

the testimony of some or all of the superintendents and highest-ranking special education professionals in each of the 181 school districts, will be necessary. In addition, the testimony of the directors of the GNETS programs and others will be necessary. While the parties have not agreed the depositions of representatives of each school district are necessary, the parties do agree that the scope of discovery, including depositions as well as document production and site visits, will be broad.

COVID-19 has also created additional, unanticipated challenges for the parties, some of which remain to be seen. As the Court is aware, throughout this school year, many schools across Georgia have, at one time or another, operated virtually, or in some hybrid form involving only partial in-person attendance. These modifications, which are ongoing and have been in flux for many districts, have been taxing on school districts as well as on the Georgia Department of Education, making it unusually challenging for the State to gather certain material responsive to Plaintiff's written discovery requests. The United States is concerned about the additional burdens and risks caused by on-site investigations it anticipates performing. At this point, the parties have no way of reliably forecasting when it will be safe to proceed with in-person investigation. Indeed, on April 2, the Northern District of Georgia restricted its operations

under the exigent circumstances created by COVID-19. This order has been amended periodically since that time and as recently as December 9, 2020.

Although the parties are moving forward with discovery in this case, they also recognize that COVID-19 will continue to complicate the parties' joint efforts in discovery. For example, as noted earlier, the United States will need to conduct in-person site visits at GNETS facilities and local schools across Georgia. However, even assuming that some schools continue to offer in-person instruction, which is not guaranteed, the parties share a concern that in-person site visits with multiple experts and attorneys from both parties are unsafe at this time and may remain unsafe well into 2021. We anticipate that we will need flexibility regarding the timing of these visits in order to conduct them in a way that does not risk the health and safety of the parties, their experts, school personnel, or students.

While the availability of deponents at any given time is unknown, the parties are prepared to determine what components of discovery can be conducted remotely and effectively. For example, the parties anticipate conducting some remote depositions, as needed, so as to minimize unnecessarily discovery delays. Additionally, the parties will determine what other aspects of discovery can be done virtually.

The parties respectfully request a nine-month extension of time to complete fact discovery. Although much remains uncertain at this time, the parties optimistically anticipate that they will be able to safely conduct on-site visits, take depositions, and otherwise complete discovery by September 13, 2021. The parties share the Court's concern about minimizing any unnecessary delays in this case. For this reason, we believe that it would be beneficial to provide the Court with a timely update regarding the status of discovery, especially in light of the unique issues raised above. If the Court grants this Joint Extension of Time, we propose filing an updated status report with the Court in the next four months, detailing what discovery has occurred and identifying any outstanding issues that may impact the extended discovery period.

Based upon the above, the United States of America and the State of Georgia respectfully request an enlargement of time, through and including September 13, 2021, to complete fact discovery in this case.

For the Court's convenience, a proposed Order granting the enlargement of time is attached.

Respectfully submitted,

BYUNG J. PAK
  *United States Attorney*


/s/ *Aileen Bell Hughes*
AILEEN BELL HUGHES
*Assistant United States Attorney*
Georgia Bar No. 375505
Aileen.bell.hughes@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000   Fax (404) 581-6181

/s/ *Alexa R. Ross*
Alexa R. Ross
Georgia Bar No. 614986
aross@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Joseph H. Saul
Georgia Bar No. 432592
jsaul@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com

Special Assistant Attorney General

Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381

*Attorneys for Defendant*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>STATE OF GEORGIA,<br><br>DEFENDANT. | Civil Action No.<br><br>1:16-cv-03088-ELR |

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion and brief have been prepared using Book Antiqua, 13-point font.

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
*Assistant United States Attorney*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

STATE OF GEORGIA,

DEFENDANT.

Civil Action No.

1:16-cv-03088-ELR

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

December 11, 2020.

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
*Assistant United States Attorney*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No. |
| v. | 1:16-cv-03088-ELR |
| STATE OF GEORGIA, | |
| Defendant. | |

ORDER

Having read and considered the United States of America and the State of Georgia's Motion for Enlargement of Time to Extend the Fact Discovery Period and for good cause shown, it is hereby ORDERED that the United States of America and the State of Georgia shall be granted an extension of time to complete fact discovery through and including September 13, 2021.  The Court also ORDERS the parties to file a Joint Status Report by April 12, 2020.

So ordered this _____ day of _____, 202___.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

Presented By:
*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES

*Assistant United States Attorney*
Georgia Bar No. 375505

Consented to by:
*/s/ Alexa R. Ross*
Alexa R. Ross
Georgia Bar No. 614986
aross@robbinsfirm.com
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Joseph H. Saul
Georgia Bar No. 432592
jsaul@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com

Special Assistant Attorney General

Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381

*Attorneys for Defendant*