# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF GEORGIA ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:16-cv-03088-ELR |

## JOINT STATUS REPORT

NOW COME Plaintiff United States of America and Defendant State of Georgia ("State"), pursuant to the Court's December 15, 2020 Order [Doc. 93] granting the parties' joint motion for an enlargement of time [Doc. 92], and hereby file a joint status report outlining the discovery that has occurred and identifying outstanding issues that may impact the timeline for completing discovery. On December 11, 2020, the parties requested an extension of time to complete fact discovery due to the complexity of this case, which involves three State agencies and the Governor's office, as well as voluminous amounts of electronically stored information maintained in various systems and databases by numerous custodians. [*See* Doc. 92.] Although the parties had already begun serving written discovery

1

[*see* Docs. 74, 75, 84, 85, 89, 90] and conferring about document production, the parties anticipated needing additional time to fully gather, produce, and review written discovery [*see* Doc. 92]. The parties also informed the Court that additional time would be needed to schedule and conduct numerous depositions, and for the United States to ascertain when it would be safe to proceed with in-person visits to school facilities in Georgia in light of the health risks posed by the COVID-19 pandemic. [*Id.*] We appreciate the Court's willingness to extend the fact discovery deadline to September 13, 2021. [*See* Doc. 93.]

Since December 15, the parties have continued to work cooperatively and have made significant progress with fact discovery. In particular, the parties have conferred by email and by phone on several occasions to discuss and resolve matters related to electronic discovery, including the identification of priority custodians, the utilization of search terms, and the status and format of document productions. As described in more detail below, the parties have begun taking steps to keep the case moving forward, including but not limited to producing documents in response to written discovery requests previously exchanged, resolving various issues that have arisen as part of the parties' document review, and planning for future depositions. Notwithstanding the parties' significant progress, some of the issues previewed in the parties' joint motion for an

enlargement of time continue to present challenges that are likely to complicate the parties' completion of fact discovery by the current deadline.

**Steps Taken by the United States**

The United States continues to work diligently to respond to the State's written discovery requests. The State served the United States with its First Requests for Production of Documents ("Requests") on October 7, 2020, and the United States provided written responses and objections to those Requests on November 9, 2020. Concurrent with its provision of written responses and objections, the United States collected the email files of more than 30 Department of Justice personnel involved in this litigation during the relevant time period. Broad search terms were used to capture potentially responsive documents, and the United States has begun the process of reviewing thousands of documents individually for responsiveness and privilege. The United States also has manually searched for potentially responsive information other than email. This has been a time-intensive task due to the large amount of information at issue.

On April 9, 2021, the United States made its first production of documents in response to the State's Requests. This production includes more than 1,100 documents totaling nearly 9,000 pages. The United States continues to review the

documents it has collected for responsiveness and privilege and plans to make additional productions to the State in the coming weeks.

The United States has also made progress in other areas of discovery. Among other things, the United States conducted an initial review of the State's responses to the United States' First Set of Interrogatories [Doc. 74] and identified various issues in the information provided by the State that needed to be clarified, remedied, and resolved. To date, the State has worked cooperatively with the United States to address many of these issues. The United States also has begun reviewing documents that the State provided in response to the United States' First Request for Production of Documents [Doc. 75]. In the coming weeks, the United States anticipates beginning to identify the individuals whom it intends to depose and scheduling the first of those depositions.

**Steps Taken by the State of Georgia**

In addition to the written discovery that has been exchanged, the State has produced 20,045 documents totaling over 70,000 pages. The State identified these documents by utilizing search terms agreed upon by the parties and by requesting specific documents from State agencies. To date, the State has extracted electronic data from over 20 "priority custodians" agreed upon by the parties, including individuals from the Georgia Department of Education, the Georgia Department of

Community Health, the Georgia Department of Behavioral Health and Developmental Disabilities, and the Georgia Governor's Office of Planning and Budget. The search terms applied to the "priority custodians" only hit on over 500,000 documents that the State must review for privilege and confidentiality prior to production. This review is a time intensive process, and the State will continue to make rolling productions as the review continues.

Thus far, the State has spent $167,990.50 in fees to document vendors, and such fees include only processing and storing data.[1] The State has explored other options for reviewing the massive documents hit by the United States' search terms. Those costs are extremely high as well: $640,000 to review the remaining documents from just the priority custodians. Given these costs, some of which have only recently come to the light, the State intends to discuss narrowing search terms with the United States.

