**U.S. Department of Justice**

Civil Rights Division

*Educational Opportunities Section – 4CON*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

August 25, 2021

**VIA ELECTRONIC MAIL**

Oaktree GNETS Program
Kerrie Miller, Director
1700 Samford Ave
Albany, GA 31707

Re:    *United States v. Georgia*, **16 Civ. 3088 (N.D. Ga.)**

Dear Ms. Miller:

The United States Department of Justice ("the United States") has issued the enclosed subpoena pursuant to Federal Rule of Civil Procedure 45.  In accordance with the subpoena and the Federal Rules, documents responsive to the subpoena must be produced no later than September 25, 2021.

Please carefully read the subpoena attachment and follow the instructions it outlines.  For any documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please have the appropriate representative of your GNETS program complete a certification of records of regularly conducted activity form (a sample of which is enclosed) and return it with the document production.  Execution of this certification may allow the United States to introduce the documents provided by your GNETS program in any subsequent judicial proceeding without requiring the testimony of a records custodian.

The United States understands that electronic submission of responsive documents is likely to be the most convenient manner of production and will therefore accept documents via upload to its secure filesharing system, JEFS.  The external user request form that must be completed to access this system is attached.  Once the form has been completed and submitted to our office, we will coordinate with you to facilitate your electronic submission of documents.

Thank you in advance for your cooperation and assistance. If you have any questions or would like to discuss this matter, please contact Andrea Hamilton (at Andrea.Hamilton@USDOJ.gov or 202-305-5924) or Victoria Lill (at Victoria.Lill@USDOJ.gov or 202-305-5940) at your earliest convenience.

Sincerely,

Andrea E. Hamilton
Trial Attorney
Civil Rights Division

Victoria M. Lill
Trial Attorney
Civil Rights Division

Attachments:
    Subpoena
    Attachment A
    Certification form
    JEFS external user form

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  1:16-CV-03088-ELR |
| STATE OF GEORGIA | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          KERRIE MILLER, DIRECTOR, OAK TREE GNETS PROGRAM
             1700 SAMFORD AVE, ALBANY, GEORGIA 31707

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: Richard B. Russell Federal Building<br>75 Ted Turner Dr. SW, Suite 600<br>Atlanta, GA 30303 | Date and Time:<br><br>09/25/2021 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time:<br><br>AILEEN BELL-HUGHES    Digitally signed by AILEEN BELL-HUGHES<br>Date: 2021.08.19 12:18:27 -04'00' |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          08/25/2021

_CLERK OF COURT_

                                              OR

_____                    AILEEN BELL-HUGHES    Digitally signed by AILEEN BELL-HUGHES<br>Date: 2021.08.19 14:58:22 -04'00'
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  the United States of America _____ , who issues or requests this subpoena, are:

Aileen Bell Hughes, 75 Ted Turner Dr. SW, Suite 600, Atlanta, GA 30303; ABellHughes@usa.doj.gov; 404-581-6133

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:16-CV-03088-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Fed. R. Civ. P. 45(a)(1)(C), (D), Oaktree GNETS Program is commanded to produce by September 25, 2021 the designated documents, electronically stored information, or tangible things in its possession, custody, or control as identified below.

## INSTRUCTIONS

1.  This subpoena covers all documents in or subject to your possession, custody, or control, including all documents that are not in your immediate possession but that you have the effective ability to obtain and that are responsive, in whole or in part, to any of the individual requests set forth below.  If for any reason—including a claim of attorney-client privilege—you do not produce documents called for by this subpoena, you should submit a list of the documents you are not producing.  The list should describe each document in a manner that, without revealing information itself privileged or protected, will enable the United States to assess the claim of privilege.  This description should include the following: the author of the document, date of the document, recipient(s) of the document, subject matter of the document, each person who has ever possessed a copy of the document, the basis for withholding the document, the attorney(s) and client(s) involved (if applicable), and the subpoena request to which the document is responsive.

2.  Unless otherwise specified, these requests seek responsive documents from the 2019-20 school year through the 2021-22 school year.

3.  If documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify each such document, the date on which it was lost, discarded, or destroyed, and the reason(s) for its loss, discarding, or destruction.

4.  Documents should be produced as they are kept in the ordinary course of business. Documents created or stored electronically must be produced in their native electronic format, not printed to paper.  All documents should be produced in a unitized manner (i.e., separated or otherwise delineated to identify the boundaries for each document).

