IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | Civil Action No. 1:16-cv-03088-ELR |
| v. | |
| STATE OF GEORGIA, | |
| DEFENDANT. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Federal Rule of Civil Procedure 6(b), Plaintiff the United States of America ("United States") and Defendant the State of Georgia ("State") jointly request an extension of the discovery deadline set forth in this Court's December 15, 2020 Order (*see* ECF 93).

Rule 6(b) permits the Court broad discretion in granting enlargements of time made prior to the expiration of the time originally permitted to make the subject filing. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them."); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 859 (11th Cir. 1990) (discussing discretion afforded to

district courts when ruling on requests for enlargements of time); *see also* Wright & Miller, Federal Practice and Procedure § 1165 (1987).

During the past fourteen months, the parties have made significant progress with fact discovery.  Shortly after the discovery period opened in July 2020, the United States served its First Set of Interrogatories and First Request for Production of Documents (*see* ECF 74, 75).  The State served its written responses in August 2020 (*see* ECF 84, 85).  In October 2020, the State served its First Requests for Production of Documents (*see* ECF 89), and the United States served its written responses one month later (*see* ECF 90).  The State served its First Interrogatories and Second Requests for Production of Documents in May 2021 (*see* ECF 99).  The United States responded to those discovery requests in June 2021 (*see* ECF 101, 102).  In addition to the discovery requests exchanged between the parties, in late August and early September 2021, the United States served 18 third-party subpoenas on various GNETS programs and/or their fiscal agents (*see* ECF 108-113).

Throughout the course of the discovery period, the parties have worked with one another to reach agreement on a number of issues related to the vast amount of electronically stored information ("ESI") at issue in this matter, including the identification of relevant document custodians, application of

search terms, and other e-discovery considerations related to the parties' production of documents.  During the spring and summer of 2021, the parties have produced documents to one another on a rolling basis and have worked cooperatively to address any issues that have arisen in the course of that production.  At present, the United States has produced 1,831 documents totaling more than 11,000 pages from more than 30 Department of Justice personnel involved in this litigation, and the State has produced 60,200 documents totaling more than 234,000 pages from 10 custodians affiliated with the Georgia Department of Education or the Georgia Department of Behavioral Health and Developmental Disabilities.

Despite the parties' progress, there is still a significant amount of fact discovery to complete before the parties can proceed with expert discovery.  The pleadings thus far filed, the information provided in the Amended Joint Preliminary Report and Discovery Plan (*see* ECF 68), and the substance of the parties' April 12, 2021 and August 12, 2021 Joint Status Reports (*see* ECF 97, 105) outline the elements of this matter that cause the parties to respectfully move for an enlargement of time.  The United States specifically alleges violations of the Americans with Disabilities Act by the State, affecting delivery of educational services to students with disabilities statewide.  The State maintains that it

cannot provide the relief the United States seeks because Georgia's local school districts, through their IEP teams, determine whether a student requires GNETS program services and because the school districts — not the State — operate the GNETS programs (of which no individual employed by the State is part).

In light of the parties' positions, this case involves a voluminous amount of ESI that is maintained in various databases and information systems by numerous custodians spanning several State agencies. The parties need additional time to gather, produce, and review written discovery. The parties also need additional time to conduct in-person site visits to schools throughout Georgia serving students with emotional and behavior-related disabilities in GNETS facilities and regular general education classrooms. As noted in prior status reports, these visits are a critical part of the development of the evidence in this case (*see* ECF 105).

After exchanging ESI and supplemental written discovery, the parties anticipate taking depositions of numerous witnesses. The State anticipates that the testimony of some or all of the superintendents and highest-ranking special education professionals in each of the 181 school districts will be necessary. In addition, the testimony of the directors of the GNETS programs and other State officials will be necessary. While the parties have not agreed the depositions of

4

representatives of each school district are necessary, the parties do agree that the scope of discovery, including depositions as well as document production and site visits, is broad.

As predicted, COVID-19 has continued to present challenges for the parties.  During the 2020-21 school year, many schools across Georgia operated virtually or in some hybrid form involving only partial in-person attendance. These disruptions to normal operations and the safety concerns presented by COVID-19 precluded the parties from conducting in-person site visits of school and program facilities.  While more school districts are providing in-person learning this fall, the rise of the delta variant of COVID-19 continues to complicate the parties' ability to plan and conduct site visits.  The parties are tentatively planning to conduct these visits during the fall 2021 semester. However, the United States continues to proceed cautiously in this respect, balancing the need to complete discovery as expeditiously as possible against the additional burdens and risks to the health and safety of students and school personnel that accompany on-site investigations involving multiple experts and attorneys from both parties.

While the availability of deponents at any given time is unknown, the parties are prepared to conduct remote depositions, where possible, so as to

minimize unnecessary discovery delays.  Additionally, the parties will continue to identify and pursue all other aspects of discovery that can be done virtually.

For the reasons set forth above, the parties respectfully request a twelve-month extension of time to complete fact discovery.  Although much remains uncertain at this time, the parties optimistically anticipate that they will be able to safely conduct on-site visits, conclude document production, take depositions, and otherwise complete discovery by September 12, 2022.  The parties are mindful of the Court's concern about minimizing any unnecessary delays in this case.  Accordingly, if the Court grants this Joint Motion for Enlargement of Time, the parties propose filing status reports with the Court every three months until the close of fact discovery.  These status reports will provide the Court with detailed information regarding the parties' progress in discovery during the reporting period and any outstanding issues that may impact that progress, especially in light of the unique issues raised above.  In addition to the periodic status reports the parties intend to file with the Court, the parties commit to developing a joint internal timeline that will provide detailed interim deadlines to ensure that the parties make adequate progress and remain on track to complete discovery within the allotted period.  Should any issues arise regarding

6

the parties' ability to comply with the internal timeline, the parties will bring those issues to the Court's attention.

Based upon the above, the United States of America and the State of Georgia respectfully request an enlargement of time, through and including September 12, 2022, to complete fact discovery in this case.

For the Court's convenience, a proposed Order granting the enlargement of time is attached.

                                              Respectfully submitted,

                                              KURT R. ERSKINE
                                                 *Acting United States Attorney*

                                            */s/ Aileen Bell Hughes*
                                            AILEEN BELL HUGHES
                                            *Assistant United States Attorney*
                                            Georgia Bar No. 375505
                                            Aileen.bell.hughes@usdoj.gov
                                            600 U.S. Courthouse
                                            75 Ted Turner Drive SW
                                            Atlanta, GA 30303
                                            (404) 581-6000   Fax (404) 581-6181

                                            */s/ Alexa R. Ross*
                                            Alexa R. Ross
                                            Georgia Bar No. 614986
                                            aross@robbinsfirm.com
                                            Josh Belinfante
                                            Georgia Bar No. 047399

        jbelinfante@robbinsfirm.com
Melanie L. Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Danielle M. Hernandez
Georgia Bar No. 736830
dhernandez@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
javier.picoprats@robbinsfirm.com

Special Assistant Attorney General

Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | Civil Action No. |
| v. | 1:16-cv-03088-ELR |
| STATE OF GEORGIA, | |
| DEFENDANT. | |

### Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion and brief have been prepared using Book Antiqua, 13-point font.

/s/ Aileen Bell Hughes
AILEEN BELL HUGHES
*Assistant United States Attorney*