# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 1:16-CV-03088-ELR |
| | ) | |
| STATE OF GEORGIA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NON-PARTY BALDWIN COUNTY SCHOOL DISTRICT'S NOTICE OF OBJECTION TO SUBPOENA TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

COMES NOW the Baldwin County School District ("The District") and timely responds as follows to three separate subpoenas issued by the United States of America to Pat Wolfe, Director of GNETS of Oconee, requesting inspection of the following premises on January 10, 2022 and January 12, 2022:

Baldwin High School
155 Hwy 49 W
Milledgeville, GA 31061

Lakeview Academy
220 N. ABC Street
Milledgeville, Georgia 31061

Oak Hill Middle School
356 Blandy Road
Milledgeville, Georgia 31061

1

I. **Introduction**

The Baldwin County School District is located in Milledgeville, Georgia. It serves approximately 4,856 students[1]. The District is led by a five-member Board of Education and Superintendent Dr. Noris Price[2]. Like each school district in Georgia, Dr. Price and the educators of the Baldwin County School District ("District") work hard to meet the unique needs of their students. The Board members and educators are committed to providing its students with a safe learning environment that is free from unnecessary distractions.

The three subpoenas that are the subject of this objection impact the following Baldwin County Schools: Lakeview Academy (Grades 3-5, approximately 667 students), Oak Hill Middle School (Grades 6-8, approximately 1,103 students, and Baldwin High School (Grades 9-12, approximately 1,272 students). The subpoenas request to observe GNETS classrooms housed in these three facilities, general education classrooms housed in these three facilities (which would primarily include students enrolled in the Baldwin County School District), and

---

[1] See October 5, 2021 Full Time Equivalent (FTE) count for the Baldwin County School District; https://oraapp.doe.k12.ga.us/ows-bin/owa/fte_pack_enrollgrade.entry_form

[2] Dr. Price is the 2022 Georgia Superintendent of the Year and is currently one of four finalists for the 2022 National Superintendent of the Year with the School Superintendent Association ASSA. https://www.41nbc.com/baldwin-superintendent-dr-noris-price-finalist-for-2022-national-superintendent-of-the-year/

2

common areas such as libraries and cafeterias. This inspection will impact the school days of approximately 3,042 students in the District. The District and the Board of Education have an obligation to these students to object to these burdensome subpoenas that would infringe upon their school day.

II. **The subpoenas are invalid because the United States failed to perfect personal service on the proper party(ies).**

The three subpoenas to permit inspection of the above premises were not properly served on the Baldwin County School District, which owns and maintains the subject premises. On December 17, 2017 three subpoenas addressed to Pat Wolf, Director of GNETS of Oconee, were served on Dr. Noris Price, Superintendent of the Baldwin County School District, at 110 North ABC Street, Milledgeville, Georgia 31061.

Pursuant to Rule 45(b)(1) "serving a subpoena requires delivering a copy to the *named person*[3]." (emphasis added). Here, the subpoenas were addressed to Pat Wolfe, Director of GNETS of Oconee. However, they were served on Dr. Noris Price, Superintendent of the Baldwin County School District. Pat Wolfe is not an employee of the Baldwin County School District. GNETS of Oconee is a separate

---

[3] The District notes at this time no return of service has been filed for subpoenas served on Pat Wolfe for premises inspections at Baldwin High School, Lakeview Academy, and Oak Hill Middle School. Therefore, the District contends the subpoenas are invalid.

and unrelated entity to the Baldwin County School District. GNETS of Oconee does serve some Baldwin County Students, along with students from Putnam, Hancock, Wilkinson, Washington, and Johnson Counties. GNETS of Oconee houses satellite classrooms at three Baldwin County School District Schools: Lakeview Academy, Oak Hill Middle School, and Baldwin High School. That is the sole relationship between GNETS of Oconee and the Baldwin County School District. Therefore, Dr. Noris Price is unable to accept service on behalf of Pat Wolf.

"The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required" to effectuate the Rule's "delivery" requirements." *Yarus v. Walgreen Co.*, 2015 WL 4041955 *2 (E.D. Pa. 2015) citing Wright, Miller, Kane & Marcus, *Federal Practice and Procedure* §2454 (3d ed. 2014). See also *Fujikara Ltd. v. Finisar Corporation*, 2015 WL 5782351, *5 (N.D. Cal. 2015); *Duffy v. Kent County Levy Court*, 900 F. Supp. 2d 624, 629 (D. Del. 2011).

