UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION FILE |
| v. | ) |
| | ) NO. 1:16-CV-03088-ELR |
| STATE OF GEORGIA, | ) |
| | ) |
|   Defendant. | ) |

**NON-PARTY ROME CITY SCHOOL DISTRICT'S NOTICE OF OBJECTION TO SUBPOENA TO PERMIT INSPECTION OF PREMISES**

COMES NOW, ROME CITY SCHOOL DISTRICT ("RCSD"), a non-party in the above-styled action, and timely objects, pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"), to a subpoena issued by the United States of America to Mr. Louis Byars, Superintendent of RCSD,[1] requesting an inspection of Main Elementary School, 3 Watters Street, Rome, Georgia 30161 on February 28, 2022 and March 4, 2022 (the "Subpoena"). A copy of said subpoena is attached hereto as **Exhibit "1"**. RCSD respectfully objects as follows:

---

[1] Counsel for RCSD accepted service via email on December 20, 2021.

## I. INTRODUCTION

Rome City School District ("RCSD") is located in Rome, Georgia and serves approximately 6,500 students. Main Elementary School ("Main Elementary") is one RCSD's schools that serves approximately 470 students from Pre-K through 6th grade. RCSD along with its Board members, educators, staff, and parents are committed to providing its students with a safe and effective learning environment that is free from unnecessary distractions or intrusions.

The Northwest Regional Educational Service Agency ("Northwest RESA") is a fiscal agent for GNETS which is part of the Georgia Network of Educational and Therapeutic Supports ("GNETS"). Northwest RESA provides comprehensive educational and therapeutic support on the continuum of supports for special education students in conjunction with 17 local school districts in Northwest Georgia, including Rome City School District. Northwest RESA and GNETS are, however, each a separate and distinct entity from RCSD.

## II. OBJECTIONS

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), RCSD objects to the inspection of Main Elementary School, 3 Watters Street, Rome, Georgia 30161 on February 28, 2022 and March 4, 2022 for the following reasons:[2]

---

[2] RCSD reserves the right to supplement these objections.

      a.    <u>Inspection of Main Elementary is an invasive discovery tool that is insufficiently tailored to Main Elementary.</u>

The Subpoenas served on RCSD is a blanket copy paste subpoena that has been served on many other school districts in Georgia and which include large windows of time, with no indication as to when they may come or go during the school day and include catch all lists of portions of the facilities they seek to inspect – whether they exist in a given school or not.

GNETS has previously provided the United States with voluminous documents that are responsive to many of the requests in the site visit. A closer review of these previously produced documents would enable the United States to more narrowly tailor the site visits to Main Elementary and, as a result, be much less burdensome and disruptive on the RSCD and its students. Yet, the United States served a blanket subpoena which includes many line items that do not even apply to Main Elementary.

      b.    <u>RCSD objects to the number of individuals permitted to make inspections and failure to identify said individuals.</u>

RCSD objects to the number of individuals that the United States is proposing to enter Main Elementary per site inspection as well as the failure to fully identify said individuals.

Attachment A to the Subpoena states, "Each team will consist of a maximum of two DOJ employees and two experts, and DOJ will provide the names of the members of the visiting teams one week in advance of the site visit."

The number of people proposed to participate in the observation and inspection is overly disruptive and intrusive in a school setting. The United States provides no justification for allowing its attorneys and other DOJ personnel to participate in the inspections. In fact, Attachment A states that the ambiguous list of experts has "extensive experience touring educational facilities [and] observing classroom instruction." Assuming this statement is true,[3] there should be no reason why DOJ personnel should be permitted to participate in the site inspection. DOJ personnel only add to the disruption of the school and further increase the risk of the spread of COVID-19 and other viruses such as the flu which are presently impacting staff and students.

---

[3] This is not verifiable given that only a first and last name of said experts have been provided.

Similarly, RCSD objects to the number of "experts" that the United States is planning to bring on each site inspection. It is common sense that one adult observing classes and inspecting an educational facility is far less intrusive than another adult expert and two other DOJ adults. The United States has provided no justification for why a total of four (4) experts must be permitted into Main Elementary. Furthermore, the United States has not yet identified any experts that it may use in the underlying litigation. See Joint Status Report, December 10, 2021 (Doc 126). Therefore, it is disingenuous for the United States to label their "experts" as experts at this juncture.

