AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:16-CV-03088-ELR |
| STATE OF GEORGIA | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: DeKalb County Schools
1701 Mountain Industrial Blvd, Stone Mountain, GA 30083

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

✔ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it as set forth in Attachment A hereto.

| Place: Dekalb-Rockdale Center (Shadow Rock Elementary) 1040 Kingway Drive, Lithonia, GA 30058 | Date and Time: 02/28/2022 & 03/04/2022 8:00am – 4:00pm (not to exceed 3.5 hours/day) |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/15/2021

| *CLERK OF COURT* | OR | AILEEN BELL-HUGHES *Digitally signed by AILEEN BELL-HUGHES Date: 2021.12.15 21:58:20 -05'00'* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* the United States of America, who issues or requests this subpoena, are:

Aileen Bell Hughes, 75 Ted Turner Dr. SW, Suite 600, Atlanta, GA 30303; aileen.bell.hughes@usdoj.gov; 404-581-6133

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# **Attachment A**

Pursuant to the terms of the attached subpoena to permit inspection of premises in a civil action, the United States of America, by and through the United States Department of Justice ("DOJ"), intends to inspect the premises identified by address in the attached subpoena on the dates specified. This inspection, or "site visit," will be conducted in accordance with the terms set forth below.

*General Health and Safety Precautions*

In an effort to limit the number of personnel in any given facility at one time, the United States intends to conduct inspections of the identified premises in two separate teams. One team will inspect the premises on the first date identified in the subpoena and the second team will inspect the premises on the second date identified in the subpoena. Each team will consist of a maximum of two DOJ employees and two experts, and DOJ will provide the names of the members of the visiting teams one week in advance of the site visit. All DOJ team members have been fully vaccinated against COVID-19 and will wear masks during the entirety of the visit, regardless of whether the underlying facility operates under a mask mandate. Team members will abide by any sign-in policies and procedures regularly applied to visitors to the premises. The United States requests that either the regional GNETS program director or another GNETS site-based administrator accompany each team during the entirety of the inspection of the identified premises. In the event a student has a crisis or any other urgent school-based situation arises, members of the team will immediately follow the regional GNETS program director or GNETS site-based administrator's instructions for responding to the crisis/situation.

*Experts*

The purpose of these site visits is to allow the United States' experts an opportunity to access the information they need to form opinions in the matter of *United States v. Georgia*, No. 16 Civ. 3088 (N.D. Ga.). Each of the United States' experts (Jeff Anderson, Mary Jo Dare, Amy McCart, and Melinda Mitchiner) specializes in the field of special education and has extensive experience touring educational facilities, observing classroom instruction, and assessing student engagement in a manner that minimizes disruption to school operations. As stated above, the names of the specific experts and DOJ personnel whom the United States expects to be in attendance during the site visit will be provided one week in advance of the visit.

*Timing*

While this subpoena identifies an 8-hour time range for inspection on account of yet-to-be-determined start and end times, the total length of a single team's inspection of the premises identified shall not exceed 3.5 hours. In most cases—particularly in facilities where there are smaller numbers of students in the GNETS program—the length of the site visit will be significantly shorter. So long as total inspection time for a single team does not exceed 3.5 hours, the experts' time spent on any particular aspect of the site visit shall not be limited. In advance of the visit, the United States will work with counsel to identify more specific arrival and departure times that do not interrupt the start or dismissal of school.

*Physical Inspection*

Each site visit team will tour the premises and have the opportunity to inspect the following areas:

- Any classrooms that serve any student enrolled in the regional GNETS program (regardless of whether the classroom is a dedicated GNETS classroom or general education classroom where a student in the GNETS program spends a portion of the day);
- Any classrooms or other areas linked to "specials," "connections," or "electives" (e.g., art, music, theatre, band, career tech);
- Media center/Library;
- Gymnasium;
- Cafeteria;
- Science Labs;
- Computer Labs;
- Playground/Outdoor Athletic Facilities;
- Sensory Rooms and/or De-escalation Rooms;
- Any rooms that are used to provide therapeutic services, whether to students in the GNETS programs or to students with or without disabilities in the general education school;
- Counseling Office/Center;
- Nurse's Office/Station;
- Storage rooms/closets within GNETS school-based classrooms or standalone GNETS centers; and
- Any other area of the premises accessed or utilized by students in the GNETS program not specifically identified above.

The experts on each team shall be permitted to ask questions of the GNETS director or site-based administrator that are incidental to the inspection of the premises. This includes questions about the specific use(s) of particular rooms or areas of the building, the extent to which GNETS students are permitted to use those rooms or areas of the building, basic facts regarding the nature of any classrooms entered and/or observed (e.g., the grade level(s) of the classroom, subject matter, etc.), whether classroom attendance that day reflects actual enrollment, the job title of school staff interacting with students, and, generally, what students are working on. To minimize disruptions to classroom instruction, the experts shall refrain from asking such questions inside of individual classrooms where instruction is occurring.

*Classroom Observations*

Each team inspecting the identified premises will have the opportunity to observe classroom instruction or any other activity taking place in all GNETS classrooms and any general education classroom that serves a student in the GNETS program ("qualifying classrooms"). The two experts on each team and one DOJ employee shall have the right to enter each qualifying classroom to conduct observations. The experts shall make all reasonable efforts to stand and/or sit in the area of the classroom least likely to cause disruption. In most cases, this area will be the back of the classroom.

2

Experts shall have reasonable leeway to adjust their position within the classroom where needed to observe what students are working on and students' level of engagement.  The duration of the classroom visit will be determined by the experts.  If requested, the experts shall be permitted to return to a classroom already observed for additional observation.  Additionally, experts shall be permitted to observe—either from a stationary position in a classroom or in a hallway—periods of transition where students in the GNETS program move to and from classrooms or other areas of the school facility.

At no time during the observation will the experts question or otherwise engage students or classroom personnel beyond exchanging common pleasantries (e.g., responding to a "hello," saying "thank you" or smiling).  In the event classroom personnel or students speak to the experts unprompted, the experts will minimize communication by responding with a nod or by saying "thank you" or "okay."

*Expert and Team Member Documentation*

The experts participating in the inspection of the premises shall have the right to document the nature, condition, and appearance of the premises via photographs so long as the photographs taken do not include students, parents/guardians, building personnel, or any other images that implicate the Family Educational Rights and Privacy Act.  No other limitations shall be placed on the experts' right to photograph the premises.

All members of the DOJ team, including experts, participating in the inspection of the premises shall have the right to document any part of the inspection by taking notes.  No restrictions shall be placed on this right.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:16-CV-03088-ELR

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Print    Save As...    Add Attachment

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).