# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 1:16-CV-03088-ELR |
| v. ) | |
| ) | |
| STATE OF GEORGIA, ) | |
| ) | |
| Defendant. ) | |

## NON-PARTIES'[1] OBJECTION TO SUBPOENAS TO PERMIT INSPECTION OF PREMISES

### I. INTRODUCTION

The Pioneer Regional Educational Service Agency ("Pioneer RESA") is the fiscal agent for the Futures Program ("Futures") which is part of the Georgia Network of Educational and Therapeutic Supports ("GNETS"). Futures provides comprehensive educational and therapeutic support on the continuum of supports for special education students in fifteen local school districts to in Northeast Georgia. Amongst the school districts served is Dawson County School District, Habersham County School District, and Forsyth County School District.

---

[1] For the purposes of this notice, the Non-Parties objecting are the Pioneer Regional Educational Service Agency, Oconee Regional Educational Service Agency, Habersham County School District, Dawson County School District, Forsyth County School District, and Putnam County School District.

The Oconee Regional Educational Service Agency ("Oconee RESA") is the fiscal agent for GNETS of Oconee which is part of the Georgia Network of Educational and Therapeutic Supports ("GNETS"). GNETS of Oconee provides comprehensive educational and therapeutic support on the continuum of supports for special education students in six local school districts to in Central Georgia. Amongst the school districts served is the Baldwin County School District and Putnam County School District.

Neither Pioneer RESA, nor the Oconee RESA, nor the local school districts that they support are parties to this lawsuit. The students educated in these schools are, likewise, not parties to this lawsuit. Nevertheless, significant demands are being made of RESAs, GNETS programs, local school districts, their employees and students responsive to third party subpoenas served by the United States pursuant to Fed. R. Civ. P. Rule 45 with little regard to any attempt to tailor the subpoenas to each location, to minimize the burden placed on them or the students involved.

## II.    Background

Prior to serving any subpoenas pursuant to Fed. R. Civ. P. Rule 45, the United States attempted to schedule voluntary "site visits" and premises

inspections at GNETS programs and local school districts across the state in connection with this pending litigation. In attempt to collaborate, GNETS programs, their fiscal agents and counsel have engaged in extensive communications about the purpose and scope of these visits. Concerns have been raised with the United States on behalf of GNETS programs, local school districts and students with regard to the burden of the visits, disruption to the school environment, the nature of the classroom observations proposed, the number of individuals requested to participate, the request to question individuals outside, student confidentiality concerns, concerns for safety protocols. While efforts were made to resolve the issues that arose, because the requests were not made under the color of a subpoena or any other legal parameters, it was difficult to discern the scope of the visits in connection with this legal matter.

On December 17, 2021[2], the United Stated served a total of seven subpoenas in connection with the Futures Program for site inspections to be conducted on January 10, 2022 and January 12, 2022. They served two subpoenas[3] on the Futures Program – one for an inspection of premises of a "Futures Center" in

---

[2] December 17, 2021 was the last day of school prior to the Winter Break which lasts until the week of January 3, 2022 for all of the RESAs and school districts involved (the specific date of return varies for each school district). The United States seeks to visit the programs January 10th and January 12th, just a matter of days after staff and students return from Winter Break, allowing little time for coordination or scheduling.

[3] It appears that the United States failed to comply with this Court's local rules in failing to file a certificate of service for any subpoena at issue in this objection.

3

Cornelia, GA and one for a "Futures Center" in Cumming, GA. As an initial matter, Pioneer RESA notes that it does not own or maintain the facility in Cumming, GA. The United States also served a subpoena on Mr. Matthew Cooper, Superintendent of the Habersham County School District for an inspection of the premises of Cornelia Elementary School. The United States also served a subpoena on Dr. Jeffrey Bearden, Superintendent of Forsyth County School District for what the United Stated titled "Futures Center," and served three subpoenas on Dr. Damon Gibbs, the Superintendent of the Dawson County School District to inspect Blacks Mill Elementary School, Dawson County Junior High School and Dawson County High School. Other than identifying a different location, each of these subpoenas was identical in content and scope.

