## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| *v.* | Civil Action No. |
| **STATE OF GEORGIA,** | 1:16-cv-03088-ELR |
| Defendant. | |

## UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL FLOYD COUNTY SCHOOLS' COMPLIANCE WITH RULE 45 SUBPOENAS FOR INSPECTION OF PREMISES

### INTRODUCTION

Plaintiff United States of America ("United States") respectfully submits this Memorandum of Law in Support of its Motion to Compel Floyd County Schools' Compliance with Rule 45 Subpoenas for Inspection of Premises.

The United States, at the Court's direction (Doc. 168), briefed issues relating to subpoena compliance by other nonparty objectors in a motion to compel and supporting memorandum filed on March 25, 2022. (Doc. 174) On March 31, 2022, after the United States and Floyd County Schools ("FCS") filed a Consolidated/Joint Discovery Statement regarding FCS' objections to the United States' subpoenas for inspection of premises (Doc. 175), this Court ordered the United States "to file any motions to compel regarding sites within Floyd County School District" within seven

days. (Doc. 176) The United States' motion to compel FCS and this memorandum in support are filed in response to that March 31 Order.

Numerous issues raised by FCS regarding the United States' uniform site visit protocol rehash those previously raised by other nonparty objectors. The United States has addressed those issues in detail in its previous motion and memorandum, as well as the joint discovery statement that the United States filed with FCS on March 28, 2022. (Docs. 174 and 175) Accordingly, the United States does not repeat, but instead specifically incorporates by reference, the substance of its prior motion and memorandum and its portion of the joint statement. The United States separately addresses below the few factual and legal issues specific to FCS.

## FACTUAL BACKGROUND

In its prior memorandum, the United States set forth the factual background leading to service of the Rule 45 subpoenas at issue. (Doc. 174-1 at 3-10) The United States incorporates that background here by reference and details below additional facts specifically concerning FCS.

FCS is not the fiscal agent for any regional GNETS program. However, its Coosa Middle and High Schools house GNETS locations within the Northwest GA regional GNETS program, the fiscal agent for which is Northwest RESA.[1] On December 17, 2021, the United States issued two Rule 45 inspection subpoenas to

---

[1] Northwest RESA and the United States filed a Corrected Consolidated/Joint Discovery Statement on March 6, 2022.  (Doc. No. 163)

FCS' counsel by email with a request that counsel accept electronic service of the subpoenas. Counsel never confirmed acceptance. Accordingly, after making multiple inquiries, the United States reissued the two subpoenas by process server on January 24, 2022. (Doc. 178)

FCS, apparently coordinating with the State and other nonparties, objected to the site inspections from the outset. In an email dated December 22, 2021, FCS stated it would not comply with several terms contained in the site inspection subpoenas unless directed by the Court to do so. On February 7, 2022, FCS filed written objections to the Rule 45 subpoenas. (Doc. 155) Despite repeated conferences and email exchanges, the United States and FCS were unable to resolve FCS' objections. Specifically, the United States conferred with counsel for FCS for over an hour on each of December 17, 2021 and January 7, 2022. The United States met and conferred with FCS again on March 2, 2022 after FCS filed formal objections with this Court.

On March 28, 2022, the United States and FCS filed their Consolidated/ Joint Discovery Statement. (Doc. 175) FCS' portion of the joint discovery statement overwhelmingly raises the same objections lodged by other parties, including that:

- the subpoenas are "overly broad" and should be narrowly tailored to each of the subpoenaed facilities (*Id.* at 3);

- asking incidental questions onsite is disruptive and amounts to the United States taking roving, unsworn depositions (*Id*. at 3, 8, and 10);

- having one DOJ employee accompany experts during classroom observations is disruptive and should not be allowed (*Id*. at 10);

- permitting the United States' experts "reasonable leeway" to adjust their position within the classroom confers discretion that is too "broad and imprecise" (*Id*. at 13); and

- the United States experts will improperly intrude on areas where "students, parents, faculty and staff have a reasonable expectation of privacy or confidentiality" including, according to FCS, "principals' offices," "bathrooms" and individual therapy sessions (*Id*. at 18-19).

Beyond repeatedly claiming that the FCS schools the United States seeks to inspect are uniquely situated because they house school-based GNETS classrooms or resurrecting matters previously resolved through conference, FCS provides few specifics explaining why these objections warrant a modification of the United States' proposed site inspections.

In addition to the objections that track those lodged by other nonparties, FCS proposes that the United States conduct discovery in a manner different from what the subpoenas specify. In particular, rather than allowing the in-person observations that the United States' experts have determined are necessary to render opinions in this matter, FCS offers "to install cameras in GNETS classrooms that will provide high-quality audio and visual at various angles" at all times during the day to facilitate

virtual observations. (*Id.* at 10) FCS also argues that the United States' experts should not be permitted to photograph the premises but should instead be required to allow FCS to do so on their behalf. (*Id.* at 21 - 23). Finally, FCS suggests the United States take pre-inspection depositions in lieu of asking incidental questions during the site inspection.

