IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. STATE OF GEORGIA, *Defendant*. | CIVIL ACTION FILE NO. 1:16-cv-03088-ELR |

### STATE OF GEORGIA'S RESPONSE TO UNITED STATES' MOTION TO COMPEL

The State of Georgia is not a party to this discovery dispute and takes no stance on either the merits of the motion or the concerns raised by the Objecting Parties. But the State feels obligated to respond separately to correct several factual and legal misstatements in the United States' Motion to Compel Compliance with Rule 45 Subpoenas for Inspection of Premises.

**I.   The State has no obligation to facilitate third-party site visits.**

The United States' first error is its apparent belief that the State is obligated to coordinate the United States' travel and site visits to locations that are controlled and represented by independent entities. The State is not the federal government's assistant. Nor is it under any obligation to facilitate site visits to these schools.

Georgia law is clear: the Objecting Parties are independent third parties not under the State's control. Local school districts are independent constitutional authorities not under the control of the State. See Ga. Const. art. 8, § 5, ¶ 1. Regional Education Services Agencies ("RESAs") are expressly "not state agencies." O.C.G.A. § 20-2-270(f). The Supreme Court of Georgia has held that "local boards of education [have] the exclusive right to establish and maintain, i.e., the exclusive control over, general K–12 public education." Gwinnett Cty. Sch. Dist. v. Cox, 289 Ga. 265, 266 (2011). And the Constitution of Georgia provides that the Attorney General is the "legal advisor of the executive department [and] shall represent the state" in court. Ga. Const. art. 5, § 3, ¶ 4 (emphasis added). The State's long-held position—communicated clearly and often with the United States—has consistently reflected this reality.

Given the State's repeated expression of—and the strength of the authority supporting—this view, the United States can hardly say that it is "baffl[ed]" that the constitutionally independent school districts and statutorily independent RESAs retained their own counsel separate from the Attorney General. See Doc. No. [174-1] at 5 n.1. Indeed, far from merely "claim[ing] that it [does] not represent the regional GNETS programs or the local school districts," the State does not—indeed, cannot—represent them. Doc. No. [174-1] at 1-2. The

Constitution and laws of Georgia remove the State's discretion. A simple review of the pleadings in this case—not to mention repeated conversations between counsel—would have reminded the United States that this has been the State's position in this litigation from the very beginning.

## II.   The State Has Not "Orchestrated" Delay.

Frustrated by the legal realities of education policy in Georgia, the United States also errs when it claims—without any support—that the State somehow "coordinat[ed]" with the Objecting Parties in their objections and caused delay.

Far from it. The State has not "orchestrated" anything, and the United States offers no evidence to suggest otherwise beyond mere speculation. Proving the point is the DOJ's latest document request seeking communications between the State, the local school districts, and the RESAs about the United States' planned tours.[1] Put simply, if the United States had evidence that its representation to the Court were accurate, it would not need to send discovery requests seeking documents to substantiate its baseless allegations.

---

[1] A true and accurate copy of the United States' Second Request for the Production of Documents is attached as "Exhibit 1."

## CONCLUSION

Whatever the merits of the underlying dispute, the State has no role in it. Though the State certainly sympathizes with the Objecting Parties' concerns, they are the only ones with standing to raise them with the Court. And they are the only ones that can coordinate visits to their facilities and programs. The United States' misguided insinuations to the contrary are legally flawed and factually wrong.

Respectfully submitted this 8th day of April, 2022.

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante @robbinsfirm.com
Melanie Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Edward A. Bedard
Georgia Bar No. 926148
ebedard@robbinsfirm.com
Danielle Hernandez
Georgia Bar No. 736830
dhernandez@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
T: (678) 701-9381
F: (404) 856-3255

Alexa R. Ross
Georgia Bar No. 614986
alexarross@icloud.com
ALEXAROSSLAW, LLC
2657 Danforth Lane
Decatur, GA 30033

*Special Assistant Attorneys General*

*Attorneys for Defendant*

## L.R. 7.1(D) CERTIFICATION

I certify that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this brief has been prepared using 14-pt Times New Roman Font.

<u>*/s/ Josh Belinfante*</u>
Josh Belinfante

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

Respectfully submitted this 8th day of April, 2022.

*/s/ Josh Belinfante*
Josh Belinfante

*Attorney for Defendant*