# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:16-CV-03088-ELR |
| | * | |
| STATE OF GEORGIA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

## O R D E R

_____

Presently before the Court are the United States' "Motion to Compel Compliance with Rule 45 Subpoenas for Inspection of Premises Affiliated with the Georgia Network for Educational and Therapeutic Support and Pioneer RESA, Northwest RESA, Oconee RESA, Metro RESA, Cobb County School District, and Fulton County School District" [Doc. 174] and the responses in opposition submitted by the State of Georgia [Doc. 180]; non-parties Metro RESA, Northwest Georgia RESA, Pioneer RESA, Oconee RESA, Chattooga County School District, Dawson County School District, Habersham County School District, Forsyth County School District, and Putnam County School District [Doc. 181]; and non-parties Fulton County School District and Cobb County School District. [Doc. 182].

Pursuant to Federal Rule of Civil Procedure 37, the decision of whether to compel discovery "is committed to the sound discretion of the trial court." See Lowery v. AmGuard Ins. Co., 1:20-CV-05148-TWT, 2022 WL 458595, at *2 (N.D. Ga. Jan. 24, 2022) (citing Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984)). Additionally, Rule 26 instructs, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

See FED. R. CIV. P. 26(b)(1). In turn, Rule 34 permits discovery through the inspection of a premises and, specifically, provides that "a nonparty may be compelled to . . . permit an inspection[.]" See FED. R. CIV. P. 34(c); see also FED. R. CIV. P. 45(a)(1)(C) (allowing for a subpoena to permit the inspection of a non-parties' premises). "The overall purpose of discovery . . . is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues . . . may be based on a full and accurate understanding of the true facts," so as to "embody a fair and just result." See Lowery, 2022 WL 458595, at *2 (quoting Cottone v. Cottone, 1:15-CV-3584-MHC, 2017 WL 9250366, at *2 (N.D. Ga. Oct. 11, 2017)) (internal quotation marks omitted); see also United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958) (same).

Here, the Court has applied the non-exhaustive list of factors from Rule 26(b)(1), reviewed the proffered legal authority from the motion to compel and responses thereto, and considered the arguments by the Parties and above-listed non-parties. Upon consideration, the Court finds that the United States' subject Rule 45 subpoenas for inspection of premises are enforceable. [See Doc. 174-1 at 2].

Accordingly, the Court **GRANTS** the United States' "Motion to Compel Compliance with Rule 45 Subpoenas for Inspection of Premises Affiliated with the Georgia Network for Educational and Therapeutic Support and Pioneer RESA, Northwest RESA, Oconee RESA, Metro RESA, Cobb County School District, and Fulton County School District." [Doc. 174].

The Court **ORDERS** non-parties Metro RESA, Northwest Georgia RESA, Pioneer RESA, Oconee RESA, Chattooga County School District, Dawson County School District, Habersham County School District, Forsyth County School District, Putnam County School District, Fulton County School District, and Cobb County School District to comply with the terms of the United States' Rule 45 Subpoenas for Inspection of Premises, including the site inspection protocol set forth in the United States' Attachment A to the Subpoenas. [E.g., Doc. 174-3].

**SO ORDERED**, this 12th day of April, 2022.

                                        *Eleanor L. Ross*
                                        Eleanor L. Ross
                                        United States District Judge
                                        Northern District of Georgia