IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>*v.*<br><br>STATE OF GEORGIA<br>Defendant. | Civil Action No.<br><br>1:16-CV-03088-ELR |

### CERTIFICATION OF SERVICE OF DISCOVERY

Pursuant to Local Rule 5.4, N.D. Ga., I certify that on Monday, August 15, 2022, the United States served a **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OBJECTS, OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to Andrea Winston, Executive Director of New Horizons Behavioral Health, via email as follows:

>Andrea B. Winston, Executive Director
>New Horizons Behavioral Health
>2100 Comer Avenue
>Columbus, GA 31904
>awinston@nhbh.org

A true and correct copy of the subpoena is attached hereto.

          Respectfully submitted,

          RYAN K. BUCHANAN
            *United States Attorney*

          /s/Aileen Bell Hughes
          *Assistant United States Attorney*
          Georgia Bar No. 375505
          aileen.bell.hughes@usdoj.gov
          *600 U.S. Courthouse*
          *75 Ted Turner Drive, S.W.*
          *Atlanta, GA 30303*
          *(404) 581-6000  fax (404) 581-6181*

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing certification has been prepared using Book Antiqua, 13-point font.

/s/ Aileen Bell Hughes
*Assistant United States Attorney*

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

September 2, 2022

/s/ AILEEN BELL HUGHES
AILEEN BELL HUGHES
*Assistant United States Attorney*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| UNITED STATES OF AMERICA | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:16-CV-03088-ELR |
| STATE OF GEORGIA | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ANDREA B. WINSTON, Executive Director
NEW HORIZONS BEHAVIORAL HEALTH
2100 Comer Avenue
Columbus, GA 31904

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| **Place**: Electronic Production via the United States' secure filesharing system, JEFS, or through other means with agreement from counsel for the United States | Date and Time: 9/6/2022 11:59 pm |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it as set forth in Attachment A hereto.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/15/2022

CLERK OF COURT

_____        OR        *Aileen Bell Hughes*
*Signature of Clerk or Deputy Clerk*                             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* the United States of America , who issues or requests this subpoena, are:

Aileen Bell Hughes, 75 Ted Turner Dr. SW, Suite 600, Atlanta, GA 30303; aileen.bell.hughes@usdoj.gov; 404-581-6133

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:16-CV-03088-ELR

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&apos; I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

&apos; I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                *Server's signature*

                                             _____
                                                *Printed name and title*

                                             _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Fed. R. Civ. P. 45(a)(1)(C), (D), NEW HORIZONS BEHAVIORAL HEALTH is commanded to produce by September 6, 2022, the designated documents, electronically stored information, or tangible things in its possession, custody, or control as identified below.

## INSTRUCTIONS

1. This subpoena covers all documents in or subject to your possession, custody, or control, including all documents that are not in your immediate possession but that you have the effective ability to obtain and that are responsive, in whole or in part, to any of the individual requests set forth below. If for any reason—including a claim of attorney-client privilege—you do not produce documents called for by this subpoena, you should submit a list of the documents you are not producing. The list should describe each document in a manner that, without revealing information itself privileged or protected, will enable the United States to assess the claim of privilege. This description should include the following: the author of the document, date of the document, recipient(s) of the document, subject matter of the document, each person who has ever possessed a copy of the document, the basis for withholding the document, the attorney(s) and client(s) involved (if applicable), and the subpoena request to which the document is responsive.

2. Unless otherwise specified, these requests seek responsive documents from the 2019-20 fiscal year ("FY2020") through the 2021-22 fiscal year ("FY2022").

3. If documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify each such document, the date on which it was lost, discarded, or destroyed, and the reason(s) for its loss, discarding, or destruction.

4. Documents should be produced as they are kept in the ordinary course of business. Documents created or stored electronically must be produced in their native electronic format, not printed to paper. All documents should be produced in a unitized manner (i.e., separated or otherwise delineated to identify the boundaries for each document).

5. Data should be produced in a searchable and usable electronic format. Specifically, for any request for a collated list of data, please provide the information using a Microsoft Excel spreadsheet, with the delineated data separated by appropriate columns and rows. Please also

provide a corresponding data dictionary/key. For any request for copies of documents, please provide the information as a searchable Word or Adobe Acrobat file. To the extent any information is available online, please provide the URL address(es) where the information is located.

