IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>PLAINTIFF,<br><br>*v.*<br><br>**STATE OF GEORGIA,**<br><br>DEFENDANT. | Civil Action No.<br><br>1:16-cv-03088-ELR |

## UNITED STATES' UNOPPOSED MOTION FOR LEAVE TO PRODUCE TO DEFENDANT THIRD-PARTY DOCUMENTS CONTAINING INFORMATION PROTECTED UNDER THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT (FERPA)

Plaintiff United States of America ("United States") respectfully submits this Motion for Leave to Produce to Defendant Third-Party Documents Containing Information Protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. The State of Georgia ("State") has informed the United States that it does not oppose the United States' motion.

The United States filed this action against the State in 2016, alleging that the State's unnecessary segregation of thousands of public school students with behavior-related disabilities in a separate and unequal educational program known as the Georgia Network for Educational and Therapeutic Support ("GNETS") Program violates Title II of the Americans with Disabilities Act ("ADA"). The

GNETS Program, which the United States alleges is financed, operated, and administered by the State, is organized into 24 regional GNETS programs. Each regional GNETS program, in turn, is comprised of standalone GNETS centers and/or GNETS classrooms co-located with general education schools ("GNETS school-based locations"). Statewide, the GNETS Program serves approximately 3,900 students across 157 program locations, 34 of which are GNETS centers and 123 of which are GNETS school-based locations. The 123 GNETS school-based locations span 56 school districts across the State.

In connection with discovery in this matter, the United States served Rule 45 subpoenas for the production of documents on the fiscal agents for each of the 24 regional GNETS programs. A subset of the responsive documents produced to the United States by each regional GNETS program fiscal agent includes information protected under FERPA. The United States understands that some regional GNETS programs provided notice under FERPA to affected students and their parents before producing responsive information, while other regional GNETS programs produced responsive information in reliance on applicable FERPA exceptions, including 20 U.S.C. § 1232g(b)(1)(C)(ii) which allows for the release of education records or personally identifiable information contained therein when made to "authorized representatives of the Attorney General for law enforcement purposes."

Defendant's First Requests for Production of Documents seeks "[a]ll documents obtained from any third party, whether by subpoena or otherwise, that regard, refer, arise out of, or relate to the claims and defenses in this lawsuit." Def. First RFP at 15, ¶ 56. Accordingly, the United States has an obligation to produce to Defendant all third-party documents it has received from regional GNETS programs in response to Rule 45 subpoenas, including those containing information protected by FERPA. Even where, as here, a party rediscloses FERPA-protected information to comply with a judicial order or lawfully issued subpoena, that party generally has an obligation to make reasonable efforts to notify affected students and their parents before redisclosing the underlying FERPA-protected information. 34 C.F.R. § 99.33(b)(2). In this instance, it is not possible or practicable for the United States to provide such notice. The United States has received tens of thousands of pages of documents containing FERPA-protected information related to thousands of students who have, at one time or another, been served in or been considered for service in the GNETS Program. Moreover, the United States lacks contact information for those students and their parents.

This Court has entered a Protective Order that applies to any FERPA-protected information that may be included in the United States' production of third-party documents to Defendant. (Doc. 82) On October 26, 2021, the Court issued an Order Granting Joint Motion to Amend Protective Order for the purpose of clarifying

that the obligations imposed by the Protective Order regarding treatment of FERPA-protected and other confidential information extend to all FERPA-protected and confidential information, regardless of the source from which a party obtains that information. The Amended Protective Order therefore extends coverage to FERPA-protected information produced by third parties.

Furthermore, in September 2020, the Georgia Department of Education mailed FERPA notices to parents of all students receiving GNETS services for any period of time between July 1, 2015 and June 30, 2020 in anticipation of its disclosure of student information responsive to the United States' initial discovery requests. In addition, as a result of the United States' request for updated data responsive to its discovery requests, the Georgia Department of Education is currently providing FERPA notice to parents of all students who received GNETS services for the first time between July 1, 2020 and June 30, 2022. Finally, as noted above, most of the fiscal agents for regional GNETS programs responding to the United States' Rule 45 subpoenas separately provided FERPA notice to the parents of affected students. Because parents of affected students have likely received the requisite notice under FERPA from other parties (including third parties) involved in—or impacted by—this litigation and because the Amended Protective Order ensures the protection and proper treatment of students' records and personally identifying information, the United States maintains that the underlying goals of

FERPA and its implementing regulations have been satisfied and requests that this Court conclude that the requisite reasonable efforts to provide notice required by 34 C.F.R. § 99.33(b)(2) have been met.

Accordingly, the United States seeks an Order from the Court concluding that reasonable efforts to notify parents of affected students have been made as required by 34 C.F.R. § 99.33(b)(2) and that the United States may produce to Defendant third-party documents containing information protected under FERPA.

Respectfully submitted this 16th day of December, 2022.

| | |
|---|---|
| RYAN K. BUCHANAN<br>*United States Attorney*<br>Northern District of Georgia<br><br>/s/ *Aileen Bell Hughes*<br>AILEEN BELL HUGHES<br>GA Bar Number: 375505<br>Assistant United States Attorney<br>United States Department of Justice<br>Richard B. Russell Federal Building<br>75 Ted Turner Dr. SW, Suite 600<br>Atlanta, GA 30303-3309<br>(404) 581.6000<br>aileen.bell.hughes@usdoj.gov | KRISTEN CLARKE<br>Assistant Attorney General<br><br>SHAHEENA A. SIMONS<br>Chief<br><br>RENEE M. WOHLENHAUS<br>KELLY GARDNER WOMACK<br>Deputy Chiefs<br><br>ANDREA E. HAMILTON<br>Special Litigation Counsel<br><br>VICTORIA M. LILL<br>CLAIRE D. CHEVRIER<br>FRANCES S. COHEN<br>PATRICK HOLKINS<br>LAURA C. TAYLOE<br>MICHELLE L. TUCKER<br>Trial Attorneys |

Educational Opportunities Section

*/s/ Victoria M. Lill*
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 307-6083
victoria.lill@usdoj.gov

## **L.R. 7.1(D) CERTIFICATION**

I certify that this motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this motion has been prepared using 14-pt Times New Roman Font.

/s/*Aileen Bell Hughes*
Aileen Bell Hughes

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sent counsel of record e-mail notification of such filing.

This 16th day of December, 2022.

/s/*Aileen Bell Hughes*
Aileen Bell Hughes