IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>*v.*<br><br>STATE OF GEORGIA<br>Defendant. | Civil Action No.<br><br>1:16-CV-03088-ELR |

## CERTIFICATION OF SERVICE OF DISCOVERY

Pursuant to Local Rule 5.4, N.D. Ga., I certify that on Tuesday, January 24, 2023, the United States served a **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** to MARNIE BRASWELL, Child and Adolescent Director of GNETS CSB of Middle Georgia, on the following counsel of record via email:

> Annarita Leigh McGovern, Partner
> Satcher & McGovern, LLC
> 288 S. Main Street, Suite 100
> Alpharetta, GA 30009
> amcgovern@satchermcgovernlaw.com

A true and correct copy of the subpoena is attached hereto.

          Respectfully submitted,

          RYAN K. BUCHANAN
            *United States Attorney*

          <u>/s/Aileen Bell Hughes</u>
          *Assistant United States Attorney*
          Georgia Bar No. 375505
          aileen.bell.hughes@usdoj.gov
          *600 U.S. Courthouse*
          *75 Ted Turner Drive, S.W.*
          *Atlanta, GA 30303*
          *(404) 581-6000  fax (404) 581-6181*

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing certification has been prepared using Book Antiqua, 13-point font.

/s/ Aileen Bell Hughes
*Assistant United States Attorney*

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

January 26, 2023

>/s/ AILEEN BELL HUGHES
>AILEEN BELL HUGHES
>*Assistant United States Attorney*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

☐ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|

The deposition will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR     *Aileen Bell Hughes*

_____   _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Fed. R. Civ. P. 30(b)(1),(6) and 45(a)(1)(A)(iii), the Community Service Board of Middle Georgia (the "Organization") is commanded to designate one or more officers, director, managing agents, or other persons who consent to testify on behalf of the Organization about subject matters listed below.  Unless otherwise specified, these matters relate to the time period from January 1, 2019 through the present.

## DEFINITIONS

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1. For purposes of responding to this subpoena, "you" means the Organization, its constituent agencies or facilities, and any of its officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its behalf.

2. "Behavioral Health Coordinating Council" means the entity identified as such here: https://gacoeonline.gsu.edu/soc/behavioral-health-coordinating-council/.

3. "Behavioral health service" means any service listed by DBHDD in its Community Behavioral Health Provider Manual for the relevant Fiscal Year as a "child and adolescent non-intensive outpatient service" or "child and adolescent specialty service," excluding services relating to or provided in connection with the Apex Program.

4. Care Management Organization" ("CMO") means any entity organized for the purpose of providing or arranging health care as defined under Ga. Code Ann. § 33-21A-2(1), including Amerigroup Community Care, Care Source, Peach State Health Plan, and WellCare of Georgia, Inc.

5. "Child" or "children" mean youth between the ages of 5 and 21.

6. Community Service Board, or CSB, means any of the organizations so identified by the DBHDD here: https://dbhdd.georgia.gov/locations/community-service-board.

7. "Document" means writings, electronic mail, drawings, graphs, charts, photographs, sound recordings, images, and other data, data records, or data compilations stored in any medium from which information can be obtained.

8. "Fiscal Agent" means the local educational agency ("LEA") or the regional education service agency ("RESA"), as set forth in Ga. Code Ann. § 20-2-270.1.

9. The Georgia Apex Program, or Apex, means the program identified as such by the Georgia Department of Behavioral Health and Developmental Disabilities (DBHDD) here: https://dbhdd.georgia.gov/georgia-apex-program.

10. "GNETS Program" or "GNETS" means the Georgia Network for Educational and Therapeutic Support Program and any of the twenty-four regional GNETS programs—which may include GNETS Centers, GNETS Classrooms, and/or other settings where GNETS services are provided —including all officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its or their behalf.

11. "Interagency Directors Team" means the entity identified as such here: https://gacoeonline.gsu.edu/soc/idt/.

12. "Local Interagency Planning Teams" mean the entities identified as such here: https://gacoeonline.gsu.edu/soc/lipt/.

13. "Policies" or "procedures" means any written or unwritten policy, procedure, manual, guidance, protocol, directive, mandate, rule, regulation, course of action, strategy, plan, guiding principle, guidelines, method, routine, process, modus operandi, technique, practice, system, formula, routine, or other mode of conduct that governs operations.

14. The present tense includes the past and future tenses. Words in the singular and plural are interchangeable. The terms "all" and "any" mean "any and all;" "and" and "or" encompass both "and" and "or." The word "including" means "including, but not limited to."

## TOPICS

1. The operations, organizational structure, purpose, and administration of the Organization in connection with the provision of behavioral health services for children, including information relating to staffing, programs, and funding for services within its catchment area.

2. Strategic planning in connection with the provision of behavioral health services for children, including any processes for tracking and reporting on progress.

3. Grants sought or obtained by the Organization or its affiliates, including any reporting in connection with those grants, to support the provision of behavioral health services for children or other school-based services and supports for children.

4. Contracts, partnerships, or other coordination between the Organization and any of the following entities:

   a. The Georgia Department of Behavioral Health and Developmental Disabilities;

   b. The Georgia Department of Community Health;

   c. The Georgia Department of Education;

   d. The Georgia State University Center of Excellence;

   e. Fiscal Agents;

   f. GNETS programs;

   g. Other Community Service Boards, including through the Georgia Association of Community Service Boards and its officers;

   h. Other providers of behavioral health services for children in Georgia; and

   i. The Georgia Advocacy Office.

5. Behavioral health services for children offered by the Organization in schools, homes, offices, or other community-based settings, including:

   a. Staffing for the Organization's behavioral health services for children, including any relevant licensing or training requirements;

   b. the Organization's assessments or screening protocols/forms/template documents, whether formal or informal, relating to children's social/behavioral/emotional functioning, including trends in utilization of any such assessments or screening protocols/form/template documents during the relevant period;

   c. Training on evidence-based practices or promising practices relating to behavioral health services for children offered by the Organization;

3

    d. Trends in utilization of the Organization's behavioral health services for children during the relevant period;

    e. Trends in funding for the Organization's behavioral health services for children during the relevant period, including funding sought or obtained through DCH's Medicaid program, Care Management Organizations, or DBHDD's fee-for-service program;

    f. Provision by the Organization of behavioral health services to children enrolled in a regional GNETS program and their families, and coordination or communication between the Organization and any GNETS employee relating to such services;

    g. Gaps in available behavioral health services for children; and

    h. Barriers to accessing behavioral health services for children.

6. the Organization's participation in the Apex program, including contracting, strategic planning, progress reporting, staffing, funding, scope of services, service utilization, and any coordination with other CSBs, DBHDD, DCH, GaDOE, Fiscal Agents, regional GNETS programs, and school districts.

7. The Organization's efforts to implement, or participation in, a System of Care framework, including relevant programs or initiatives, contracting, strategic planning, progress reporting, staffing, funding, and any coordination with other CSBs, DBHDD, DCH, GaDOE, Fiscal Agents, GNETS programs, the Interagency Directors Team, Local Interagency Planning Teams, and the Behavioral Health Coordinating Council.

8. The Organization's protocols or tools for monitoring social/behavioral/emotional functioning and progress (including relating to discipline) – e.g., the Child and Adolescent Needs and Strengths ("CANS") tool – and related written policies, aggregate data, or progress reporting.