IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF,<br><br>*v.*<br><br>STATE OF GEORGIA<br>DEFENDANT. | Civil Action No.<br><br>1:16-CV-03088-ELR |

## CERTIFICATION OF SERVICE OF DISCOVERY

Pursuant to Local Rule 5.4, N.D. Ga., I certify that on Thursday, December 22, 2022, the United States served its **THIRD SET OF INTERROGATORIES** to the State of Georgia, on the following counsel of record via email:

> Josh Belinfante
> Robbins Alloy Belinfante Littlefield LLC
> 500 Fourteenth Street NW
> Atlanta, GA 30318
> Josh.Belinfante@robbinsfirm.com

A true and correct copy of the request is attached hereto.

        Respectfully submitted,

        RYAN K. BUCHANAN
          *United States Attorney*

        <u>/s/ Aileen Bell Hughes</u>
        *Assistant United States Attorney*
        Georgia Bar No. 375505
        aileen.bell.hughes@usdoj.gov
        *600 U.S. Courthouse*
        *75 Ted Turner Drive, S.W.*
        *Atlanta, GA 30303*
        *(404) 581-6000  fax (404) 581-6181*

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing certification has been prepared using Book Antiqua, 13-point font.

/s/ Aileen Bell Hughes
*Assistant United States Attorney*

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

January 26, 2023

/s/ AILEEN BELL HUGHES
AILEEN BELL HUGHES
*Assistant United States Attorney*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-03088-ELR |
| ) | |
| STATE OF GEORGIA ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF UNITED STATES' THIRD SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 33, Plaintiff, the United States of America, requests that Defendant, the State of Georgia, respond to the interrogatories set forth below. Please copy each interrogatory, and set forth the response beneath each. In accordance with Fed. R. Civ. P. 26(e), these interrogatories are continuing and require that Defendant supplement or correct its responses in a timely manner if it learns that any response is, in some material respect, incomplete or incorrect.

## INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. 33, Defendant must respond to the below interrogatories in writing within 30 days.

2. Unless otherwise specified, the relevant time period for information requested in these interrogatories is from 2016 to the present.

3. If the interrogatory is divided into subparts, please divide the response into corresponding subparts, so that it is apparent which portion of the answer responds to each subpart of the interrogatory.

4. Pursuant to Fed. R. Civ. P. 33, Defendant's responses to the interrogatories must be made under oath and must be signed by the person making the response.

5. Include the name(s), position, and employer, of all person(s) involved in identifying, compiling, and reporting the response to each interrogatory.

6. If Defendant objects to or otherwise declines to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which Defendant does not object or to which

Defendant does not decline to answer. For those portions of an interrogatory to which Defendant objects or to which Defendant declines to answer, state all of the specific and detailed reason(s) for such objection or declination, and provide all facts or details that support each objection so as to permit the Court and the United States to determine the legal sufficiency of Defendant's objection or position.

## DEFINITIONS

1.  For the purposes of responding to these interrogatories, "Defendant" and/or "State" means the State of Georgia, its State agencies (i.e., the Georgia Departmentof Education, the Georgia Department of Behavioral Health and Developmental Disabilities, and the Georgia Department of Community Health), and any of its officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its behalf.

2.  "The Georgia Apex Program," or "Apex," means the program identified as such by the Georgia Department of Behavioral Health and Developmental Disabilities.[1]

---

[1] *See, e.g.*, https://dbhdd.georgia.gov/georgia-apex-program.

3

3. "Georgia Department of Behavioral Health and Developmental Disabilities" ("DBHDD") means the Georgia Department of Behavioral Health and Developmental Disabilities and any division thereof, including all officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its behalf.

4. "GNETS Centers" means self-contained buildings that serve only students with disabilities placed in GNETS from one or more school districts.

5. "GNETS Classrooms" means classrooms that only serve children placed in GNETS but are located on a campus with general education school buildings. "GNETS Classrooms" does not include general education classrooms in which GNETS services may also be provided to students with disabilities in the same classroom as their non-disabled peers.

6. "GNETS Program" or "GNETS" means the Georgia Network for Educational and Therapeutic Support Program and any of the twenty-four regional GNETS programs—which may include GNETS Centers, GNETS Classrooms, and/or other settings where GNETS services are provided—including all officers, employees, contractors, attorneys, representatives,

investigators, agents, or any other person acting or purporting to act on its behalf.

7. "State appropriations bill" means a bill that authorizes one or more State agencies to spend specified sums of money from public funds.

8. "Therapeutic educational services and supports" means those services and supports designed to support students' opportunities to access education by addressing their emotional, behavioral, and/or mental health.

