IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF,<br><br>*v.*<br><br>STATE OF GEORGIA<br>DEFENDANT. | Civil Action No.<br><br>1:16-CV-03088-ELR |

## <u>CERTIFICATION OF SERVICE OF DISCOVERY</u>

Pursuant to Local Rule 5.4, N.D. Ga., I certify that on Tuesday, February 14, 2023, the United States served a **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OBJECTS, OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to DR. JENNIFER BROWN, Superintendent for Early County Elementary School, on the following counsel of record via email:

> Mr. Dan Murphy
> P. O. Box 1048
> Winder, Georgia 30680
> DanMurphy_1@msn.com

A true and correct copy of the subpoena is attached hereto.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/ Aileen Bell Hughes
*Assistant United States Attorney*
Georgia Bar No. 375505
aileen.bell.hughes@usdoj.gov
*600 U.S. Courthouse*
*75 Ted Turner Drive, S.W.*
*Atlanta, GA 30303*
*(404) 581-6000  fax (404) 581-6181*

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing certification has been prepared using Book Antiqua, 13-point font.

/s/ Aileen Bell Hughes

*Assistant United States Attorney*

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

February 23, 2023

/s/ AILEEN BELL HUGHES
AILEEN BELL HUGHES
*Assistant United States Attorney*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff* | ) |
| v. | ) |
| STATE OF GEORGIA | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  1:16-CV-03088-ELR

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     DR. JENNIFER BROWN, Superintendent, Early County School System
11927 Columbia Street, Blakely, Georgia 39823

*(Name of person to whom this subpoena is directed)*

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

✔ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it as set forth in Attachment A hereto.

| Place: Early County Elementary School | Date and Time: |
|---|---|
| 283 Martin Luther King Blvd. | 02/28/2023 8:00am – 4:00pm |
| Blakely, Georgia 39823 | (not to exceed 3.5 hours/day) |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/14/2023

*CLERK OF COURT*

OR     *Aileen Bell Hughes*

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   the United States of America                    , who issues or requests this subpoena, are:

Aileen Bell Hughes, 75 Ted Turner Dr. SW, Suite 600, Atlanta, GA 30303; aileen.bell.hughes@usdoj.gov; 404-581-6133

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.        1:16-CV-03088-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

’  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

’  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                *Server's signature*

                                                        _____
                                                                *Printed name and title*

                                                        _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment A**

Pursuant to the terms of the attached subpoena to permit inspection of premises in a civil action, the United States of America, by and through the United States Department of Justice ("DOJ"), intends to inspect the premises identified by address in the attached subpoena on the date specified. This inspection, or "site visit," will be conducted in accordance with the terms set forth below.

*General Health and Safety Precautions*

In order to limit the number of personnel in any given facility at one time, the United States will limit its inspection team to a maximum of two DOJ employees and an expert.  DOJ will provide the names of the visiting team members one week in advance of the site visit.   All DOJ team members will wear masks (except as may be reasonably necessary to conduct an interview), regardless of whether the underlying facility operates under a mask mandate.  Team members will abide by any sign-in policies and procedures regularly applied to visitors to the premises.

The United States requests that a school administrator attend during the entirety of the inspection of the identified premises.   In the event a student has a crisis or any other urgent school-based situation arises, the DOJ team will immediately follow the administrator's instructions for responding to the crisis/situation.

By this attachment, the United States requests that other counsel and individuals attending the inspection proceed in similar fashion.

*Expert Site Visit*

The purpose of these site visits is to allow the United States' expert Dr. Robert F. Putnam, PhD., LABA, BCBA-D, an opportunity to obtain information that he needs to form opinions in the matter of *United States v. Georgia*, No. 16 Civ. 3088 (N.D. Ga.).  Dr. Putnam specializes in the fields of special education and behavioral psychology.  He has extensive experience touring educational facilities, observing classroom instruction, interviewing staff and administration, and assessing student programming and engagement in a manner that minimizes disruption to school operations.  Dr. Putnam will tour the school, make observations, and interview school personnel to the extent described below in the "Scope" section of this Attachment A.

*Timing*

The United States will schedule the visit during normal school hours, as necessary to accommodate travel schedules and school personnel.  The total length of the inspection shall not exceed 3.5 hours.  So long as total inspection time for a single team does not exceed 3.5 hours, the expert's time spent on any particular aspect of the site visit shall not be limited.  In advance of the visit, the United States will work with counsel to identify more specific arrival and departure times that do not interrupt the start or dismissal of school.

