**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1:16-CV-03088-ELR |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**CONSENT MOTION FOR AMENDED SCHEDULING ORDER**</u>
<u>**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**</u>

COMES NOW, State of Georgia, by and through its counsel of record, and moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and 6(b) for an amended scheduling order. The grounds for this request stem from two coinciding unanticipated, personal circumstances that have befallen the State's expert witness and necessitate an extended expert discovery period. The United States consents to this motion. In support of this motion, the State shows the Court as follows:

**I.    Relevant Factual Background**

After the State did not oppose the United States Department of Justice's ("Department") request for an extension of expert discovery, it timely received the Department's two expert reports on June 16. The reports were immediately sent to

the State's expert witness who began diligently working on rebuttal. Unfortunately, in late June a parent of the State's expert, who lives with him, suffered a serious and significant adverse health event. The event required a substantial amount of the expert's care and attention which impacted his availability to attend to the scope of work necessary for a rebuttal report in this case.

On July 7, while the State was coordinating with the Department on a consent motion and proposed amended scheduling order to accommodate this unexpected occurrence, the State learned that its expert had himself suffered a serious medical illness and had been hospitalized that same week. He has since required more than one surgery and an 8-day hospital stay. Immediately upon learning this information on July 7, the State contacted the Department to try to coordinate an additional extension in light of these extenuating and completely unpredictable circumstances.

The State has extensively analyzed the potential options for a path forward for expert discovery, including whether to engage a new expert. During this consideration, the State's current expert advised that a limited extension to September 1 should be sufficient to allow for his recovery and work in this lawsuit. The State believes that it would take at least this amount of time for another expert to be located and prepared for a report and deposition. In addition, the State has

already expended significant resources identifying and working with its current expert witness.

Accordingly, the State, with the United States' consent, seeks to modify the scheduling order as follows:

- **Expert Discovery:** The State will disclose the names of its rebuttal experts and their curriculum vitae by July 28, 2023 and its rebuttal experts' reports by September 1, 2023.

- The parties may depose each side's respective experts in depositions that do not exceed seven hours of testimony for each expert.

- Depositions of the United States' experts shall be completed no later than September 15, 2023.

- Expert discovery shall be completed no later than September 22, 2023, except depositions of the State's rebuttal experts shall be completed no later than September 27, 2023.

- **Post-Discovery Conference:** The parties shall hold an in-person post-discovery settlement conference in accordance with Local Rule 16.3 no later than September 29, 2023.

- **Summary Judgment:** The parties shall file any motions for summary judgment no later than October 20, 2023.

These modifications are necessary in order to avoid prejudice to the State and give the State's expert the necessary time to recover and attend to an ailing parent. The United States has consented to this request.

Lastly, the State highlights that this is the first such request initiated or made by the State. Thus far, due to the varying unique circumstances of this case, including the COVID-19 pandemic and the vast amount of fact discovery, amendments to the scheduling order have been made where necessary. The State submits that the current unavoidable circumstances necessitate an extension here as well.

## II.    Authority and Argument

Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause is shown where a scheduling order cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note; *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Rule 6(b) authorizes extensions of time for good cause "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." In addition, of course, a district court has broad authority to manage its calendar. *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234,

1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") *See also*, *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 859 (11th Cir. 1990) (discussing discretion afforded to district courts when ruling on requests for enlargements of time).

Here, the current scheduling order provides for a July 14, 2023, deadline for rebuttal expert disclosures and reports. [Doc. 376] The State's request is, therefore, within the expiration of the current deadline. Good cause for modification of the scheduling order also exists, as the State cannot meet the current deadline despite the diligence exhibited thus far during expert discovery. Indeed, the State has been consistently and steadfastly at work on its rebuttal expert disclosures and report since the day it received the Department's expert reports. Despite this diligence, the State will be unable to meet the current deadline due to the unexpected personal circumstances of the State's rebuttal expert. These were two unanticipated events for which the State could not plan, and which have together severely impacted the timing and availability of the State's expert. Accordingly, good cause is shown for the request.

## III.    Conclusion

For the above reasons, the State—with the United States' consent—respectfully requests the Court grant its motion for an amended scheduling order. For the Court's convenience, a proposed Order granting the enlargement of time and including an amended scheduling order is attached.

This 14th day of July, 2023.

/s/ Josh Belinfante
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Melanie Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Edward Bedard
Georgia Bar No. 926148
ebedard@robbinsfirm.com
Danielle Hernandez
Georgia Bar No. 736830
dhernandez@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
jpicoprats@robbinsfirm.com
Anna Nicole Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street NW
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile:  (404) 856-3255

Alexa R. Ross
Georgia Bar No. 614986
alexarross@icloud.com
AlexaRossLaw, LLC
2657 Danforth Lane
Decatur, Georgia 30033

Special Assistant Attorneys General
*Attorneys for Defendant*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Notice has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Notice has been prepared using 14-pt Times New Roman Font.

*/s/ Josh Belinfante*
Josh Belinfante

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **MOTION FOR AMENDED SCHEDULING ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF** by using the CM/ECF system, which automatically sends e-mail notification to counsel of record.

This 14th day of July, 2023.

*/s/ Josh Belinfante*
Josh Belinfante