# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> STATE OF GEORGIA, ) </br> ) </br> Defendant. ) | CIVIL ACTION FILE </br></br> NO. 1:16-CV-03088-ELR |

## DEFENDANT'S EMERGENCY MOTION FOR AMENDED SCHEDULING ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, State of Georgia, by and through its counsel of record, and moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and 6(b) for an amended scheduling order.

Unfortunately, expert discovery in this lawsuit has been challenged by both parties' expert witnesses' hospitalizations and illnesses, and the passing of the State's lead counsel's father. Thus, despite their best efforts, due to circumstances beyond anyone's control, as of the date of this filing, the Parties have not yet completed two expert depositions or conducted an in-person post-discovery settlement conference per Local Rule 16.3. Indeed, the scheduled depositions of the two remaining experts will occur **after** the October 20, 2023 deadline to submit motions for summary judgment.

Under these circumstances, the State requests an amended scheduling order for the post-discovery settlement conference, to conduct the remaining two depositions, and allow the parties sufficient time thereafter to submit dispositive motions. Despite good faith communications, the Department of Justice (the "Department") does not consent to this motion, though the parties were only days apart from obtaining some type of compromise that may have obtained the Department's non-objection. In support of this motion, the State shows the Court as follows:

I. **Relevant Factual Background**

The Court issued an Amended Scheduling Order on July 19, 2023. [Doc. 379.]

At that time, the State's expert witness, Dr. Andrew Wiley, was ill and required hospitalization. In addition, Dr. Wiley is the caretaker of his father who, independent of Dr. Wiley's own illness, experienced new significant and material health challenges.

Since the Court issued the Amended Scheduling Order, the State deposed Dr. Robert Putnam, one of the Department's expert witnesses, on September 7, 2023. [Doc. 381-2.] At that time, the State's lead counsel informed the Department that his father—who had recently been hospitalized—was admitted to the ICU,

which may impact the deposition. Nevertheless, the deposition proceeded as scheduled.[1]

Next, the State was prepared to depose the Department's other expert witness, Dr. Amy McCart, on Thursday, September 14 at the Department's Washington, D.C. office. [Doc. 381-1.] Two days before the planned deposition, the Department notified the State on Tuesday, September 12, that Dr. McCart had been hospitalized and her deposition would need to be rescheduled. Dr. McCart's deposition was rescheduled to Friday, September 29. [Doc. 384.] The Department's deposition of Dr. Andrew Wiley, the State's rebuttal expert, was scheduled for Tuesday, October 3. [Doc. 385.]

On September 27, two days before Dr. McCart's rescheduled deposition, the State's lead attorney's father, who had remained hospitalized, experienced a sharp decline in condition. Upon learning of the news, the State informed the Department of the situation, and later that day, the State's lead attorney explained that his father's health would prevent him from deposing Dr. McCart on Friday, September 29 as scheduled. This necessarily cancelled the deposition of Dr. Wiley as well.

---

[1] Dr. Putnam has still not completed his errata sheet, and the Department has requested he be granted an extension to do so. The State does not object to the extension so long as any new deadline is before the current or any newly ordered summary judgment deadline.

The attorney's father passed three days after the scheduled deposition, and the funeral took place on October 5, 2023.

The Parties recently agreed for Dr. McCart's deposition to occur on October 24, 2023, four days after the current due date for dispositive motions.[2] The Parties also agreed for Dr. Wiley's deposition to occur on October 30, ten days after the due date for dispositive motions. *See* [Doc. 379.]

In short, two expert depositions remain to be taken, and with expert discovery incomplete, the parties have not yet conducted the required in-person post-discovery conference in accordance with Local Rule 16.3.

