UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 1:16-CV-03088-ELR |
| STATE OF GEORGIA, ) | |
| ) | |
| Defendant. ) | |

**STATE OF GEORGIA'S REPLY BRIEF IN SUPPORT OF ITS EMERGENCY MOTION FOR AMENDED SCHEDULING ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

The State of Georgia submits this Reply Brief in Support of its Emergency Motion for Amended Scheduling Order and Memorandum of Law in Support Thereof (the "Emergency Motion"). As discussed below, there is good cause for granting the State's Emergency Motion, including (1) it allows summary judgment to be filed *after* the Department of Justice's ("Department") critical expert witness is deposed; (2) it assures that the transcript for the deposition will be both complete and in a form to be filed with the Court; and (3) it is only a few days more than the date consented to by the Department of Justice.

1. **The Significance of Summary Judgment**

As this Court is aware, this is an important case with real public policy consequences. It raises questions of first impression that the Department itself

acknowledges is the "First Challenge to a State-Run School System for Segregating Students with Disabilities."[1] While the Department wrongly claims the GNETS Program is "State-Run," it is at least candid in its attempt to expand the Americans with Disabilities Act (the "ADA") beyond its statutory text and intent.

Indeed, the Department seeks nothing short of a federal takeover of local Georgia school districts' professional decisions about individual students' needs and conditions. While the Complaint is unclear in the precise relief it seeks, it does seek to compel the State of Georgia (as opposed to local schools that provide the relevant educational services) to do nebulous things such as provide "appropriate … educational services and supports." (Doc. 1 at 26.) No cost has been associated with the Department's requested relief. Despite the opaque relief sought, it is clear that the Department seeks to enforce its policy preference with a court monitor, someone who would be far removed from the individual student and who would lack the day-to-day knowledge of local school district professionals who currently make the decisions about which the Department complains. At the very least, if the Department has its way, this case will have significant ramifications for the

---

[1] https://www.justice.gov/opa/pr/justice-department-sues-georgia-unnecessarily-segregating-students-disabilities.

State of Georgia, the Georgia Department of Education, Georgia's 181 school districts, and 2,200 schools across the State.

In cases like this one, the importance of summary judgment is heightened. As binding and persuasive authority has recognized, summary judgment plays a critical role in litigation, and this is particularly true of massive public policy cases like this one where significant disputes exist as to the scope and application of the ADA. Such legal questions should be decided before trial, as the "point of a trial, after all, is not to hash out the law." *Dupree v. Younger*, 598 U.S. 729, 735 (2023). Rather, "there is no benefit to having a district court reexamine a purely legal issue after trial, because nothing at trial will have given the district court any reason to question its prior analysis." *Id.* at 736. Instead, the proper application of summary judgment can "secure the 'just, speedy and inexpensive determination of any action.'" *Albatross Shipping Corp. v. Stewart*, 326 F.2d 208, 211 (5th Cir. 1964).[2] Put differently, summary judgment can "avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." *Morgan v. Havir Mfg. Co.*, 887 F. Supp. 759, 760 (E.D. Pa. 1994) (abrogation on other grounds recognized by *Dale v. Webb Corp.*, 252 F. Supp.2d 186, 189-90 (E.D. Pa. 2003).).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all prior decisions of the former United States Court of Appeals for the Fifth Circuit issued on or before September 30, 1981. *Myers v. United States*, 307 F. Supp. 3d 1349, 1361 (N.D. Ga. 2018), aff'd, 923 F.3d 935 (11th Cir. 2019).

Here, what seems like a small difference in proposed dates between the State and the Department has significant impacts on the briefing itself.  **First**, the Department's expert, Dr. McCart (author of an over 180 page report), will not even be deposed until October 24, 2023.  This is after the current deadline to file summary judgment, and just two weeks before the Department proposes to have summary judgment motions due.  The scope of Dr. McCart's testimony is expansive, and her report appears to provide much of the underpinnings of the Department's critique of local school districts' operation and administration of the GNETS program.  In short, her testimony—if admissible—is significant to this lawsuit.  Putting these concerns aside, additional time is needed in the light of Dr. McCart's right to read and sign her deposition testimony.  Under both the State's and the Department's proposed amended scheduling order, Dr. McCart could amend her deposition *after* briefs are filed but *before* reply briefs are filed.  The State's proposal, however, provides more time for the parties to address any material amendments Dr. McCart may make to her sworn deposition testimony.

