**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA,        *

                *

          Plaintiff,        *

                *

         v.            *        1:16-CV-03088-ELR

                *

STATE OF GEORGIA,          *

                *

          Defendant.     *

                *

_____

**O R D E R**

_____

Presently before the Court are the Parties' "Joint Motion for Leave to Exceed Local Rule 7.1(D) Page Limits" [Doc. 382], Defendant State of Georgia's "Emergency Motion for Amended Scheduling Order" [Docs. 389, 390][1], and Plaintiff United States' response to Defendant's emergency motion.  [Doc. 391]. The Court sets out its reasoning and rulings below.

Pursuant to the Court's July 19, 2023 Amended Scheduling Order, expert discovery in this matter was to be completed "no later than September 22, 2023, except depositions of the State's rebuttal experts shall be completed no later than

---

[1] Defendant's motion filed at Docket Entry 390 is an identical copy of its motion located at Docket Entry 389, except that the later filing appears to have been submitted in person at the Clerk's office. [Compare Doc. 389, with Doc 390].

September 27, 2023." [Doc. 379 at 1–2]. The same Amended Scheduling Order provides that the Parties were to hold their post-discovery settlement conference pursuant to Local Rule 16.3 no later than September 29, 2023, and that any motions for summary judgment are due no later than October 20, 2023. [Id. at 2].

In its emergency motion, the State represents that the Parties have agreed to depose two (2) remaining expert witnesses on October 24 and 30, 2023, and "that "with expert discovery incomplete, the [P]arties have not yet conducted the required in-person post-discovery conference in accordance with Local Rule 16.3." [See Doc. 389 at 4]. Accordingly, the State seeks extensions of time (1) through October 31, 2023, to complete the remaining expert witness depositions; (2) through November 3, 2023, to complete their Local Rule 16.3 in-person post-discovery settlement conference, and (3) through November 17, 2023, to file any motions for summary judgment. [Id. at 5]. In response, the United States (1) joins the State's first request; (2) does not oppose or address the State's second request; and (3) opposes the State's request for an extension through November 17, 2023, to file any motions for summary judgment and instead asks that any extension for filing initial summary judgment briefs not extend beyond November 7, 2023. [See generally Doc. 391].

In its discretion, the Court finds it appropriate to grant only those extensions of deadlines to which the United States consents. See Johnson v. Bd. of Regents of

Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) (a district court enjoys "broad discretion" over pre-trial matters such as discovery and scheduling); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."); [see also Doc. 391].  Although the Court is loathe to grant *any* further extensions in this matter, which has been pending since 2016, the Court acknowledges the factors beyond the control of the Parties that have impacted expert discovery.  Accordingly, the Court extends the below deadlines as follows:

| Event | Deadline |
|---|---|
| All expert discovery to be completed | October 31, 2023 |
| Local Rule 16.3 conference to be completed | November 3, 2023 |
| Filing of any motions for summary judgment | November 7, 2023 |

Next, the Court addresses the Parties' "Joint Motion for Leave to Exceed Local Rule 7.1(D) Page Limits." [Doc. 382].  In that motion, the Parties request that the Court permit them excess pages for any motions for summary judgment as follows: (1) up to fifty (50) pages total for initial briefs in support of any such motions, (2) up to fifty (50) pages total for any briefs in opposition, and (3) up to twenty-three (23) pages for any reply briefs.  [See Doc. 382-1 at 2–3].  The Court grants the Parties' request for an extension of page limits but denies the specific page

limitations they propose as excessive.  Instead, the undersigned grants the following enlargement of the Local Rule 7.1(D) page limitations for summary judgment briefs:

- Up to thirty-five (35) pages for any briefs in support of any motions for summary judgment;

- Up to thirty-five (35) pages for any response briefs in opposition to any motions for summary judgment; and

- Up to eighteen (18) pages for any reply briefs in support of any motions for summary judgment.

The Parties' summary judgment filings must otherwise comport with the Local Rules of this district.  See LR 56.1, NDGa.

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** the State's "Emergency Motion for Amended Scheduling Order." [Docs. 389, 390].  Specifically, the Court **GRANTS** the State's request for an extension but **DENIES** its request to have through November 17, 2023, for the filing of any motions for summary judgment.  Instead, the Court **DIRECTS** the Parties to adhere to the amended schedule and deadlines set forth above.  The Court **GRANTS IN PART AND DENIES IN PART** the Parties' "Joint Motion for Leave to Exceed Local Rule 7.1(D) Page Limits."  [Doc. 382].  Specifically, the Court **GRANTS** the Parties' request for an enlargement of the page limitations for their summary judgment papers but **DENIES** that request to the extent it exceeds the limitations the Court sets by this order.

**SO ORDERED**, this 17th day of October, 2023.

Eleanor L. Ross
United States District Judge
Northern District of Georgia