# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 1:16-cv-03088-ELR |
| ) | |
| STATE OF GEORGIA ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF UNITED STATES' FIFTH REQUEST
FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34, Plaintiff, the United States of America, requests that Defendant, the State of Georgia, produce the documents identified or described below. Please copy each request, and set forth your response beneath each. In accordance with Fed. R. Civ. P. 26(e), these requests are continuing and require that Defendant supplement or correct its responses in a timely manner if it learns that any response is, in some material respect, incomplete or incorrect.

## **INSTRUCTIONS**

1. Pursuant to Fed. R. Civ. P. 34, responses to these requests are due in writing within 30 days.

1

2. Unless otherwise stated, these document requests seek responsive information as specified.

3. These requests for "documents" seek all materials covered by Fed. R. Civ. P. 34(a)(l), including electronically stored information.

4. The following requests seek information in the possession, custody, or control of Defendant or its employees, including information contained in documents as defined below or in any other source of data known or available to Defendant, its employees, attorneys, agents, and/or any other person acting on Defendant's behalf.

5. Defendant must produce the documents as they are kept in the normal course of business. Documents created or stored electronically must be produced in their native electronic format, not printed to paper.

6. Documents must be produced to the United States in a manner consistent with the terms of the ESI Stipulation negotiated between the parties. The United States will provide access to a filesharing website onto which the State can upload the documents.

7. For each request, the response must either state that responsive documents will be provided or state with specificity the grounds for objecting to the request including the reasons, so as to permit the Court and the United States to determine the legal sufficiency of Defendant's objection or position.

8. Any objection must indicate whether Defendant is withholding responsive materials on the basis of that objection. Any objection to part of a request must specify the part of the request to which the objection is made and provide documents responsive to the remainder of the request.

9. If Defendant objects to any request on the basis that the item requested is protected by the attorney-client or work-product privileges, or any other privilege or immunity, then Defendant must describe the nature of the item not produced and do so in a manner that, without revealing information itself privileged or protected, will enable the United States to assess the claim of privilege. If any information contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible. If any document has been redacted or altered in any manner (other than required to scan, convert, and identify the document), make the redaction or alteration clear, state the reason for the redaction or alteration, indicate the date of the redaction or alteration, and identify the person who made the redaction or alteration.

10. If Defendant objects to the production of any information on the ground that production is unduly burdensome, then Defendant must provide the United States with a written, detailed, specific, and particular description of the

burden or expense of production.

## DEFINITIONS

1. For purposes of responding to these requests, "Defendant" and/or "the State" means the State of Georgia, its State agencies (including the Georgia Department of Education, the Georgia Department of Behavioral Health and Developmental Disabilities, and the Georgia Department of Community Health), and any of its officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its behalf.

2. "Communication" means any written statement, writing memorializing an oral statement, or writing memorializing the transmission of information by any means between two or more persons or entities, including conversations, discussions, meetings, interviews, consultations, conferences, memoranda, correspondence, electronic mail, messages, notes, notices, and online internet postings.

3. "Document" means writings, electronic mail, drawings, graphs, charts, photographs, sound recordings, images, and other data, data records, or data compilations stored in any medium from which information can be obtained.

4. "The Georgia Apex Program," or "Apex," means the program identified as such by the Georgia Department of Behavioral Health and Developmental Disabilities.[1]

5. "Georgia Department of Behavioral Health and Developmental Disabilities" ("DBHDD") means the Georgia Department of Behavioral Health and Developmental Disabilities and any division thereof, including all officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its behalf.

6. "Georgia Department of Education" ("GaDOE") means the Georgia Department of Education and any division thereof, including all officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its behalf.

7. "GNETS" means the Georgia Network for Educational and Therapeutic Support Program and any of the twenty-four regional GNETS programs—which may include GNETS Centers, GNETS Classrooms, and/or other settings where GNETS services are provided —including all officers, employees, contractors, attorneys, representatives, investigators, agents, or any other person acting or purporting to act on its or their behalf.

---

[1] *See, e.g.*, https://dbhdd.georgia.gov/georgia-apex-program.

5

8.     The present tense includes the past and future tenses. Words in the singular and plural tenses are interchangeable. The terms "all" and "any" mean "any and all;" "and" and "or" encompass both "and" and "or." The word "including" means "including, but not limited to."

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Data reflecting the Milestones End of Course Assessment Results for High School GNETS Students by GNETS Program for the 2018-19 and 2021-22 school years. The type of data provided should be consistent with the type of data reflected in the excel spreadsheet Bates stamped GA00336619.

2.     Data reflecting the Milestones End of Grade Assessment Results for Elementary/Middle School GNETS Students by GNETS Program and Grade Level for the 2018-2019 and 2021-2022 school years. The type of data provided should be consistent with the type of data reflected in the excel spreadsheet Bates stamped GA00336620.

3.     All analyses, reports, memoranda, presentations, recommendations, or other documents that describe the actual cost, or possible cost, to the State of increasing access to and use of school-based behavioral health services in general education settings, including through the Georgia Apex program, to divert

children from placement in GNETS. Include any documents that describe cost savings, actual or possible, that the State could achieve by maximizing available resources through Medicaid and third-party payors to fund these services in whole or in part.

Dated: December 22, 2022

RYAN K. BUCHANAN
*United States Attorney*
Northern District of Georgia

*/s/ Aileen Bell Hughes*
AILEEN BELL HUGHES
GA Bar Number: 375505
Assistant United States Attorney
United States Department of Justice
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Suite 600
Atlanta, GA 30303-3309
(404) 581.6000
aileen.bell.hughes@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General

SHAHEENA A. SIMONS
Chief

RENEE M. WOHLENHAUS
KELLY GARDNER WOMACK
Deputy Chiefs

ANDREA E. HAMILTON
Special Litigation Counsel

VICTORIA M. LILL
CLAIRE D. CHEVRIER
FRANCES S. COHEN
PATRICK HOLKINS
LAURA C. TAYLOE
MICHELLE L. TUCKER
Trial Attorneys
Educational Opportunities Section

*/s/ Kelly Gardner Womack*
U.S. Department of Justice
Civil Rights Division

950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-3753
kelly.gardner@usdoj.gov

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>STATE OF GEORGIA<br>Defendant. | Civil Action No.<br><br>1:16-cv-03088-ELR |

## CERTIFICATION OF SERVICE OF DISCOVERY

Pursuant to Local Rule 5.4, N.D. Ga., I certify that on Thursday, December 22, 2022, I served **PLAINTIFF UNITED STATES' FIFTH REQUEST FOR THE PRODUCTION OF DOCUMENTS**, on all counsel of record via email.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/Aileen Bell Hughes
*Assistant United States Attorney*
Georgia Bar No. 375505
Aileen.bell.hughes@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
(404) 581-6000
fax (404) 581-6181