# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-03088- |
| ) | ELR |
| STATE OF GEORGIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MATERIALS OUT OF TIME

The United States, by and through its undersigned counsel, seeks leave of this Court pursuant to Federal Rule of Civil Procedure 6(b) to file its opposition to the State of Georgia's Motion for Summary Judgment, along with all supporting materials, one day after the deadline set forth by this Court's scheduling order (ECF No. 394) and Local Rule.

On November 7, 2023, the State filed its Motion for Summary Judgment. Pursuant to Local Rule, the United States' opposition was due three weeks later, on November 28, 2023. L.R. 7.1(B), NDGa. The United States will file its Corrected Memorandum in Opposition to the State's Motion for Summary Judgment, Corrected Responsive Statement of Material Facts, Statement of Additional Facts,

and Exhibits on November 29, 2023. The United States now seeks leave of court for filing these materials one day after the time specified by local rule. The State of Georgia has indicated it does not oppose this Motion.

>Pursuant to Rule 6(b):
>
>**(1)** ***In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>…
>**(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). To determine whether neglect is excusable, the Court considers: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, each of the factors considered in determining excusable neglect supports granting the United States' Motion. First, the State of Georgia will experience no prejudice from the delay: under local rule, the State's deadline to reply is based on the date of the United States' filing of its opposition, and therefore will not be impacted by a one-day delay in the United States' filing (and in fact may be benefited by having an additional, full day to consider the United States' arguments as the United States first filed its opposition memorandum and

responsive statement of facts within 30 minutes of its deadline). LR 7.1(C), NDGa. As a result, there is no reasonable basis to determine the State would be prejudiced by granting the United States' Motion.

Second, the United States is seeking leave to file its materials with only a modest delay of one day. Whereas the United States' original deadline to file its opposition to the State's Motion for Summary Judgment was the Tuesday after Thanksgiving, the United States seeks leave to file its materials only one day later, on November 29, 2023. This will not impact any other court-imposed deadlines or proceedings related to this matter. Therefore, the limited nature of the delay further supports granting the United States' Motion.

Third, despite best efforts by the United States, and due to the clerical complexities of responding to a motion for summary judgment with a record of the size involved in this case, additional time was needed to complete preparations of its opposition materials, largely to provide this Court and opposing counsel with complete and accurate citations to the voluminous record. As is shown by the United States Responsive Statement of Undisputed Material Facts, responding to the State's statements alone resulted in an over 180-page document replete with responsive citations to the record, and additional exhibits will constitute many hundred pages more. Furthermore, while the United States filed its initial opposition memorandum and responsive statement of facts within half an hour of

its deadline, the United States will file corrected versions to provide the Court and counsel with more usable citations to the record within a day of the original deadline. The United States has endeavored to maintain the highest quality work product in its filings and to meet the deadlines set forth by the Court; given the number of filings exchanged by the parties in recent weeks, the scope of issues raised by the State requiring thorough response, and an intervening holiday, the United States unexpectedly needed some additional time to effect its filing.

Finally, the United States has acted, and continues to act, in good faith in its dealings with the State and this Court. The United States is promptly seeking leave of this Court to file out of time for the first time in over seven years of litigation. In the midst of numerous substantial filings, both parties have made errors in good faith. *See, e.g.,* ECF No. 444. The United States gains no advantage from the Court granting this Motion and has sought no unfair advantage in its conduct with the State to date.

As a result, each of the factors for excusable neglect support granting the United States' motion. *See Fuller v. Kroger Co.*, No. 1:13-cv-03033-ELR, 2015 WL 13357676, at *1 (N.D. Ga. May 6, 2015) (granting leave for untimely Amended Motion for Partial Summary Judgment where "the delay…was minimal, the Plaintiff acted in good faith, and the delay will not adversely impact Defendant or the Court."); *Conservit, Inc. v. Global Mill Supply, Inc.*, No. 1:19-cv-00274-

ELR, 2022 WL 3337242, at *5 (N.D. Ga. Feb. 24, 2022) (finding Defendant did not suffer any prejudice as the result of a one-day delay); *Norton v. NexAir, LLC*, No. 1:19-cv-03901-ELR, 2021 WL 8567778, at *2 (N.D. Ga. Sep. 28, 2021) (no prejudice with 7-day delay).

Dated: November 29, 2023.

Respectfully submitted:

| | |
|---|---|
| RYAN K. BUCHANAN<br>*United States Attorney*<br>Northern District of Georgia | KRISTEN CLARKE<br>Assistant Attorney General |
| /s/ *Aileeen Bell Hughes*<br>AILEEN BELL HUGHES<br>GA Bar Number: 375505<br>Assistant United States Attorney<br>United States Department of Justice<br>Richard B. Russell Federal Building<br>75 Ted Turner Dr. SW<br>Suite 600<br>Atlanta, GA 30303-3309<br>(404) 581.6000<br>aileen.bell.hughes@usdoj.gov | SHAHEENA A. SIMONS<br>Chief<br><br>KELLY GARDNER WOMACK<br>Deputy Chief<br><br>ANDREA HAMILTON WATSON<br>Special Litigation Counsel |

CRYSTAL ADAMS
CLAIRE CHEVRIER
FRANCES COHEN
MATTHEW GILLESPIE
PATRICK HOLKINS
VICTORIA M. LILL
JESSICA POLANSKY
LAURA C. TAYLOE
MICHELLE L. TUCKER
Trial Attorneys
Educational Opportunities Section

*/s/ Matthew Gillespie*
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 598-6368
Matthew.Gillespie2@usdoj.gov

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>STATE OF GEORGIA,<br><br>DEFENDANT. | Civil Action No.<br><br>1:16-cv-03088-ELR |

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion has been prepared using Times New Roman, 14-point font.

November 29, 2023.

>   */s/ Matthew Gillespie*
>   MATTHEW GILLESPIE

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> STATE OF GEORGIA, <br><br> DEFENDANT. | Civil Action No. <br><br> 1:16-CV-03088-ELR |

### Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

November 29, 2023.

                                              */s/ Matthew Gillespie*
                                              MATTHEW GILLESPIE