IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | CIVIL ACTION |
| v. | NO. 1:16-CV-03088-ELR |
| STATE OF GEORGIA, | |
| *Defendant*. | |

DEFENDANT'S UNOPPOSED MOTION FOR ORAL ARGUMENT WITH
INCORPORATED BRIEF IN SUPPORT THEREOF

Defendant State of Georgia (the "State" or "Defendant"), submits this Unopposed Motion for Oral Argument on Defendant's Motion for Summary Judgment, Doc. No. [429]; Defendant's Motion to Exclude Testimony of Dr. Amy McCart and Supporting Memorandum of Law, Doc. No. [431]; and Defendant's Motion to Exclude Testimony of Dr. Robert Putnam and Incorporated Memorandum of Law in Support Thereof, Doc. No. [428] (Defendant's motions to exclude the testimony of Plaintiff's experts will be hereinafter referred to as "Defendant's Daubert Motions").

The Department of Justice ("DOJ") has not reviewed this Motion, but it does not oppose the State's request for oral argument.

**CITATION TO AUTHORITY & ARGUMENT**

Under Local Rule 7.1(E), courts will typically decide motions on the written filings of the parties "unless a hearing is ordered by the Court." Setting an oral hearing is within the discretion of the Court and may be granted upon motion or request for hearing "specify[ing] the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument." *Instructions for Cases Assigned to the Honorable Eleanor L. Ross* at 8. See also, White v. Sears, Roebuck & Co., No. CIV.A.103CV00002GET, 2006 WL 2617136, at *1 (N.D. Ga. Sept. 12, 2006) (request for oral argument should explain "why oral argument would be helpful or necessary.")

This case involves important issues of first impression regarding the application of Title II of the Americans with Disabilities Act to state education policy. This Court's decisions will ultimately determine the authority of the federal government to enforce the ADA's anti-discrimination provisions against states with regard to publicly funded educational and behavioral-health services for school-age children. As argued by the State, the breadth of the lawsuit is significant—both in its identity of alleged persons suffering discrimination (virtually anyone with a disability related behavior) and in the proposed remedies (of using federal anti-discrimination laws to determine who educates students, when, and how they

receive education services)—and could create significant consequences for State policymakers and appropriations.

In addition to these complex legal issues, the Court is now confronted with an enormous factual record, as well as disputes between the parties about what the factual record actually says, what is admissible, and whether the facts raise any genuine issue to be tried under Fed. R. Civ. P. 56.1. Under these circumstances, oral argument would be helpful to the Court.

The State also requests oral argument on Defendant's Daubert Motions. Defendant believes such a hearing on these motions would be of assistance to the Court in navigating this important and complex case. While hearings on Daubert motions are not required by law or the Federal Rules, "they are almost always fruitful uses of the court's time and resources in complicated cases involving multiple expert witnesses" such as in this case. City of Tuscaloosa v. Hacros Chems., Inc., 158 F.3d 548, 564 n.21 (11th Cir. 1998); see also U.S. v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001). This is particularly true where, as here, so much of the Plaintiff's claims rest on (what the State contends is inadmissible) expert testimony.

## CONCLUSION

For these reasons, Defendant's request for oral argument on its Motion for Summary Judgment and Defendant's Daubert Motions should be granted. A proposed order is attached to this brief.

Respectfully submitted, this 14th day of December, 2023.

| | |
|---|---|
| Christopher M. Carr   112505<br>*Attorney General*<br>Bryan Webb   743580<br>*Deputy Attorney General*<br>Russell D. Willard   760280<br>*Sr. Assistant Attorney General*<br>Susan R. Haynes   901269<br>*Assistant Attorney General*<br>Office of the Attorney General<br>40 Capitol Square, SW<br>Atlanta, Georgia 30334 | /s/ Josh Belinfante<br>Josh Belinfante   047399<br>Melanie Johnson   466756<br>Edward A. Bedard   926148<br>Javier Pico Prats   664717<br>Danielle Hernandez   736830<br>Anna Edmondson   289667<br>ROBBINS ALLOY BELINFANTE<br>   LITTLEFIELD, LLC<br>500 14th St. NW<br>Atlanta, GA 30318<br>T: (678) 701-9381<br>F: (404) 856-3255<br>E: jbelinfante@robbinsfirm.com<br>   mjohnson@robbinsfirm.com<br>   ebedard@robbinsfirm.com<br>   dhernandez@robbinsfirm.com<br>   jpicoprats@robbinsfirm.com<br>   aedmondson@robbinsfirm.com<br><br>Alexa R. Ross   614986<br>AlexaRossLaw, LLC<br>2657 Danfroth Lane<br>Decatur, Georgia 30033<br>E: alexarross@icloud.com<br><br>*Special Assistant Attorneys General*<br><br>*Attorneys for Defendant*<br>*State of Georgia* |

Case 1:16-cv-03088-ELR   Document 473   Filed 12/14/23   Page 5 of 6

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this DEFENDANT'S UNOPPOSED MOTION FOR ORAL ARGUMENT WITH INCORPORATED BRIEF IN SUPPORT THEREOF has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1. Specifically, this document has been prepared using 14-pt Times New Roman font and type.

*/s/ Josh Belinfante*
Josh Belinfante