In addition to the 20+ priority custodians whose documents the State is currently searching, there are over 200 other custodians identified by the State and Plaintiffs who may be searched using the agreed-upon search terms at a later date. The Parties agreed to search the documents in possession of the priority custodians

---

[1] This does not include money paid the State's law firm to review the documents prior to production.

first based on a shared belief that those individuals are the most likely to have responsive information.

**Outstanding Issues**

Moving forward, the parties will continue to produce and review the large volume of documents in this case. The parties will also work to schedule the many depositions that we anticipate will need to be taken to develop the evidentiary record. The parties are prepared to conduct these depositions virtually, if needed.

Notwithstanding these measures, the COVID-19 pandemic continues to complicate the parties' ability to predict the date when fact discovery will be concluded, particularly given the challenges that COVID-19 presents for in-person discovery-related activities. The United States is in the process of identifying school sites to visit, including sites that only provide Georgia Network for Educational and Therapeutic Support ("GNETS") services and general education facilities that serve students with emotional and behavioral disabilities in or at risk of placement in GNETS. However, the parties may not be able to safely conduct in-person visits to school facilities until the beginning of the 2021-22 school year, which encroaches upon the current fact discovery deadline. Site visits are a critical component of discovery, as they allow expert witnesses to evaluate, *inter alia*, the quality and availability of educational opportunities for students with emotional

and behavioral disabilities, the settings in which students receive GNETS services, and the manner through which GNETS services are delivered to those students. Whether visits can take place at the beginning of the next school year depends largely on the status of the COVID-19 pandemic. The parties may not know the status of the pandemic, including the implications for schools, until closer to the start of the new school year. Moreover, once in-person visits to school facilities can be conducted safely, the parties' experts will still need time to process the information they obtain during those visits, generate written reports, and sit for depositions.

As indicated, the State will also be broaching the topic of narrowing discovery requests.

Conclusion

The parties have been able to make significant strides with fact discovery over the last four months and anticipate that this progress will continue. In light of the uncertainties and challenges previously discussed, the parties request an opportunity to file an updated status report with the Court in another four months. If allowed, the updated status report would align with the start of the new school year and permit the parties to share additional information regarding their anticipated ability to complete in-person discovery-related activities, particularly

school site visits. The parties assure the Court that they are making every effort to minimize any unnecessary delays in this case.

Respectfully submitted,

| | |
|---|---|
| KURT R. ERSKINE<br>*Acting United States Attorney*<br>Northern District of Georgia<br><br>*/s/ Aileen Bell Hughes*<br>AILEEN BELL HUGHES<br>*Assistant United States Attorney*<br>Georgia Bar No. 375505<br>Aileen.bell.hughes@usdoj.gov<br>600 U.S. Courthouse<br>75 Ted Turner Drive SW<br>Atlanta, GA 30303<br>(404) 581-6000 Fax (404) 581-6181<br><br>PAMELA S. KARLAN<br>Principal Deputy Assistant Attorney General<br><br>SHAHEENA A. SIMONS<br>Acting Deputy Assistant Attorney General<br>Civil Rights Division<br><br>WHITNEY M. PELLEGRINO<br>Acting Chief<br><br>RENEE M. WOHLENHAUS<br>Deputy Chief | */s/ Alexa R. Ross*<br>Alexa R. Ross<br>Georgia Bar No. 614986<br>aross@robbinsfirm.com<br>Josh Belinfante<br>Georgia Bar No. 047399<br>jbelinfante@robbinsfirm.com<br>Joseph H. Saul<br>Georgia Bar No. 432592<br>jsaul@robbinsfirm.com<br>Melanie L. Johnson<br>Georgia Bar No. 466756<br>mjohnson@robbinsfirm.com<br><br>Special Assistant Attorney General<br><br>Robbins Ross Alloy Belinfante Littlefield LLC<br>500 14th Street NW<br>Atlanta, GA 30318<br>Telephone: (678) 701-9381<br><br>*Attorneys for Defendant* |

Educational Opportunities Section
ANDREA E. HAMILTON
VICTORIA M. LILL
LAURA C. TAYLOE
MICHELLE L. TUCKER
Trial Attorneys
United States Department of Justice
Civil Rights Division

*/s/ Andrea E. Hamilton*
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-4092
andrea.hamilton@usdoj.gov

*Attorneys for Plaintiff*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this brief has been prepared using 14-pt Times New Roman Font.

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 12th day of April, 2021.

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
Assistant United States Attorney