5.  Data should be produced in a searchable and usable electronic format.  Specifically, for any request for a collated list of data, please provide the information using a Microsoft Excel spreadsheet, with the delineated data separated by appropriate columns and rows.  Please also provide a corresponding data dictionary/key.  For any request for copies of documents, please

provide the information as a searchable Word or Adobe Acrobat file.  To the extent any information is available online, please provide the URL address(es) where the information is located.

6.  All documents produced should be labeled with sequential numbering (Bates-stamped).

7.  For any documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the document production.

## **DEFINITIONS**

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1.  For purposes of responding to this subpoena, "you" means Oaktree GNETS Program, its constituent agencies or facilities, and any of its officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its behalf.

2.  "Document" means writings, electronic mail, drawings, graphs, charts, photographs, sound recordings, images, and other data, data records, or data compilations stored in any medium from which information can be obtained.

3.  "GNETS Program" or "GNETS" means the Georgia Network for Educational and Therapeutic Support Program and any of the twenty-four regional GNETS programs—which may include GNETS Centers, GNETS School-Based Locations, GNETS School-Based Classrooms, and/or other settings where GNETS services are provided—including all officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its or their behalf.

4.  "GNETS Centers" means self-contained buildings that serve only students with disabilities placed in GNETS from one or more school districts.

5.  "GNETS School-Based Locations" means schools with classrooms that serve children placed in GNETS where the classrooms are located on a campus with general education school buildings.

6.  "GNETS School-Based Classrooms" means classrooms that only serve children placed in GNETS but are located on a campus with general education school buildings.  GNETS

2

School-Based Classrooms does not include general education classrooms in which GNETS services may also be provided to students with disabilities in the same classroom as their non-disabled peers.

7.  "GNETS student" means any K-12 student who is receiving or has received educational services through the GNETS Program at any point during a given school year.

8.  "Policies" or "procedures" means any written or unwritten policy, procedure, manual, guidance, protocol, directive, mandate, rule, regulation, course of action, strategy, plan, guiding principle, guidelines, method, routine, process, modus operandi, technique, practice, system, formula, routine, or other mode of conduct that governs operations.

9.  "School Year" means the period of time from the start of one public school year to the next, including the Extended School Year for students with disabilities.

10. "Therapeutic services" means those services and supports designed to improve students' opportunities to access education by addressing their emotional, behavioral, and/or mental health.

11. The present tense includes the past and future tenses.  Words in the singular and plural are interchangeable.  The terms "all" and "any" mean "any and all;" "and" and "or" encompass both "and" and "or."  The word "including" means "including, but not limited to."

## **DOCUMENTS**

1.  Documents, by school year, reflecting (a) the location of each GNETS Center and GNETS School-Based Location serving students enrolled in your GNETS program, and (b) the dates when each such location was used to provide GNETS services.

2.  Documents, by school year, reflecting the total number of GNETS students served at each GNETS Center identified in (1) above.

3.  Documents, by school year, reflecting the total number of GNETS students served at each GNETS School-Based Location identified in (1) above, disaggregated by classroom.

4. Documents describing any distinguishing criteria applicable to each GNETS Center and GNETS School-Based Location (including classrooms serving GNETS students within those facilities) identified in (1) above (e.g., those specializing in serving students with autism or students transitioning from residential treatment facilities) and the school year(s) to which the distinguishing criteria apply.

5. Student enrollment rosters or other documents identifying, by school year, the following information for each student enrolled in your GNETS program:

    a. Name;

    b. Student identification number;

    c. Service Location (e.g., GNETS Center name, GNETS School-Based Location name);

    d. Grade Level;

    e. Date of Birth;

    f. Primary disability;

    g. Secondary disability;

    h. EBD designation (yes or no);

    i. Race/ethnicity;

    j. Gender;

    k. Home School System or LEA;

    l. Home School;

    m. Duration of total time spent in GNETS during specified school year (i.e., number of days);

    n. Date of enrollment in GNETS during specified school year;

    o. If applicable, date of exit from GNETS during specified school year and subsequent educational placement;

    p. Number of daily segments the student is integrated in classes with non-disabled peers;

    q. Time in a Residential Treatment Facility ("RTF") during specified school year (yes or no);

    r. Free or Reduced Price Meal status (yes or no); and

    s. Any extracurricular activities the student participates in, and whether these activities occur at the GNETS Center, GNETS School-Based Location, or another school.