Dr. Noris Price, the Superintendent of the Baldwin County School District, should have also been notified and personally served with a subpoena to inspect premises under the control of the Baldwin County School District. The United States has failed to perfect personal service on the appropriate person(s), therefore, the subpoenas for the inspection of Baldwin High School, Oak Hill Middle School, and Lakeview Academy are invalid.

### III. In the alternative, the District has standing to object to said subpoenas.

If the Court finds that the subpoenas were properly served, the District has standing to challenge the subpoenas as a nonparty. A nonparty may object to a subpoena so long as the nonparty has some personal stake in the subpoena. See *Colonial Funding Network, Inc. v. Genuine Builders, Inc.*, 326 F.R.D. 206 (2018), and *In re Rhodes Companies, LLC*, 475 B.R. 733 (2012). The relevant question is whether the party has some personal stake in the subpoena, whether that personal stake has to do with the content of the information or the impact the subpoena will have on the overall cost and burden of discovery.

The Baldwin County School District has an interest or "stake" in the subpoenas regarding inspection of the above premises because the District controls the premises. In addition, the subpoenas request access to general education students who are enrolled in the District and spaces maintained by the District that are also utilized by students enrolled in GNETS of Oconee. See generally *Hicks v. Walker County School Dist.*, 172 Ga. App. at 429; *Davis v. Dublin City Bd. of Educ.*, 2919 Ga. App. 121. (A board of education is the governing body of the school district).

## IV. Objections

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), the Baldwin County School District objects to the inspection of premises on January 10, 2022 and January 12, 2022 for the following reasons.

a. There has been no effort made by the United States to discuss the inspection with the Baldwin County School District.

The Baldwin County School District first learned of the possible site visits on Friday, December 17, 2021. This was the last day of the first semester for the 2021-2022 school year.[4] Employees are off contract with the District during the Winter Break and will return to work for professional development opportunities on Monday, January 3, 2022. Students return to the building on Wednesday, January 5, 2022.

The subpoenas state that the premises inspection will begin on Monday, January 10, 2022. This is the first full week students will have instruction for the second semester. It is the position of the Baldwin County School District that staff and students should be focused on returning to instruction after the winter break and that a mutually agreeable date for the site inspection should be discussed between the District and the United States.

---

[4] See Baldwin County School District's 2021-2022 academic calendar; https://www.baldwincountyschoolsga.org/academic-calendars.

> b. <u>Inspection of three schools in the Baldwin County School District is an invasive discovery tool and will cause a serious disruption to the school day.</u>

Three schools in the Baldwin County School District are listed in the subpoenas directed to Pat Wolf, Oconee GNETS Director. The subpoenas state the following regarding the dates and times of the visit:

**01/10/2022 and 01/12/2022**

**8:00-4:00 p.m. (not to exceed 3.5 hours/day)**

This "yet-to-be-determined" timeline is too vague and is clearly not narrowly tailored to the classrooms in the Baldwin County School District. The visits scheduled for January 10th and 12th impose an undue burden on the District, as this is the first week of instruction for the Spring 2022 Semester. The students and staff of the District should be focused on beginning instruction for the Spring Semester, and not be subjected to the interruption of a federal investigation on the first week of school while they are returning to their routine. GNETS of Oconee has previously provided the United States with voluminous documents that are responsive to many of the requests in the site visit. A closer review of these previously produced documents would enable the United States to more narrowly tailor the site visits to the actual facilities located within the District and as a result be much less burdensome and disruptive on the District and its students.

Rule 45(d)(1) of the Federal Rules of Civil Procedure mandates that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and "the court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney fees—on a party who fails to comply." Herein, Counsel for the United States failed to contact the Baldwin County School District regarding site visits prior to serving subpoenas. The subpoena was served on the last day of school prior to the holiday break and the site visits are scheduled for the first Monday of the Spring 2022 semester. Additionally, this blanket subpoena includes many line items that do not even apply to the Baldwin County School District, which is evidenced by the records previously produced to the United States by GNETS of Oconee. The District fully incorporates herein their specific objections and proposed modifications to the above subpoenas as outlined in Exhibit 1 to this Objection. The District specifically objects as outlined below.