RCSD also has grave concerns as to the safety of the students and staff based on the unknown identities of the individuals who DOJ may attempt to bring into Main Elementary. It appears that the United States already knows who is going to attend based on giving ambiguous first and last names of "experts."[4] Therefore, there is no justifiable reason for the United States to withhold sufficient identifying information to allow RCSD to complete a proper background check on these individuals until a mere one (1) week before each inspection.

---

[4] Although, the language of Attachment A makes it seem that these may not be the actual experts who may make the site inspection.

  c. <u>RCSD objects to it being compelled to make persons available on-site and to answer questions.</u>

 RCSD objects to being compelled to make persons who are not employees of RCSD available for each site inspection and to direct said persons to answer the United States' questions.

 Attachment A of the Subpoena states that the United States, "requests that either the regional GNETS program director or another GNETS site-based administrator accompany each team during the entirety of inspection."

 Northwest RESA and GNETS are each a separate and distinct entity from RCSD. As such, RCSD has no power or authority to compel the attendance and or compliance of any Northwest RESA and or GNETS personnel with the United States' subpoena. Requiring RCSD to do so thus places an undue burden on RCSD and goes beyond the scope of a simple Rule 45 site inspection.

 Attachment A then goes on to further state that, "experts … shall be permitted to ask questions of the GNETS director <u>or site-based administrator</u>…" (emphasis added). In addition to RCSD not having authority over GNETS personnel, further objects to a Rule 45 subpoena being used a deposition opportunity.

 RCSD also has grave concerns over the United States' change in language concerning questioning of site-based administrators. As underline above, Attachment A's language changed from its earlier language concerning who needs

Page **6** of **12**

to be present at the site inspection. By removing "GNETS" from right before "site-based administrator," it can reasonably be interpreted that the United States wishes to compel RCSD to allow the "experts" to question RCSD employees and staff. This would present an extreme intrusion upon RCSD, as a non-party under color of a Rule 45 site inspection subpoena, and would substantially disrupt the educational facility.

    d.  <u>Objection to length and vagueness of the time of inspections.</u>

RCSD objects to the proposed length and vagueness of the site inspections as they are overly disruptive, overly intrusive, and unduly burdensome. The Subpoena states the site inspections are to occur at Main Elementary as follows:

> 02/28/2022 8:00 am – 4:00pm
> 03/04/2022 8:00 am – 4:00pm
> (not to exceed 3.5 hours/day)

The United States has given no justification for why two site inspections are need, especially in light of the use of less "experts.". RCSD also objects to the ambiguous 3.5-hour time period as it is a significant portion of the school day for Main Elementary, where the typical school day is approximately seven hours. Given that the subpoenas seek to conduct these visits during active school hours, rather than to inspect the premises when students are not present, this request takes valuable staff away from existing obligations and disrupts the school environment for large periods of time.

Furthermore, it is RCSD's understanding from conversations with counsel for the United States that the United States intends to be able to leave and return to Main Elementary as many times as it pleases so long as the site inspection team spends no more than 3.5 hours in total per day. Such ability to come and go as the United States' pleases presents an undue burden to RCSD who will have to expend resources to ensure that random adults entering onto campus, during a busy school day with some 500 students, are legitimate and not a safety threat.

> e. <u>RCSD objects to the locations in Main Elementary for which the United States seeks access to.</u>

RCSD objects The United States has provided a vague "catch-all" bullet point list of facilities that the site visit will incorporate.[5] RCSD objects to this list to the extent that many of the items and facilities do not apply to Main Elementary. Given that GNETS has provided the United States with maps of the facilities and additional documentation that addresses many of the above demands, the United States should be able to narrowly tailor its Subpoena to Main Elementary's facilities resulting in a less burdensome and intrusive site visit.

---

[5] This includes a final catch-all "any other area of the premises accessed or utilized by students in the GNETS program not specifically identified above." This could reasonably be interpreted as any location on or in campus, including overly intrusive locations such as administrators' offices and lockers of general education students.

f. <u>RCSD objects to general education classroom observations.</u>

The United States' subpoena states that each site visit team shall be permitted to visit any classroom, GNETS or general education, that serves any student in the GNETS program. The Subpoena does not, however, provide any limitation on the inspections of general education classrooms including (but not limited to) a GNETS student actually being in the classroom when the inspection is made. The United States also seeks the ability to come and go into classrooms as they see fit.

The proposed ability of the United States to move in and out of any classroom at Main Elementary (general education or otherwise) at any time for whatever reason is wholly disruptive to the learning environment. Especially to younger kids who will not understand why a group of adults in non-RCSD attire are coming in and out of their classroom. Furthermore, there is no justification as to why the United States must observe live general education classrooms when no GNETS student(s) are in said room.