The United States also served five subpoenas on December 17, 2021, to the GNETS of Oconee Program. They served subpoenas on Pat Wolf for Baldwin High School, Lakeview Academy, and Oak Hill Middle School. These school buildings and facilities are owned by the Baldwin County School District, but houses classrooms which serve GNETS students. They also served Mr. Eric Arena, the Superintendent of the Putnam County School District with two subpoenas to inspect the premises of Putnam County Middle School and Putnam County Primary School. There are no GNETS students currently served at

4

Putnam County Primary School, however. Other than seeking to inspect different locations, the content and scope of the subpoenas are identical.

On December 17, 2021, the United States also sent emails to counsel for other GNETS fiscal agents asking if she would accept service of subpoenas for seven more fiscal agents and GNETS programs: the Horizon GNETS program, North Metro GNETS program, Coastal Academy GNETS, Cedarwood GNETS, Pathways, Northwest Georgia GNETS and Flint Area Learning Program. This included a total of 24 additional subpoenas and involving 16 local school districts.

All of the subpoenas served and attached to the emails are again identical. This is true regardless of the number of schools the United States is seeking to inspect, the number of GNETS classrooms at a given school location, the issues for discovery, or the role of the program in this underlying litigation. Each of these fiscal agents have already responded to a subpoena for records and provided hundreds of pages of documents responsive to those requests. The United States has information about the programs, including information about the classrooms, and student rosters which enabled them to tailor their requests for the sake of efficiency for the parties involved. Instead, they sent the same blanket subpoenas to all parties to inspect the premises of the schools involved. Closer inspection of the subpoenas, however, also reveals that the requests go well beyond a site

5

inspection outside the scope of Rule 45, are overly burdensome and the RESAs and local school districts hereby object on the grounds set forth below.

## OBJECTIONS

**I.     The non-parties object to these subpoenas as they are overly burdensome and outside the scope of Rule 45**

The non-parties involved object to the subpoenas served by the United States. A non-party may object to a subpoena so long as the non-party has some personal stake in the subpoena. *Colonial Funding Network, Inc. v. Genuine Builders, Inc.,* 326 F.R.D. 206 (2018). Pioneer RESA, Oconee RESA, Habersham County School District, Dawson County School District, Forsyth County School District an Putnam County School District all have a stake in this subpoena as the United States seeks to inspect their premises, conduct observations of their classrooms and the inspections are likely to have an impact on their employees and students. The inspections are also time consuming and costly to each of the programs involved.

The subpoenas served on these third parties are overly burdensome. Fed. R. Civ. P. 45(d)(1) requires that "a party or attorney responsible for issuing an serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The subpoenas served, however, impose a

6

significant burden and little to no effort was made to avoid such a burden. The blanket subpoenas were served on all non-parties and include large windows of time, with no indication as to when they may come or go during the school day and include catch all lists of portions of the facilities they seek to inspect – whether they exist in a given school or not.

The subpoenas also ask that each GNETS and school involved sacrifice large amounts of time and allow experts and attorneys to march through schools and conduct hours of observations. This is a considerable disruption to any school, particularly where they are providing therapeutic supports to students with significant disabilities and behavioral needs. *See*, *Martinelli v. Petland, Inc*. No. 09-529-PHX-DGC, 2010 WL 3947526 (D. Kan. Oct. 7, 2010).

Classroom observations, themselves, go beyond the scope of an inspection of the premises which could be done outside school hours and limit any disruption to students and instruction. The subpoenas further demand to have "leeway" to move about the classrooms and determine the duration of the observations they will be conducting without regard for the students' needs and ongoing instruction. They shall also be permitted to a classroom or interact with students and take photographs. Nothing in Rule 45 contemplates such interactions, especially where students are involved and without their parents' knowledge and consent. Again,

7

these students, their parents, and the schools involves are not parties to this lawsuit, but the expectations to be involved and share otherwise confidential infomration is as extensive as if they are.