## ARGUMENT

### I.    The Information the United States Seeks Falls Squarely within the Scope of Allowable Discovery under Rule 45.

The United States has briefed the claim that its subpoena protocol is overbroad, and incorporates by reference the arguments included in its prior memorandum in support of its motion to compel. (Doc. 174-1 at 13-17) In short, Rule 45 authorizes a litigant to command third parties to permit the inspection of physical facilities within their control: "[a] command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena." Fed. R. Civ. P. 45(a)(1)(C).  Like Rule 34 (which authorizes inspection of a party's premises), Rule 45 has been construed to permit "the broadest sweep of access, inspection, examination, testing, sampling, copying, and photographing of documents, electronically stored information, or objects in the possession or control of another party." 8B Wright & Miller, *Fed. Prac. & Proc.*, § 2206 (3d ed. 2021); *see also Gaskin v. Commonwealth of Pennsylvania*, No. Civ. A

5

94-4048, 1997 WL 734031, at *1 n.3 (E.D. Pa. Nov. 4, 1997) (quoting Wright &

Miller). For the reasons outlined in the United States' prior brief, FCS—like the other

nonparty objectors—has failed to carry its burden of showing that the discovery

requested is outside of this "broadest sweep of access." (Doc. 174-1 at 13-18)

## II.    The Law Is Well-Established that Rule 45 Permits the Type of School Tours and Classroom Observations the United States Seeks.

FCS seeks to dictate the manner in which the United States conducts its site

inspections by, among other things, arbitrarily restricting how classroom

observations are conducted; permitting only remote classroom observations via "live

audio/video feeds"; requiring that any photographs of the inspection sites the United

States' experts seek be taken by FCS and not the experts themselves; and demanding

that the United States conduct pre-inspection depositions in lieu of its experts asking

incidental questions onsite. These efforts ignore well-established precedent

interpreting Rule 45 to permit reasonable facility tours and classroom observations,

particularly in cases alleging deprivation of civil rights.

As explained in the United States' memorandum in support of its prior motion

to compel (Doc. 174-1 at 19-20), the terms on which the United States proposes that

its experts tour facilities, conduct classroom observations, ask questions of facility

personnel, and take photographs fall well within the scope of reasonableness. *See,

e.g.*, *New York State Ass'n for Retarded Child. v. Carey,* 706 F.2d 956, 960–61 (2d

Cir. 1983) (concluding that district court did not abuse its discretion by permitting

plaintiffs' counsel, consultants, and experts to inspect state facility for disabled children and to "take photographs, make observations, take notes, … and interview any class member, staff member, or employee desired outside the presence of defendants, their counsel, and representatives."); *Kenny A. v. Perdue*, Civ Act. 1:02-cv-1686, 2004 U.S. Dist. LEXIS 33464, at *12-13 (N.D. Ga. Dec. 3, 2004) (permitting experts to conduct private interviews with children and informal interviews with staff); *Barnhardt v. Meridian Mun. Separate Sch. Dist.*, Civ. No. 4:65-cv-1300, 2012 U.S. Dist. LEXIS 42460, at *19-20 (S.D. Miss. Mar. 28, 2012) (permitting experts to conduct informal interviews of appropriate school discipline personnel and school tour); *Santamaria v. Dallas Indep. Sch. Dist.*, Civ. No. 3:06-CV-692-L, 2006 WL 1343604 at *1, *3 (N.D. Tex. May 16, 2006) (permitting expert to observe classes at a single school "for up to three days, without interfering with classroom instruction"); *Gaskin*, 1997 WL 734031, at *1 (granting motion to compel and denying motion to quash enforcement of Rule 45 subpoenas for classroom observation); *Wyatt v. Hannan*, Civ. No. 3195-N, 1995 WL 699616 at *1 (M.D. Ala. Nov. 8, 1995) (permitting expert, outside the presence of defendants' counsel and without a staff escort, to tour an adolescent center, conduct classroom observations, and interview students and teachers at the end of class).

FCS' enthusiasm for installing cameras instead of allowing the United States' experts to conduct in-person classroom observations not only increases costs but also

runs afoul of clear Rule 34 precedent, incorporated by Rule 45, permitting the United States to reasonably control the manner in which it takes discovery. *See generally Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 702 (S.D. Ga. 2012). As even case law cited by FCS makes clear, "[c]onsistent with Rule 34(a), defendant is not at liberty to refuse plaintiff's request for an on-site visit and substitute what it deems comparable." *Curry v. Goodman*, No. 3:02-cv-1149, 2003 U.S. Dist. LEXIS 17861, at *3 (D. Conn. May 22, 2003) (rejecting defendant's offer to provide plaintiff with video footage rather than host a site inspection).

Moreover, Rule 34 explicitly provides the right to take photographs during a site inspection. *See* Fed. R. Civ. P. 34(a)(2). Accordingly, courts have rejected objectors' demands to record site inspections themselves rather than allowing the party conducting the inspection to do so. *See Scruggs*, 278 F.R.D. at 702 (party "patently unreasonable" in proposing that it—rather than the inspecting party—video the premises, as the party seeking the inspection is "entitled to control his own videotaping and evidentiary presentation, not to mention protect his own litigation strategy"). This Court should do the same.