6. All documents produced should be labeled with sequential numbering (Bates-stamped). The Bates stamps should begin with a letter prefix that identifies the CSB and that prefix should be followed by numbering that includes at least six digits (e.g., "ABC000001").

7. For any documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the document production.

## DEFINITIONS

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1. For purposes of responding to this subpoena, "you" means NEW HORIZONS BEHAVIORAL HEALTH, its constituent agencies or facilities, and any of its officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its behalf.

2. The Georgia Apex Program, or Apex, means the program identified as such by the Georgia Department of Behavioral Health and Developmental Disabilities (DBHDD) (e.g., https://dbhdd.georgia.gov/georgia-apex-program).

3. Community Service Board, or CSB, means any of the organizations so identified by the DBHDD (e.g., https://dbhdd.georgia.gov/locations/community-service-board).

4. "Document" means writings, electronic mail, drawings, graphs, charts, photographs, sound recordings, images, and other data, data records, or data compilations stored in any medium from which information can be obtained.

5. "Policies" or "procedures" means any written or unwritten policy, procedure, manual, guidance, protocol, directive, mandate, rule, regulation, course of action, strategy, plan, guiding principle, guidelines, method, routine, process, modus operandi, technique, practice, system, formula, routine, or other mode of conduct that governs operations.

2

6. "Behavioral health service" means any service listed by DBHDD in its Community Behavioral Health Provider Manual for the relevant Fiscal Year as a "child and adolescent non-intensive outpatient service" or "child and adolescent specialty service," excluding the Apex Program.

7. The present tense includes the past and future tenses. Words in the singular and plural are interchangeable. The terms "all" and "any" mean "any and all;" "and" and "or" encompass both "and" and "or." The word "including" means "including, but not limited to."

## DOCUMENTS

### New Horizons Behavioral Health Overview

1. For FY2020, FY2021, and FY2022, an organizational chart by name & position, capturing: (1) Executive Leadership; (2) child and adolescent services staff; and (3) Apex program staff (where applicable)

2. A copy of NEW HORIZONS BEHAVIORAL HEALTH's most recent strategic plan(s)

3. Monthly, quarterly, and annual progress/status reports, programmatic reports, or other tracking materials related to the strategic plan for the past three years

4. List(s) of both external and internal clinical trainings for child and adolescent Apex staff over the past two years, identifying: (1) topic of the training; (2) the NEW HORIZONS BEHAVIORAL HEALTH staff (child and adolescent/Apex) who attended each training; (3) who delivered the training (name, position, organization); and (4) who organized/sponsored the training.

### Apex Contracts and Reporting

1. Contracts and related documents for Apex for Y6 (2020-2021) and Y7 (2021-2022)

2. All Apex monthly reports, specifically including progress and programmatic reports, for Y6 and Y7

### Apex Schools, Services, and Staff

1. For each Medicaid billable and non-billable service provided through Apex, documents showing the school(s) where the service is provided; the settings where the service is

3

provided (school, clinic, community, or home); and whether the service is provided during the school year only, during the summer only, or all year long

2. For Y6 and Y7, a list of staff who provided Apex services during these periods, including name, certification, service(s) provided, and dates of service provision (e.g., 09/21 to present)

### Non-Apex Services and Staff

1. For each behavioral health service provided to children in an educational setting other than through Apex, documents showing the school(s) where the service is provided; the settings where the service is provided (school, clinic, community, or home); and whether the service is provided during the school year only, during the summer only, or all year long.

2. For School Years 2020-2021 and 2021-2022, a list of staff who provided behavioral health services to children in an educational setting other than through Apex, including name, certification, service(s) provided, and dates of service provision (e.g., 09/21 to present)

### Types of assessments used

1. Copies of all current assessments or screening protocols/forms/template documents, whether formal or informal, relating to children's social/behavioral/emotional functioning

2. Documents showing the number of assessments and screenings performed relating to children's social/behavioral/emotional functioning, by assessment or screening

### Progress monitoring relating to services/outcomes

1. Copies of all current protocols/tools for monitoring social/behavioral/emotional functioning and progress (including relating to discipline) – e.g., the Child and Adolescent Needs and Strengths ("CANS") tool – and related written policies

2. Any aggregate data or reporting relating to progress monitoring, by service, of child/adolescent social/behavioral/emotional functioning