9. The present tense includes the past and future tenses. Words in the singular and plural tenses are interchangeable. The terms "all" and "any" mean "any and all"; "and" and "or" encompass both "and" and "or." The word "including" means "including, but not limited to."

## INTERROGATORIES

22. For each year since January 1, 2015, state all of the costs incurred by the State in operating the Georgia Apex program, both total and by Apex provider. Identify the budgeted cost; total cost expended (i.e. the actual cost, including both operating and overhead); and the amount of federal, state, and local funds expended. Please provide all responsive information in a sortable and searchable

5

format.

23. Identify each reason you contend the State cannot reasonably modify its system for providing behavioral health and therapeutic educational services and supports so that students in GNETS Centers and GNETS Classrooms can be served in more integrated settings.

24. Identify each reason you contend the State does not administer the GNETS Program.

25. Provide a detailed explanation of the formula(s) and procedure(s) used by the State since 2015 to determine (a) the amount of funding appropriated to the GNETS Program each year through the GNETS line item in the annual State appropriations bill and (b) the annual funding allocations to specific regional GNETS programs (through their fiscal agents), as part of the State's GNETS grant processes or otherwise. The Response should identify the personnel, offices, and/or agencies involved in each step of the funding process, including the office(s) or agencies responsible for applying any formula to make calculations and any personnel and/or offices or agencies involved in any discretionary determinations relating to GNETS funding separate from those derived by

application of a formula. The explanation should include:

   a. Details regarding the nature and proper application of any formula used to determine the amount of funding appropriated by the State for the GNETS Program;

   b. Details regarding the nature and proper application of any formula used to determine the allocation of federal funds to regional GNETS programs (through their fiscal agents);

   c. Details regarding the nature and proper application of any formula used to determine the allocation of State funds to regional GNETS programs (through their fiscal agents), whether through GaDOE's grant processes or otherwise;

   d. A step-by-step description of the process by which the State gathers and/or reports data related to GNETS program student counts, applies pertinent formula(s), makes funding requests or recommendations, determines funding appropriations, receives and/or reviews GNETS grant applications, calculates allocations, and determines funding awards;

   e. The sources of any data used in any formula addressed in your response,

    including the person(s) or entities who submit the data for use in formula calculations, and a description of any preliminary cleaning or adjustments of the data done before the data is included in formula calculations;

f. A description of the fiscal year(s) or school year(s) from which data is drawn to calculate a given year's GNETS appropriation or allocation;

g. A list of sources of information incorporated into the formula calculations, such as salary matrices or Training and Experience scales; and

h. Clear definitions of terms used in any formula, such as "student count" or "rolling average," including definitions related to the information provided in response to subparts e., f., and g.

This 22nd day of December 2022.

RYAN K. BUCHANAN
*United States Attorney*
Northern District of Georgia

/s/ *Aileen Bell Hughes*
AILEEN BELL HUGHES
GA Bar Number: 375505
Assistant United States Attorney
United States Department of Justice
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Suite 600
Atlanta, GA 30303-3309
(404) 581.6000
aileen.bell.hughes@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General

SHAHEENA A. SIMONS
Chief

RENEE M. WOHLENHAUS
KELLY GARDNER WOMACK
Deputy Chiefs

ANDREA E. HAMILTON
Special Litigation Counsel

VICTORIA M. LILL
CLAIRE D. CHEVRIER
FRANCES S. COHEN
PATRICK HOLKINS
LAURA C. TAYLOE
MICHELLE L. TUCKER
Trial Attorneys
Educational Opportunities Section

/s/ *Kelly Gardner Womack*
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-3753
kelly.gardner@usdoj.gov

*Attorneys for the United States*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF,<br><br>v.<br><br>STATE OF GEORGIA<br>DEFENDANT. | Civil Action No.<br><br>1:16-cv-03088-ELR |

## CERTIFICATION OF SERVICE OF DISCOVERY

Pursuant to Local Rule 5.4, N.D. Ga., I certify that on Thursday, December 22, 2022, I served **PLAINTIFF UNITED STATES' THIRD SET OF INTERROGATORIES**, on all counsel of record via email.

    Respectfully submitted,

    RYAN K. BUCHANAN
    *United States Attorney*

    /s/Aileen Bell Hughes
    *Assistant United States Attorney*
    Georgia Bar No. 375505
    Aileen.bell.hughes@usdoj.gov
    *600 U.S. Courthouse*
    *75 Ted Turner Drive, S.W.*
    *Atlanta, GA 30303*
    *(404) 581-6000*
    *fax (404) 581-6181*