*Scope of Inspection*

The inspection will include three aspects: a physical inspection, classroom observations, and informal interviews.  Within the 3.5-hour overall timeframe, the length of any portion of the inspection shall be determined on site by Dr. Putnam, in his reasonable discretion.

1. Physical Inspection

The physical inspection shall include a tour of such areas of the school facility as may be selected by Dr. Putnam from the following list:

- Any classrooms that serve any student enrolled in any general education or special education;
- Any classrooms that serve any student enrolled in a GNETS program;
- Any classrooms or other areas linked to "specials," "connections," or "electives" (e.g., art, music, theatre, band, career tech);
- Media center/Library;
- Gymnasium;
- Cafeteria;
- Science Labs;
- Computer Labs;
- Playground/Outdoor Athletic Facilities;
- Sensory Rooms and/or De-escalation Rooms;
- Any rooms that are used to provide therapeutic services, whether to students in the GNETS programs or to students with or without disabilities in the general education school;
- Counseling Office/Center;
- Nurse's Office/Station;
- Storage rooms/closets within GNETS school-based classrooms; and
- Any other area of the premises accessed or utilized by students not specifically identified above.

2. Classroom Observation

Dr. Putnam may observe classroom instruction or any other activity taking place in any GNETS, special education, or general education classroom.   One DOJ employee shall have the right to enter a classroom to accompany Dr. Putnam while he is conducting his observations.   Dr. Putnam and the DOJ employee shall make all reasonable efforts to stand and/or sit in the area of the classroom least likely to cause disruption.   In most cases, this area will be the back or side of the classroom.

Dr. Putnam shall have reasonable leeway to adjust his position within the classroom where needed to observe what students are working on and students' level of engagement and classroom instruction.   Dr. Putnam shall determine the duration of the classroom visit and, if requested, shall be permitted to return to a classroom already observed for additional observation.   Additionally, Dr. Putnam and a DOJ employee shall be permitted to observe—either from a stationary position in a classroom or in a hallway—periods of transition where students move to and from classrooms or other areas of the school facility.

At no time during the observation will Dr. Putnam question or otherwise engage students or classroom personnel beyond exchanging common pleasantries (e.g., responding to a "hello," saying "thank you" or smiling).  In the event classroom personnel or students speak to the experts unprompted, the experts will minimize communication by responding with a nod or by saying "thank you" or "okay."

3. Interviews of School Personnel

Dr. Putnam will have the opportunity to interview the following school employees:

a) the school principal;

b) an individual or individuals knowledgeable about: participation in the APEX program, if applicable, and the qualifications required of, caseloads of, and services provided by mental and/or behavioral health staff to students in the school, including by school psychologists, licensed social workers, mental health counselors, Board Certified Behavior Analysts ("BCBAs"), family therapists, and mental health paraprofessionals, and any other staff who regularly provide mental and/or behavioral health services to students at the school;

c) an individual or individuals knowledgeable about: the mental and/or behavioral health needs of students, the procedures for referral of students for mental and/or behavioral health services, any school improvement plan for students with mental and/or behavioral health needs, professional development for mental and/or behavioral health staff, monitoring of fidelity and effectiveness of mental and/or behavioral health services used in the school, and inclusion of students with mental and or behavioral health diagnoses within general education programs and activities in the school;

d) an individual or individuals knowledgeable about: data collected on students at risk of more restrictive placements, GNETS services in the school, problems and behaviors that would result in a GNETS referral, and services provided and initiatives undertaken to avoid referring a student to GNETS;

e) an individual or individuals knowledgeable about: each alternative classroom at the school, including both GNETS and any other alternative classrooms offered to students with mental health diagnoses;

f) an individual or individuals knowledgeable about: school climate, implementation of Positive Behavioral Interventions and Supports, implementation of steps to improve the whole school climate, and behavioral interventions at the school; and

g) an individual or individuals knowledgeable about: discipline at the school.

The United States will work with counsel for the district to identify the specific employees who will be interviewed in advance of the visit.

*Expert and Team Member Documentation*

Dr. Putnam may document the nature, condition, and appearance of the premises via photographs so long as the photographs taken do not include students, parents/guardians, building personnel, or any other images that implicate the Family Educational Rights and Privacy Act. No other limitations shall be placed on Dr. Putnam's right to photograph the premises.

All members of the DOJ team participating in the inspection of the premises, including Dr. Putnam, shall have the right to document any part of the inspection by taking notes. No restrictions shall be placed on this right.