In light of these extenuating circumstances, the State seeks to modify the scheduling order to accommodate the unpredictable events and circumstances that have pushed the remaining two expert depositions beyond the current summary judgment deadline. The State's proposal also takes into account the pre-set Thanksgiving travel schedule of several of its attorneys, some of whom will be with family out of the State (and this concern provided the basis of the impasse

---

[2] Dr. McCart is unavailable to sit for her deposition during the week of October 16. The State is unavailable to conduct Dr. McCart's deposition on the dates offered by the Department, October 12 and 13. The State has repeatedly offered to take Dr. McCart's deposition in her home location to ease any burden on her schedule.

between the parties). Accordingly, the State, seeks to modify the scheduling order as follows:

- **Remaining Depositions:** The Parties may depose each side's expert in depositions that do not exceed seven hours of testimony for each expert, which shall be completed no later than October 31, 2023.

- **Post-Discovery Conference:** The parties shall hold an in-person post-discovery settlement conference in accordance with Local Rule 16.3 no later than November 3, 2023.

- **Summary Judgment:** The Parties shall file any motions for summary judgment no later than November 17, 2023. Responses shall be due in accordance with the Local Rules of the Northern District of Georgia.

These modifications are necessary to avoid prejudice to both parties in deposing the opposing party's expert and preparing dispositive motions.

Thus far, due to the varying unique circumstances of this case, including the COVID-19 pandemic, the vast amount of fact discovery, and other unavoidable health and personal issues of the attorneys and experts in this case, amendments to the scheduling order have been made where necessary. The State submits that the recent unavoidable circumstances necessitate an extension here as well.

## II. Authority and Argument

Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Additionally, an emergency motion may be granted "[u]pon written motion and for good cause shown." N.D. Ga. Civ. R. 7.2(B). Good cause is shown where a scheduling order cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note; *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Rule 6(b) authorizes extensions of time for good cause "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." In addition, of course, a district court has broad authority to manage its calendar. *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") *See also*, *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 859 (11th Cir. 1990) (discussing discretion afforded to district courts when ruling on requests for enlargements of time).

Good cause for modification of the scheduling order exists here, as the Parties cannot meet the current deadlines despite the diligence exhibited thus far. The deposition of Dr. McCart has twice been scheduled and cancelled, once at the

request of the Department and once at the request of the State, both due to unavoidable circumstances. The Parties have agreed on new dates of October 24, 2023, and October 30, 2023, for Dr. McCart's and Dr. Wiley's depositions, respectively.

Additionally, good cause is shown here for an emergency motion because parties have up to fourteen days to file a response to a motion, which would place the deadline for Plaintiffs to respond to this motion on October 26, six days **after** the deadline for the parties to submit motions for summary judgment. As such, expedited procedure is necessary here.

These were unanticipated events for which the Parties could not plan, and which have together severely impacted the timing and scheduling of each Party's expert's deposition and timeline for dispositive motions. Accordingly, good cause is shown for the request.

### III. Conclusion

For the above reasons, the State respectfully requests the Court grant its emergency motion for an amended scheduling order. For the Court's convenience, a proposed Order is attached.

This 12th day of October, 2023.

Christopher M. Carr
*Attorney General*
Georgia Bar No. 112505
Bryan Webb
*Deputy Attorney General*
Georgia Bar No. 743580
Russell D. Willard
*Senior Assistant Attorney General*
Georgia Bar No. 760280
Susan R. Haynes
*Assistant Attorney General*
Georgia Bar No. 901269

Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 656-3357

/s/ *Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Melanie Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Edward Bedard
Georgia Bar No. 926148
ebedard@robbinsfirm.com
Danielle Hernandez
Georgia Bar No. 736830
dhernandez@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
javier.picoprats@robbinsfirm.com
Anna Nicole Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

Alexa R. Ross
Georgia Bar No. 614986
alexarross@icloud.com
AlexaRossLaw, LLC
2657 Danforth Lane
Decatur, Georgia 30033

Special Assistant Attorneys General

*Attorneys for Defendant*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Notice has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this emergency motion has been prepared using 14-pt Times New Roman Font.

*/s/ Josh Belinfante*
Josh Belinfante

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **DEFENDANT'S EMERGENCY MOTION FOR AMENDED SCHEDULING ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF** by using the CM/ECF system, which automatically sends e-mail notification to counsel of record.

This 12th day of October, 2023.

*/s/ Josh Belinfante*
Josh Belinfante