**Second**, under the Department's proposed amended schedule, any reply brief would be due on Tuesday, November 28, which is the first Tuesday after the Thanksgiving Holiday.  *See* L.R. N.D. Ga. 7.1(C).  As explained in the State's Emergency Motion, several of the State's litigation team will be visiting with family during Thanksgiving.

## 2. The Department Has Not Articulated A Reason To Deny The Emergency Motion

Finally, the position articulated in the Department's Response to the Emergency Motion provides no basis to deny the State's request. If anything, they demonstrate that the Department's position is unreasonable in the light of the circumstances leading to the Emergency Motion and the State's decisions not to oppose the Department's prior requests for extensions. For example, the Department states that the case has been pending since 2016. That is correct, but it ignores the proper stay of the litigation while the Eleventh Circuit decided whether the Department even had standing to bring a lawsuit under Title II of the ADA. [Doc. 40]. It also ignores the impact COVID-19 had on the Georgia educational system and, necessarily, discovery in this litigation.

The Department does not state, however, its own conduct in delaying the resolution of this first-of-its-kind litigation. On November 15, 2016, the Department sought additional time to respond to the State's motion to dismiss the complaint. [Doc. 10]. The State did not oppose the request. On December 11, 2020, the State did not oppose and, in fact, joined the Department's request to extend fact discovery in the light of the pandemic. [Doc. 92]. On September 10, 2021, the State assuaged the Department again and joined its motion to enlarge the time for fact discovery, even though the State was not in need of additional time. [Doc. 116]. Then, on November 2, 2022, and February 2023, the State agreed to

join the Department's request to extend fact discovery again. [Docs. 260, 343]. Finally, on May 2, 2023, the State did not oppose the Department's request to extend the time for expert discovery. [Doc. 375]. Indeed only once—on July 14, 2023—did the State itself move (with the Department's consent) to extend expert discovery given health issues of the State's expert witness and the witness's father. [Doc. 378]. Thus, whatever delays now concern the Department have been as much a result of its own conduct and desire to engage in incredibly broad and costly discovery.

Next, the Department cites the close of the factual record and the production of the Department's proposed expert reports. Of course, this ignores the reasons for postponing the depositions: illness, hospitalization, and the passing of family members. All of these instances—which have impacted both the Department and the State—are outside the control of any of the parties or their counsel.

### 3.  Conclusion

For each of these reasons, the State requests that the Court GRANT its Emergency Motion and adopt its proposed amended scheduling order, which would have summary judgment briefing be completed and filed on or before November 17, 2023.

Respectfully submitted this 17th day of October, 2023.

Christopher M. Carr
*Attorney General*
Georgia Bar No. 112505
Bryan Webb
*Deputy Attorney General*
Georgia Bar No. 743580
Russell D. Willard
*Senior Assistant Attorney General*
Georgia Bar No. 760280
Susan R. Haynes
*Assistant Attorney General*
Georgia Bar No. 901269

Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 656-3357

/s/ Josh Belinfante
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
Melanie Johnson
Georgia Bar No. 466756
mjohnson@robbinsfirm.com
Edward Bedard
Georgia Bar No. 926148
ebedard@robbinsfirm.com
Danielle Hernandez
Georgia Bar No. 736830
dhernandez@robbinsfirm.com
Javier Pico Prats
Georgia Bar No. 664717
javier.picoprats@robbinsfirm.com
Anna Nicole Edmondson
Georgia Bar No. 289667
aedmondson@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
Atlanta, GA 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

Alexa R. Ross
Georgia Bar No. 614986
alexarross@icloud.com
AlexaRossLaw, LLC
2657 Danforth Lane
Decatur, Georgia 30033

Special Assistant Attorneys General

*Attorneys for Defendants*

## **L.R. 7.1(D) CERTIFICATION**

I certify that the State of Georgia's Reply Brief in Support of its Emergency Motion for Amended Scheduling Order and Memorandum of Law in Support Thereof has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this motion has been prepared using 14-pt Times New Roman Font.

This 17th day of October, 2023.

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **STATE OF GEORGIA'S REPLY BRIEF IN SUPPORT OF ITS EMERGENCY MOTION FOR AMENDED SCHEDULING ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF** by using the CM/ECF system, which automatically sends e-mail notification to counsel of record.

This 17th day of October, 2023.

*/s/ Josh Belinfante*
Josh Belinfante
Georgia Bar No. 047399