6.    Documents identifying, by school year and separately for each GNETS Center or GNETS School-Based Location within your GNETS program, each individual on staff in a professional role with your GNETS program, including each person's:

    a.    Name;

    b.    Employee Identification Number;

    c.    Position (e.g., director, teacher, behavioral specialist, psychologist);

    d.    Employment contract(s);

    e.    Race/ethnicity;

    f.    Gender;

    g.    Number of years working in the GNETS Program;

    h.    Total years of experience in the education field;

    i.    Professional licensing and/or certification (e.g., Special Education certification), if any;

    j.    Annual performance reviews; and

    k.    Termination date/departure date from the GNETS Program, if applicable.

7.    Any documents reflecting the criteria for enrollment and the process by which students are referred, evaluated, and admitted to your GNETS program, including the source of the criteria by which enrollment determinations are made; the personnel involved in the referral, evaluation, and admission process, by name and title; and the process for confirming that the provision of services in the general education setting were insufficient to maintain the student in that placement.

8.    Documents reflecting your GNETS program's general exit criteria, the process by which student-specific exit criteria are established, how progress toward or satisfaction of the criteria is measured, and any transition planning or service coordination provided to students exiting your GNETS program, including the personnel involved in the exit process, by name and title.

9.    Documents reflecting, by school year and separately for each GNETS Center or GNETS School-Based Location within your GNETS program, any general information regarding your GNETS program, such as brochures, manuals, student or employee handbooks, or school or site improvement plans.  This should include but not be limited to documents relating to therapeutic

services, behavior management systems, the transition process, or other written policies or procedures not otherwise provided in response to requests above.

10. Documents reflecting, by school year and separately for each GNETS Center or GNETS School-Based Location within your GNETS program, data on the number of referrals of students to your GNETS program, even if the student did not enroll in your GNETS program, disaggregated by home school, and any information regarding why any student referred to the program was not accepted.

11. Documents reflecting, by school year and separately for each GNETS Center or GNETS School-Based Location within your GNETS program, any complaints from parents, families, or advocates about the appropriateness of the placement, quality or type of services and supports available for or provided to students, or behavior of any faculty or staff.

12. Documents reflecting, by school year and separately for each GNETS Center or GNETS School-Based Location:

    a. The total number of students who graduated high school with a general education diploma while enrolled in your GNETS program;

    b. The total number of students who graduated high school with a special education or alternate diploma while enrolled in your GNETS program;

    c. The total number of students who graduated high school with a general education diploma after having spent some of their educational career in your GNETS program;

    d. The total number of students who graduated high school with a special education or alternate diploma after having spent some of their educational career in your GNETS program;

    e. The total number of students who dropped out of school during the time they were enrolled in your GNETS program;

    f. The total number of students who dropped out of school after the time they were enrolled in your GNETS program;

    g. The post-school activity data, collected by the Georgia Department of Education Post-School Survey, including the number of students who graduated from your GNETS program and (i) enrolled in higher education, (ii) obtained competitive employment, (iii) enrolled in other post-school education or training, (iv) obtained other employment – part-time, self, and supported employment, (v) obtained other employment – sheltered work or day habilitation, (vi) are on a waiting list, (vii) are unengaged, or (vii) returned to high school; and

    h.   Any other post-secondary outcome data relating to your GNETS program students not provided in response to (a)-(g) above.

13. Any periodic accountability report or assessment provided by your GNETS program to the Georgia Department of Education, including the GNETS Annual Accountability Report and the Comprehensive Needs Assessment Report.

14. Documents reflecting the reporting structure from your GNETS program to any LEA, RESA, or to the State, including those relating to funding, grants, training, and monitoring.

15. A master schedule or bell schedule for the 2021-22 school year for each GNETS Center and GNETS School-Based Location within your GNETS program.

16. Documents reflecting, by school year and separately for each GNETS Center and GNETS School-Based Location within your GNETS program, the complete referral packets and the student records generated during a student's time in the GNETS program for each of the following students: the first student listed alphabetically by last name starting at each of F, L, and S for elementary school, middle school, and high school (for a total of nine student files—three elementary, three middle school and three high school—for each GNETS Center or GNETS School-Based Location).  Such documents should include any Individualized Education Programs, Functional Behavioral Assessments, Behavioral Intervention Plans, discipline records, and report cards.