The District objects to the number of individuals that may enter a District classroom. By the District's count, there could be a total of 10 adults involved in this inspection (2 U.S. experts, 2 U.S. attorneys, 2 state attorneys, 1 state expert, 1 GNETS Director, 1 District attorney, and 1 District administrator). This number of

adults will likely outnumber the students in many of the GNETS classrooms. A total of 10 adults in a classroom is in itself a distraction and will interrupt classroom instruction.

The District objects to the experts having "leeway" to adjust their position. Based on prior experience with the experts for the United States, the District is concerned the experts will exercise this "leeway" to encroach into a students personal space and insert themselves in the classroom. District administrators are in the best position to determine the location of the classroom where the observation will take place. A student's school day should not be interrupted by an expert that encroaches on their personal space to allegedly engage in the "students' level of engagement."

The United States has provided a vague "catch-all" bullet point list of facilities that the site visit will incorporate. The District objects to this list to the extent that many of the items and facilities do not apply to the District. The District understands that GNETS of Oconee has provided the United States with maps of the facilities and additional documentation that addresses many of the above demands. A cursory review of the document production would allow the United States to narrowly tailor the subject subpoenas to the District's facilities resulting in a less burdensome and intrusive site visit.

The District objects to the inspection of general education classrooms and general education classrooms that have GNETS students enrolled in them. The inspection will impact the school days of approximately 3,042 students in the District. As further set forth in Exhibit 1, the District and Oconee GNETS should have the authority to identify specific classrooms and schedules for any site visits.

The District also objects to the inspection of any storage facilities or closets in classrooms while instruction is taking place. Having a group of adults open a storage closet and inspect the contents of a closet is a clear distraction.

The United States site visit terms include permission to ask question of the GNETS director or site-based administrator throughout the course of the inspection. The District objects to questions to its employees which would serve as nothing more than a "roving deposition."

> Any opinions gathered by the expert through such one-sided questioning, going inescapably to one of the issues on discrimination, would consist in large part of unsubstantiated hearsay. While the presence of defendant's attorneys will give the interrogations the appearance of depositions, the safeguards of true depositions will be absent. The employees will not be under oath, their answers will not be recorded, and they will not be subject to cross-examination. The plaintiffs' suggestion that defendant's attorneys could control the questioning, objecting to certain questions or instructing employees not to answer them, would at the very least, lead to confusion and disruption in the assembly line setting. The very suggestion itself lends credence to the suspicion that the interrogations are intended as substitutes for depositions. The requirements and safeguards prescribed by the Federal Rules for deposing witnesses cannot be so easily

circumvented…We see no reason why the plaintiffs should not engage in normal methods of deposing witnesses prior to requesting the sweeping relief that they seek here.

*Belcher v. Bassett Furniture Industries, Inc*., 588 F. 2d 904, 909-910 (1978).

In addition, the District objects to any photographs being taken. FERPA defines education records as those records that are: (1) directly related to the student; and (2) maintained by an educational agency or institution, or by a party acting for the agency or institution. See 34 C.F.R. §99.3. The District is responsible for maintaining education records for its students and is in the best position to determine what may or may not be an education record. Counsel for the District or a District employee may take any photographs requested to preserve said photos.

Lastly, three and a half hours is a significant portion of the school day for each of these schools. The typical school day is only seven hours. School start times are as follows for the District[5]:

|  | Start Time | End Time |
| --- | --- | --- |
| Elementary | 7:45 a.m. | 2:45 p.m |
| Middle | 8:15 a.m | 3:15 p.m. |
| High School | 8:15 a.m | 3:15 p.m. |

---

[5] See Baldwin County School District Student Handbook; https://be08ff78-0575-47cb-bf49-69d88af2f3a4.filesusr.com/ugd/cf8b9d_871622f107c24e109c79081b626c9635.pdf

The District objects to the 3.5 hour inspection period. This vague language would permit the site visit team to return on a whim, without any prior notice, to the subject facility as long as the total visit does not exceed 3.5 hours. This presents additional safety, security, and staffing challenges as well as creates an additional interruption in the school day for students and staff.