RCSD also objects to the vague request that the site inspection team shall have "reasonable leeway" to move about any classroom and to observe class transitions. Based on information and belief from other Georgia school district's prior experiences with the experts for the United States, RCSD is concerned that the experts will use this "leeway" to encroach into a student's personal space and insert

themselves into the classroom. A student's school day should not be interrupted by an expert that encroaches on their personal space to allegedly engage in the student's level of engagement.

    g.  <u>RCSD objects photographs and videos being taken.</u>

The United States also seeks to have their experts take photographs and record video during the classroom observations and inspection of the facility. Again, common sense dictates that these recordings are inherently disruptive and intrusive, especially in a classroom or educational setting, because they would distract the educators and students present. The United States cannot provide any justification for the request, especially for such photos being taken during the school day when students are present.

### III.   <u>ATTORNEY'S FEES</u>

Rule 45 of the Federal Rules of Civil Procedure was amended in 1991 to "make cost-shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena. And, when discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the

cost of compliance to render the remainder "non-significant." See *Valcor Engineering Corp. v. Parker Hannifin Corp.*, 2018 WL3956732 (2018).

RCSD has already incurred significant attorney's fees in its good-faith attempts, even prior to the subpoena, to confer with counsel for the United States to formulate a mutually agreed upon site inspection protocol. Yet, RCSD has been met with a "take it or leave it" approach from the United States.

Rule 45(d)(1) mandates that "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." It is clear that the United States has not, nor intends to, take reasonable steps to avoid imposing undue burden and expense upon RCSD. And, if the United States seeks a court order compelling the site inspection, RCSD will incur significant attorney's fees in pursuing this objection in order to protect its students and staff. Thus, RCSD will request that the Court order the United States to pay its reasonable attorneys' fees.

## IV. CONCLUSION

Rome City School District objects to the subpoena for inspection of Main Elementary School for the above stated reasons. By serving this objection, RCSD considers the requested site visits scheduled for February 28, 2022, and March 4, 2022, to be cancelled. RCSD further requests that counsel for the United States

contact counsel for RCSD to discuss the scope of the subpoena and dates and times for the premises inspection, including the specific modifications that can be made which are agreeable to both parties.

Respectfully submitted this 3rd day of January, 2022.

                                        COX BYINGTON TWYMAN LLP

                                      /s/ Christopher P. Twyman
                                      CHRISTOPHER P. TWYMAN
                                      Georgia Bar No. 720660

711 Broad Street                      M. WEST EVANS
Rome, Georgia 30161             Georgia Bar No. 131714
(706) 291-2002 Office            *Attorneys for Non-Party Rome*
chris.twyman@cbtjlaw.com      *City School District*
west.evans@cbtjlaw.com

Pursuant to LR 5.1(C)(3), NDGa, the undersigned counsel certifies that this document has been prepared with 14-point Times New Roman font.

                                        /s/ Christopher P. Twyman
                                        CHRISTOPHER P. TWYMAN
                                      Georgia Bar No. 720660

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION FILE ) ) NO.  1:16-CV-03088-ELR |
| STATE OF GEORGIA, | ) ) |
| Defendant. | ) |

## NON-PARTY 5.4 CERTIFICATE OF SERVICE

This is to certify that I, the undersigned attorney, have this day served a copy of the following documents:

1) NON-PARTY ROME CITY SCHOOL DISTRICT'S NOTICE OF OBJECTION TO SUBPOENA TO PERMIT INSPECTION OF PREMISES

via electronic mail to the following attorney of record:

Andrea E. Hamilton
Victoria M. Lill
Claire D. Chevrier
Renee M. Wohlenhaus
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Andrea.Hamilton@USDOJ.gov
Victoria.Lill@USDOJ.gov
Claire.Chevrier@usdoj.gov
Renee.Wohlenhaus@USDOJ.gov

Page **1** of **2**

Respectfully submitted this 3rd day of January, 2022.

                                      COX BYINGTON TWYMAN LLP

                                      /s/ Christopher P. Twyman
                                      CHRISTOPHER P. TWYMAN
                                      Georgia Bar No. 720660

711 Broad Street                         *Attorney for Non-Party Rome*
Rome, Georgia 30161                *City School District*
(706) 291-2002 Office
chris.twyman@cbtjlaw.com