While each subpoena identifies a 3.5 hour window of time, the subpoenas each set two visits – a total up to 7 hours of site inspection and classroom observations per school location. Some of the visits identified have only one GNETS classroom and because the subpoena does not limit the amount of time for the classroom observation portion of the site inspection and leaves the observation to the discretion of the experts, a single classroom observation could last hours. Even if each total visit were only 3.5 hours, this timespan is a substantial burden on any given school and the students served there when a typical school day is approximately seven hours. Given that the subpoenas seek to conduct these visits during active school hours, rather than to inspect the premises when students are not present, this request takes valuable staff away from existing obligations and disrupts the school environment for large periods of time. It may seem unobtrusive when viewed as a singular visit, but the United States sent seven subpoenas to the Futures Program as a whole, seeking to conduct two different site inspections on two different dates and totals 49 hours worth classroom observations. If the United

8

States does not intend to use all of these hours, that is completely unclear and the specific inspections to be conducted are vague.

While the subpoenas indicate that they are attempting to reduce staff by splitting their teams, doing so increases attorney's fees for the parties involved and also impacts the GNETS by requiring them to divide staff at multiple locations – staff that would otherwise be attending to their students. If the experts share expertise they should be contained to limit the amount of time demanded by the subpoenas rather than expanding the total number of visits.

Overall, the non-parties object to these subpoenas. If they are to be allowed, the non-parties ask that subpoenas be narrowed based on each program so that focus of each inspection is clear and that the premises be inspected outside of school hours to limit the disruption to school staff and students and to help ensure safety during the ongoing pandemic.

## II. The non-parties are entitled to attorney's fees

Fed. R. Civ. P. Rule 45 allows for the award of attorneys fees when "a non-party incurs significant expense from compliance with a subpoena." See, *Valcor Engineering Corp. v. Parker Hannfin Corp.,* 2018 WL 3956732 (2018). In this matter, the non-parties have already incurred significant attorney's fees in their

9

attempts to confer with and comply with requests for site inspections even prior to the subpoenas. Upon receipt of these subpoenas, additional costs are incurred whereupon the non-parties will need to have legal counsel present at each of the visits (and in some cases at two locations on the same date) and in pursuing this objection (many of which were previously raised with counsel for the United States). It is also clear from the continued communications that additional non-parties will be impacted and incurring similar expense, with little regard to the burdens or costs placed on them.

### Conclusion

The Pioneer RESA, Oconee RESA, Dawson County School District, Habersham County School District, Forsyth County School District and Putnam County School District object to the site visits scheduled for January 10, 2022 and January 12, 2022.

### Certification

Counsel certifies pursuant to Local Rule 5.1 that this document has been prepared in Times New Roman 14-point font with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 30th day of December, 2021.

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Beth F. Morris*

| | |
|---|---|
| Gateway Professional Center | Beth F. Morris |
| 340 Jesse Jewell Parkway, Suite 750 | Georgia Bar No. 153013 |
| Gainesville, Georgia 30501 | |
| Telephone: (770) 534-7341 | Reagan Sauls |
| Facsimile: (770) 532-0399 | Georgia Bar No. 311422 |
| Email: bmorris@hhhlawyers.com | |
| Email: rsauls@hhhlawyers.com | |

ATTORNEYS FOR NON-PARTIES PIONEER REGIONAL EDUCATIONAL SERVICE AGENCY, OCONEE REGIONAL EDUCATIONAL SERVICE AGENCY, HABERSHAM COUNTY SCHOOL DISTRICT, DAWSON COUNTY SCHOOL DISTRICT, FORSYTH COUNTY SCHOOL DISTRICT, AND PUTNAM COUNTY SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, I electronically filed the *Non-Parties' Objection to Subpoenas to Permit Inspection of Premises* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

HARBEN, HARTLEY & HAWKINS, LLP

*/s/ Beth F. Morris*

Gateway Professional Center  Beth F. Morris
340 Jesse Jewell Parkway, Suite 750  Georgia Bar No. 153013
Gainesville, Georgia 30501

11

Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: bmorris@hhhlawyers.com

                         ATTORNEY FOR NON-PARTIES PIONEER REGIONAL EDUCATIONAL SERVICE AGENCY, OCONEE REGIONAL EDUCATIONAL SERVICE AGENCY, HABERSHAM COUNTY SCHOOL DISTRICT, DAWSON COUNTY SCHOOL DISTRICT, FORSYTH COUNTY SCHOOL DISTRICT, AND PUTNAM COUNTY SCHOOL DISTRICT