Finally, insofar as FCS objects to the proposed inspections because they require a regional GNETS program administrator or site-based administrator to answer incidental questions from the experts and thus subject the administrators to "roving depositions," that objection is equally unavailing. In *New York State Ass'n*

8

*for Retarded Children v. Carey*, the court acknowledged the danger that "interrogation of … employees, conducted informally, could amount to a roving deposition, taken without notice, throughout the [facility], of persons who were not sworn and whose testimony was not recorded, and without any right by the defendant to make any objection to the questions asked." 706 F.2d at 961. However, the Second Circuit held that the lower court did not err in concluding that the danger did not outweigh the value of the proposed inspection in the search for the truth because "plaintiff counsel's claims of noncompliance were quite specific," "[a]lmost all the out-of-court statements by … employees provisionally admitted were received for the purpose of enabling plaintiffs' experts to express an opinion as permitted by FRE 703," and the observations to which plaintiffs' experts testified were accompanied by "documentary and photographic exhibits." *Id.*

Here, as in *Carey*, the United States' claims of unlawful discrimination are specific, the statements from administrators are being elicited to enable the United States' experts to better understand what is happening onsite so that they may render opinions, and those opinions will be supported not only by information gleaned from administrators' statements but also by documentary and photographic evidence. Although FCS relies on *Belcher v. Bassett Furniture Industries Inc.*, 588 F. 2d 904, 908 (4th Cir. 1978), to bolster its claim that informal questioning should be prohibited during a Rule 45 inspection, that case was decided against "the backdrop of a boilerplate complaint without any specific allegations of discrimination and a

motion which failed 'to specify any reason or need for the inspection, relying simply on rule 34.'" *Clay v. Consol Pa. Coal Co., LLC*, No. 12 cv 92, 2013 WL 12373591, at * 1 (N.D. W.Va. Apr. 25, 2013) (characterizing *Belcher*). As in *Carey* and elsewhere, differing facts in this case warrant a different outcome. *See Carey*, 706 F.2d at 961 (concluding that "[a] different balance [from that in *Belcher*] must be struck in the present case"); *U.S. Equal Emp. Opportunity Comm'n v. Akebono Brake Corp.*, C/A No.: 3:16-3545- CMC-SVH, 2018 WL 1365796, at *3, *6 (N.D. W.Va. Mar. 16, 2018); *Clay*, 2013 WL 12373591, at *2.

### III.   Floyd County Schools Cannot Meet Its Burden To Show the Inspections Will Be Oppressive or Unreasonably Disruptive.

FCS generally asserts that classroom observations "necessarily will be very disruptive." (Doc. 175)  But conclusory assertions, without more, are insufficient to relieve FCS of its obligation to comply with lawfully issued subpoenas. *See, e.g.*, *Gaskin*, 1997 WL 734031, at *1 n.3.  To avoid compliance, FCS must demonstrate that enforcement of the subpoenas "subjects [it] to undue burden." Fed. R. Civ. P. Rule 45(d)(3). *See also Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC-SCOLA, 2020 WL 2616209, at *2-3 (S.D. Fla. May 22, 2020); *Gaskin*, 1997 WL 734031, at *1 n.3. FCS has done no such thing. Indeed, as explained in the United States' memorandum in support of its prior motion to compel, the United States' proposed site inspections are not unduly burdensome. (Doc. 174-1 at 20-23)

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court issue an order compelling FCS to comply with the Rule 45 inspection subpoenas served on it, including the protocol outlined in Attachment A to those subpoenas.

Respectfully submitted this 7th day of April, 2022.

KURT R. ERSKINE
*United States Attorney*
Northern District of Georgia

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
GA Bar Number: 375505
Assistant United States Attorney
United States Department of Justice
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Suite 600
Atlanta, GA 30303-3309
(404) 581.6000
aileen.bell.hughes@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General

SHAHEENA A. SIMONS
Chief

RENEE M.WOHLENHAUS
KELLY GARDNER WOMACK
Deputy Chiefs

ANDREA E. HAMILTON
Special Litigation Counsel

VICTORIA M. LILL
CLAIRE D. CHEVRIER
FRANCES S. COHEN
PATRICK HOLKINS
LAURA C. TAYLOE
MICHELLE L. TUCKER
Trial Attorneys
Educational Opportunities Section

*/s/ Kelly Gardner Womack*
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW

Washington, DC 20530
(202) 598-9603
kelly.gardner@usdoj.gov

## **L.R. 7.1(D) CERTIFICATION**

I certify that this statement has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this memorandum has been prepared using 14-pt Times New Roman font.

/s/ *Kelly Gardner Womack*
KELLY GARDNER WOMACK

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this 7th day of April 2022, I electronically filed the foregoing Memorandum of Law in Support of the United States' Motion to Compel Compliance with Rule 45 Subpoenas for Inspection of Premises with the Clerk of Court using the CM/ECF system, in order to effect service upon all counsel of record.

/s/ *Kelly Gardner Womack*
KELLY GARDNER WOMACK