17. Documents reflecting, for each GNETS Center or GNETS School-Based Location within your GNETS program:

    a.   The age of the building(s);

    b.   Whether there are metal detectors at any entrance; and

    c.   Whether the GNETS site has the following:

        i.   Cafeteria where the students eat, and whether the food is prepared at that site;

        ii.   Gymnasium;

        iii.   Library;

        iv.   Computer Lab;

        v.   Science Lab;

        vi.   Playground;

      vii.  Specials or Electives (e.g., art, music); and

      viii. Extracurricular Activities (e.g., clubs, athletics).

18. Documents reflecting, for each GNETS Center or GNETS School-Based Location within your GNETS program:

    a.  Whether any additional educational program is housed at the [site/facility]; and

    b.  If there is at least one additional educational program, the nature of the program(s) and the extent, if any, to which there is interaction between GNETS students and the students enrolled in the other programs.

19. Documents reflecting, by school year and separately for each GNETS Center or GNETS School-Based Location within your GNETS program:

    a.  The types of therapeutic services that are available to students;

    b.  The names, addresses, and phone numbers of any community providers who provide therapeutic services to students in the GNETS program; which types of services each provides; in which GNETS Center or GNETS School-Based Location the service is provided and to how many students; and the average amount, duration, and frequency of each service provided per student annually;

    c.  Any contracts or service agreements with Care Management Organizations or community service providers;

    d.  Information relating to unmet need for therapeutic services, including any waitlists or gaps analyses;

    e.  Any actions taken to implement a System of Care Plan that could facilitate collaboration across agencies serving children with disabilities;

    f.  Whether the GNETS Center or GNETS School-Based Location participates in Georgia's APEX programs, and if so, which students have received services through that program;

    g.  Whether the GNETS Center or GNETS School-Based Location participates in Georgia's MTSS and/or PBIS programs, and if so, which students have received services through either of those programs; or

    h.  Whether the GNETS Center or GNETS School-Based Location has access to intervention supports or community-based wraparound emergency services (including the State's Intensive Customized Care Coordination (IC3) service), and if so, what those interventions or services include.

## CERTIFICATION OF AUTHENTICITY OF SCHOOL DISTRICT RECORDS
## OF REGULARLY CONDUCTED ACTIVITY

Pursuant to Rule 902(11) of the Federal Rules of Evidence, the undersigned declarant hereby declares, certifies, verifies or states under penalty of perjury the following:

1.      The declarant is a records custodian or other qualified person who can provide a written declaration regarding the records of regularly conducted business activity which are the subject of this certification;

2.      The records of regularly conducted business activity (hereinafter "records") which are the subject of this certification are numbered/Bates stamped as _____ through _____;

3.      The records are originals or duplicate copies of domestic (United States) business records, which are true and correct copies of the original record(s) prepared and/or maintained by Oaktree GNETS Program;

4.      The records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

5.      The records were kept in the course of a regularly conducted business activity; and

6.      The records were made as a regular practice in the course of regularly conducted business activity.

***I hereby declare, certify or state, under penalty of perjury, that the foregoing is true and correct. Executed on _____ (date)***

_____
Signature of Declarant

_____
Printed name

_____
Title

_____
GNETS program name

_____
Address

_____
Telephone

Account Request and Approval Form
Non-Civil Rights Division User

# JEFS Account Request Form for External non-DOJ Users

| Account Type: | ● User (JEFS - Application Users) | JEFS is strictly for Department of Justice (DOJ) official business. | |
|---|---|---|---|

| DOJ Staff Name (Sponsor) | | Date of Request | |
|---|---|---|---|
| Megan Erickson | | 08/25/21 | |

| Request Type: User Account | ● Grant or Modify Access | ○ Remove Access |
|---|---|---|
| Request Type: Folder | ● Grant or Modify Access | ○ Remove Access |

NOTE:

Please include any additional information here. (special instructions, folder name(s), etc.)