The District should establish a schedule of the classrooms to visit and the common areas because they are in the best position to determine such schedule. Visits to classrooms should be limited to 10-15 minute observation periods to significantly shorten the disruptions to the students' school day(s). No return visits to a classroom should be permitted to further limit interruption to classroom instruction. The schedule shall be established in writing no later than one-week prior to the site visit.

"To demonstrate undue burden, the subpoenaed party must show that compliance with the subpoena would seriously disrupt its normal business operations." *Martinelli v. Petland, Inc.*, No. 09-529-PHX-DGC, 2010 WL 3947526, at \*6 (D. Kan. Oct. 7, 2010); *NLRB v. Midwest Heating and Air Conditioning*, 528 F. Supp. 2d 1172, 1179 (D. Kan. 2007) (internal quotations omitted); see also *EEOC v. Citicorp Diners Club, Inc.*, 985 F. 2d at 1040 ("[T]he [subpoenaed party] must show that compliance would unduly disrupt and seriously hinder normal operations

of the business."). The inspection of a nonparty's premises is a relatively invasive discovery method. *Martinelli v. Petland, Inc.*, No. 09-529-PHX-DGC, 2010 WL 3947526, at *9 (D. Kan. Oct. 7, 2010).

The inspection and observation of classroom instruction time, including but not limited to, asking questions, observing transitions, opening storage closets located within classrooms, and the litany of other broad and invasive requests by the United States will clearly unduly disrupt and seriously hinder the normal operations of the Baldwin County School District.

  c. <u>The District Objects to the specific terms of the site visit unilaterally established by the United States.</u>

Attachment A to all three subpoenas from the United States contains the same terms for conducting each site visit. The District responds to the terms as set forth in Attachment A to each subpoena and proposes modifications in the attached Exhibit 1 to this Notice of Objection. The District requests a conference call with counsel for the United States to establish mutually agreed upon dates and times for the site visits, as well as to discuss the proposed modifications to the terms of the site visit.

**V. Attorney's Fees**

Rule 45 of the Federal Rules of Civil Procedure was amended in 1991 to "make cost-shifting mandatory in all instances in which a non-party incurs

significant expense from compliance with a subpoena. And, when discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder "non-significant." See *Valcor Engineering Corp. v. Parker Hannifin Corp.*, 2018 WL3956732 (2018).

## VI. Conclusion

The Baldwin County School District objects to the subpoenas for inspection of Baldwin High School, Lakeview Academy, and Oak Hill Middle School for the above reasons supported by law. The Baldwin County School District is requesting the site visits scheduled for January 10, 2022 and January 12, 2022 are cancelled the appropriate attorneys from the United States contact counsel for the Baldwin County School District to discuss the scope of the subpoena, modifications to its terms, and dates and times for the premises inspection, including the specific modifications and objections in Exhibit 1.

This 29th day of December, 2021.

                                          */s/Canon B. Hill*
                                          CANON B. HILL
                                          Georgia Bar No.: 143106
                                          SYDNEY M. SOLOMON
                                          Georgia Bar No.: 125801
                                          THOMAS W. JOYCE
                                          Georgia Bar No.: 405527
                                          *Attorneys for Baldwin County School District*

JONES CORK, LLP
435 Second Street, Suite 500
P.O. Box 6437
Macon, GA 31208-6437
(478)745-2821
canon.hill@jonescork.com
sydney.solomon@jonescork.com
tom.joyce@jonescork.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **NON-PARTY BALDWIN COUNTY SCHOOL DISTRICT'S NOTICE OF OBJECTION TO SUBPOENA TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing, by placing a copy of same in the United States Mail with correct address and postage affixed thereto and by e-mail to the following:

Andrea E. Hamilton<br>
Victoria M. Lill<br>
950 Pennsylvania Avenue, N.W.<br>
Washington, D.C. 20530<br>
Andrea.Hamilton@USDOJ.gov<br>
Victoria.Lill@USDOJ.gov

This 29th day of December, 2021.

                 /s/Canon B. Hill
                 CANON B. HILL
                 Georgia Bar No.: 143106
                 *Attorney for Baldwin County School District*

JONES CORK, LLP
435 Second Street, Suite 500
P.O. Box 6437
Macon, GA 31208-6437
(478)745-2821
tom.joyce@jonescork.com