Folder Name -
GNETS - Oaktree Program

| External User Information | | | To be checked by Account User: | |
|---|---|---|---|---|
| First Name | Middle Initial | Last Name | ☐ I have read and agree to abide by the Rules of Behavior as described in the attached pages. | |
| | | | | |

| Organization / Company | Email Address |
|---|---|
| | |

| Address (Street, City, State) | Zip code |
|---|---|
| | |

| Sponsoring Component | Citizenship of (Country) | Phone Number |
|---|---|---|
| Civil Rights Division, Educational Opportunities Section | | |

| Approving Official (Component DSO or Manager) | |
|---|---|
| Name (Print or Type) | Title |
| | |
| Approver Signature | |
| | |

| Approving Official JEFS (To be signed by JEFS Support Team) | |
|---|---|
| Name (Print or Type) | Title |
| | |
| Approver Signature | |
| | |

Account Request and Approval Form
Non-Civil Rights Division User

# JEFS Account Request Form for External non-DOJ Users

## Terms and Conditions

Department of Justice (DOJ), Civil Rights Division Terms and Conditions for JEFS Users

## Introduction

The intent of the Terms and Conditions is to summarize for you, a user of DOJ Information Technology resources, the applicable laws and requirements from various Federal and DOJ documents. These include, but are not limited to, the Office of Management and Budget (OMB) Circular A-130, OMB M-17-12, OMB M-16-24, DOJ Order 2640.2 (series), DOJ Order 2740.1 (series), and the DOJ Cybersecurity Standard.

To remain compliant with all applicable Federal laws, regulations, and DOJ Standards, the Department reserves the right to update these terms and conditions at any time. Please direct all questions relating to the terms and conditions to your Point of Contact (POC) or the Litigation Support Group Case Manager.

## Who is covered by these rules?

These rules apply to Litigation Consultants, Expert Witnesses, Mediators, and Non-Civil Rights Division Users providing services to DOJ. They also apply to any other persons using DOJ Information Technology or accessing DOJ systems under formally established agreements. These rules are written for the vast majority of people for the vast majority of time. However, some people (e.g. Investigators) may be exempt from a specific item for a specific situation when performing their official duties and with proper authorization. In a similar manner, equipment and/or software limitations may prevent operation in accordance with some of these rules.
These situations must be documented, the risks accepted, and the applicable processes approved by the system Authorizing Official. All users are required to review and provide signature or electronic verification acknowledging compliance with these rules.

## What are the penalties for noncompliance?

*Non-compliance with requirements will be enforced through sanctions commensurate with the infraction. Actions and penalties may include a verbal or written warning, temporary suspension of system access, permanent revocation, civil, criminal, financial, and imprisonment depending on the severity of the violation. (We will not deal with any classified information)*

Unauthorized browsing or inspection of Federal Taxpayer Information (Internal Revenue Code Sec. 7213A) is punishable with a fine of up to $1,000 and/or up to one year imprisonment. Unauthorized disclosure of Tax Return information (Internal Revenue Code Sec. 7213) is a felony punishable with a fine of up to $5,000 and/or up to five years in prison. In addition to these penalties, any Federal employee convicted under Sec. 7213 or Sec. 7213A will be dismissed from employment.

Account Request and Approval Form
Non-Civil Rights Division User

# JEFS Account Request Form for External non-DOJ Users

## User Security Guide

### Your responsibilities as an external user:

1. Comply with all Federal laws and Department and Component policies and requirements. Use DOJ information and information systems for lawful, official use, and authorized purposes only.

2. Read and accept the DOJ security warning banner that appears prior to logging onto the system.

3. Screen-lock or log off your computer when JEFS is no longer in use.

4. Do not post Department information on cloud-based services unless approved.

5. Do not post Department information for official business on public websites or social media unless explicitly authorized for your official duties. (e.g., Public Affairs Office)

6. Do not post information on social media or public websites that allows unauthorized users to infer or obtain non-public information (system account information, personal identifiable information (PII), project status, etc.).

7. Protect and safeguard all DOJ information commensurate with the sensitivity and value of the data at risk, including encrypting all PII being sent to third parties.

8. Protect and safeguard all DOJ information and information systems from unauthorized access; unauthorized or inadvertent modification, disclosure, damage, destruction, loss, theft, denial of service; and improper sanitization or use.

9. JEFS users shall ensure that all DOJ data are stored on authorized removable media (e.g., thumb drives, removable hard drives, and CD/DVD), laptops, tablets, and mobile devices (e.g., smartphones and netbooks) is encrypted with a Department-approved solution unless the Department's Chief Information Officer (CIO) or designee approves a waiver from the Department policy.

10. Handle all Department data as Sensitive unless designated as non-Sensitive by your Attorney Point of Contact (POC) or the Litigation Support Group Case Manager.

11. Report any anomalous or unusual behavior, and discovered or suspected security incidents to your appropriate point of contact (POC) (e.g., Civil Rights Attorney, Litigation Support Group (LSG) Case Manager, LSG Office at 202-514-4224, or Justice Security Operations Center [JSOC], DOJCert@usdoj.gov).

12. The email address associated with your JEFS account should be attributable by another party or organization (e.g., .org, .com, .mil, .gov) controlled by only you and not shared with anyone, even family members.

13. Do not attempt to circumvent or test the security controls of the system.

Account Request and Approval Form
Non-Civil Rights Division User

# JEFS Account Request Form for External non-DOJ Users

## Passwords

14. Change the default password upon receipt from a system administrator.

15. Do not share account passwords with anyone.

16. Avoid using the same password for multiple accounts.

## Software

17. Do not copy or distribute intellectual property without permission or license from the copyright owner (e.g., music, software, documentation, and other copyrighted materials). Use DOJ-licensed and authorized software only.

18. Do not install or update software on the File Sharing System unless specifically authorized.

19. Do not attempt to access any electronic audit trails that may exist on the File Sharing System computer.

At the completion of your service, please properly dispose of any case related data Contact your Attorney Point of Contact (POC) or the Litigation Support Group Case Manager for more guidance.

## Mobile Computing & Remote Access

20. When utilizing the Litigation Support System, connect to a secure wireless network (password protected) and take precautionary measures to prevent the compromise of DOJ data when insecure wireless networks must be used. **Never connect to open wireless networks that require no passwords.**

21. Ensure the confidentiality of government information from a non-Government Furnished Equipment (GFE) client (public or private). This includes the following:

    a. Non-GFE devices and computers must have updated antivirus, local firewall, updated Operating System security patches and software patched levels.

    b. In addition, all wireless access to DOJ networks must be from a WI-FI Protected Access 2 (WPA2) or higher encrypted wireless network with password protection.

    c. Do not download documents or files public computers.

    d. Purge documents and files when finished on a non-GFE private will be held responsible for the compromise of Government information through negligence or a willful act.

Account Request and Approval Form
Non-Civil Rights Division User

# JEFS Account Request Form for External non-DOJ Users

## Personally Identifiable Information (PII)

22. Verify that each computer-readable data extract containing sensitive PII data has been erased within 90 days of origination or that its use is still required.  Contact your Attorney Point of Contact (POC) or the Litigation Support Group Case Manager.

23. Safeguard against breaches of information involving PII, which refers to information that can be used alone or combined with other information that can distinguish or trace an individual's identity --such as a name, social security number, biometric records, the date and place of birth, mother's maiden name, etc.

24. Report all breaches of information involving PII to your Attorney Point of Contact (POC) or the Litigation Support Group Case Manager as soon as possible.

## Signature Block

I acknowledge receipt of, understand my responsibilities as identified in, and will comply with the DOJ Civil Rights Division Terms and Conditions for External Users. This includes my responsibility to ensure protection of PII that I may handle.

_____        _____
Your Signature                                        Date

                                                              **DOJ CRT EOS**
_____        _____
Your Printed Name                                     Organization/Component

*[Note: For DOJ employees, statement of acknowledgement may be made by signature of the Terms and Conditions for General Users are provided in  hard copy or by email.]*

Account Request and Approval Form
Non-Civil Rights Division User

# JEFS Account Request Form for External non-DOJ Users

## Confidentiality Agreement

In consideration of being provided access to the Department of Justice (DOJ), Civil Rights Division Justice Enterprise File Sharing System (JEFS), the User hereby agrees to the following:

1. The provisions of this agreement shall apply to and be binding upon the User, the User's company, business, employees, agents, officers, successors and assigns, and any person acting upon behalf of the User in relation to the DOJ case(s) or project(s) he or she is authorized to access.

2. Except as required by law, as otherwise provided in this agreement, or as directed in writing by the Department of Justice, no information obtained, developed, gathered, or created as a result of work performed in connection with this matter, including any training materials or guidance concerning the System, shall be provided or disclosed orally, in writing, or in any other form, including the transmission of electronic data, to any third party or person who is not a part of this agreement. In any case in which disclosure of such information is or may be appropriate, no disclosures shall be made without prior written approval of the Department of Justice. This prohibition includes, but is not limited to communications with any person representing the media, any industry representatives, and any colleagues or fellow researchers. Disclosures may be made to persons who have signed and filed Confidentiality Agreements with the Department of Justice in connection with this case or project, as well as your management, supervisory, or support personnel as they may be necessary to execute your role as an authorized User in connection with this case or project.

3. Except as required by law, as otherwise provided in this agreement, or as directed by the Department of Justice, all documents, information, electronic data, or other work obtained, developed, gathered, or created as a result of System access, including documents or other information provided by the United States or other parties, shall be treated as privileged Sensitive But Unclassified (SBU) information. The User shall not reveal such materials to any third party or person without prior written approval from the Department of Justice, except for those persons who have signed and filed Confidentiality Agreements with the Department of Justice in connection with this case or project.

4. Should any documents, information, or electronic data, provided, obtained, developed, gathered, or created in connection with this System be lost, discovered missing, or mistakenly or inadvertently turned over without DOJ consent to an unauthorized person or third party, the User shall immediately report the details of such incident to the lead Department of Justice attorney point of contact responsible for this case or matter and the Litigation Support Group (LSG) Case Manager assigned to this case or project. In the event the User receives any requests in any form for such information, the User shall immediately notify the lead Department of Justice attorney point of contact and LSG Case Manager and await and follow DOJ instructions on how to proceed.

5. The User is responsible for notifying the LSG Case Manager when his or her involvement in this case or matter has concluded, at which time the User will request termination of access to the System. The User shall deliver upon request, within 30 days of notification that System access has been terminated, all documents, electronic data, and other information provided, obtained, developed, gathered, or created in connection with System access and related to the case or project he or she was supporting to the Department of Justice.

6. Notwithstanding the terms of this agreement, documents created by third-parties and gathered as evidence in litigation that are stored as images on the System will not be deemed to be privileged or confidential by virtue of this agreement. Nothing in this agreement limits the authority of agents or attorneys assigned to the matters in which that evidence is, was or will be collected from disclosing that evidence to witnesses, courts, or other persons who are not parties to this agreement in any manner authorized by law as necessary for those assigned agents and attorneys to discharge their duties in investigating and prosecuting the matters.

Should you have any questions regarding these documents or your responsibilities, please contact your Litigation Support Group Case Manager.

## Acknowledgement Block

**I acknowledge receipt of the "CIVIL RIGHTS DIVISION, JUSTICE ENTERPRISE FILE SHARING SERVER User Security Guide & Confidentiality Agreement" and understand my responsibilities as identified. This includes my responsibility to ensure the protection of PII that I may handle.**


_____          _____
Your Signature                                                      Date


_____
Your Printed Name

**DOJ CRT EOS**
_____
Organization/Component

Account Request and Approval Form
Non-Civil Rights Division User

# JEFS Account Request Form for External non-DOJ Users

## Privacy Statement

In order for the Department of Justice Civil Rights Division to provide you with access to its document review system, please complete the attached form. Information gathered from this form will be used solely to confirm the identity and eligibility of the individuals requesting access to the system owned by the Civil Rights Division of the United States Department of Justice. Email, phone and computer information gathered will be used solely to create an account that will let the individuals requesting access view, process and/or store electronic information that is the property of the Civil Rights Division.

Failure to provide this information will result in denial of access to the document review system.

This form is not an application for Government employment. Information collected by this form will not be used for or affect any subsequent application for employment with the Federal Government.

The Department of Justice does not collect or use information for commercial marketing.

Information gathered in this form will not be disclosed outside of the Civil Rights Division except where contractors are acting on behalf of the Civil Rights Division, and where the Division may be required by law to disclose information you submit with other agencies for law enforcement purposes in accordance with the Civil Rights Division's routine uses published at 68 Fed. Reg. 47610 (Aug. 11, 2003, http://edocket.access.gpo.gov/2003/pdf/03- 20342.pdf) or to protect the Division from security threats.

Electronically submitted information is maintained and destroyed according to the principles of the Federal Records Act and the regulations and records schedules of the National Archives and Records Administration, and in some cases may be covered by the Privacy Act and subject to the Freedom of Information Act (FOIA). A discussion of the FOIA can be found at http://www.justice.gov/oip/foia_guide09.htm and a discussion about the Privacy Act can be found at http://www.justice.gov/opcl/privacyact1974.htm.

I acknowledge receipt of these Terms and Conditions and understand my responsibilities as identified in the DOJ Terms and Conditions. This includes my responsibility to ensure protection of PII that I may handle.

_____     _____
Signature                                    Date

_____
Printed Name

**DOJ CRT EOS**
_____
Component and Office

| Clear Form | Print Form |