# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1:16-CV-03088-ELR |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF UNITED STATES' SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

Plaintiff United States of America ("United States"), by and through its counsel of

record, serves the following supplemental objections and responses to Defendant's

First Set of Interrogatories.

**GENERAL CLARIFICATIONS/OBJECTIONS**

1.     The United States responds in accordance with the Federal Rules of

Civil Procedure, the Local Rules for the Northern District of Georgia, and the

terms of the parties' August 6, 2020 Joint Stipulation and Order Regarding

Discovery ("Joint Stipulation") and not with any instructions or definitions that

vary therefrom.

2.      The following responses are accurate to the best of the United States'
knowledge as of this date.  The United States reserves the right to modify,
supplement, and/or amend any or all of the responses in accordance with the
Federal Rules of Civil Procedure.

3.      The United States' objections, as specifically set forth below, are
based on information now known to the United States and its attorneys, and are
made without prejudice to the United States' right to assert additional objections.

4.      The United States' objection to the production of any information or
category of information is not to be construed as an admission or acknowledgment
that any information exists within such category or categories.

5.      The United States objects, as specifically set forth below, to
interrogatories that require or could result in the disclosure of information that
would violate the attorney-client privilege, attorney work product doctrine,
common interest doctrine, law enforcement or investigatory files privilege,
informant privilege, or deliberative process privilege.  *See* Fed. R. Civ. P. 26(b)(3);
*Seebeck v. Gen. Motors Corp.*, No. 96 Civ. 449, 1996 WL 742914, at *2-3 (N.D.
Ga. May 17, 1996) (attorney work product doctrine); *In re U.S. Dep't of Homeland
Sec.*, 459 F.3d 565, 568–69 (5th Cir. 2006) (law enforcement evidentiary
privilege); *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341
(D.C. Cir. 1984) (investigatory files compiled for law enforcement purposes are

privileged as necessary to protect the law enforcement process); *Brock v. On Shore Quality Control Specialists, Inc.*, 811 F.2d 282, 283 (5th Cir. 1987) (noting that informant privilege applies in civil cases); *Georgia Aquarium, Inc. v. Pritzker*, 134 F. Supp. 3d 1374, 1378-79 (N.D. Ga. Dec. 16, 2014) (deliberative process privilege). Information and documents relating to the United States' investigation or investigation process are subject to the law enforcement or investigatory files privilege. The identity of persons who furnish information to the Department of Justice about violations of the law is also protected from disclosure. Information and documents protected by these privileges include Department of Justice investigation files, attorney and attorney staff notes, internal memoranda, non-testifying expert materials, case analyses, citizen correspondence, inter-agency correspondence, and any other document that reveals the United States' deliberative or investigatory methods and strategies, discloses the confidentiality of sources, or risks the safety, candor, and privacy of complainants or other individuals involved in the investigation.

6.  Nothing contained in any response herein shall be deemed an admission, concession, or waiver by the United States of the relevance, materiality, or admissibility of any information produced in response to Defendant's interrogatories.

## SPECIFIC SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.    Identify each person who provided any information used in preparing the responses to these Interrogatories and the specific Interrogatory or Interrogatories for which each person provided any information.  Additionally, include the phone number, email address, and mailing address of each individual listed.

**RESPONSE:**

The United States supplements its response to this Interrogatory to add that the following individuals provided information used in preparing the responses to these Interrogatories:

| Name | Email address | Mailing Address | Phone number |
|------|---------------|-----------------|--------------|
| Amy McCart, Ph.D. | amy.allened@gmail.com | 1604 Jefferson Street, Kansas City, MO 64108 | 816-305-6213 |
| Robert F. Putnam, Ph.D. | bputnam@mayinstitute.org | 41 Pacella Park Drive, Randolph, MA 02368 | 781-437-1207 |

2.    Identify each person who has given a written statement, interview, affidavit, or other form of statement that refers or relates to the subject matter of this lawsuit and describe in detail each communication you have had with that person.  Additionally, include the phone number, email address, and mailing

address of each individual listed.

**RESPONSE:**

The United States objects to this Interrogatory as overly broad and vague. As written, this Interrogatory seeks written statements, interviews, affidavits, or "other form[s] of statement[s]" that refer or relate to the subject matter of this lawsuit, regardless of whether those statements were taken by or provided to the United States. In addition, this Interrogatory calls for the United States to "describe in detail each communication" with the persons providing the interviews, affidavits, and statements referenced but does not specifically identify the scope and nature of the description being sought.

The United States further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, deliberative process privilege, or law enforcement, investigatory files, or informant privileges. Providing detailed descriptions of the United States' communications with each person referenced in this Interrogatory would inevitably reveal the topics covered, the questions asked, and the comments made by counsel, thus disclosing counsel's mental impressions and the United States' investigative processes and overall litigation strategy. Disclosing the identity of all persons the United States has chosen to interview or take statements from further reveals counsel's thought processes and the United

States' methods of investigation.

To the extent this Interrogatory seeks information related to individuals who may testify at trial, the United States objects on the grounds that the request is premature. The United States has not yet identified its trial witnesses, nor is it required to do so at this stage of the litigation. *See*, *e.g.*, Fed. R. Civ. P. 26(a)(3); Fed. R. Civ. P. 16(c)(2)(G).

Subject to and without waiving these objections, the United States responds to this Interrogatory by producing an updated list of the names, addresses, phone numbers, and email addresses, where available, of the individuals in **Exhibit A**, who are current or former advocates for children with disabilities, service providers, educators, or other stakeholders in Georgia with whom the United States has had contact. The United States has also produced written communications with third parties who may have provided information or been interviewed in connection with this litigation. *See* US0011464-US0013020, US0304633-US0306596. Those communications identify each such person by name and provide relevant contact information. A summary of the names, email addresses, and telephone numbers of parents/guardians with whom the United States has communicated appears in **Exhibit B**, which will be produced under separate cover and subject to the protective order entered in this case. The United States has also had conversations with personnel associated with the schools and facilities where it

has conducted site visits pursuant to Rule 45 subpoenas. *See*, *e.g.*, ECF Nos. 122-125, 136-147, 149, 178, 184-91, and 195-205. Because representatives of the State and counsel for the State were present at these visits, information regarding the identity of the individuals with whom the United States communicated is already within the possession, custody, or control of the State and is not reproduced here.

3.     Identify every student who you believe is "in serious risk" of receiving GNETS services. For each individual listed, please provide the person's name, phone number, email address, mailing address, and whether they are currently receiving GNETS services. If the individual is no longer receiving GNETS services, please include the location where they received GNETS services and the date they ceased receiving GNETS services.

**RESPONSE:**

The United States objects to this Interrogatory on the grounds that it is unduly burdensome and calls for information that is primarily in the possession, custody, and control of the State. The United States further objects on the ground that this Interrogatory improperly seeks to uncover the United States' trial strategy.

To the extent that this Interrogatory seeks information regarding expert disclosures, the United States objects on the grounds that the Interrogatory seeks disclosures beyond the scope of what is required by Federal Rule of Civil Procedure 26 and the Court's February 1, 2023 Amended Scheduling Order,

including the deadline for expert disclosures set forth therein. The United States will produce such information to the extent and in the manner required by Rule 26 and the terms of the February 1, 2023 Amended Scheduling Order. The United States reserves the right to supplement its discovery responses and any other required disclosures accordingly.

Subject to and without waiving these objections, in the context of this litigation, persons at risk of placement in the GNETS Program include students with disabilities, between the ages of 5 and 21, who are eligible for enrollment in Georgia public schools, who face possible referral to the GNETS Program "due to the severity of one or more of the characteristics of the disability category of emotional and behavioral disorders (EBD)," and for whom the State has failed to provide sufficient school-based or community services. *See* gadoe.org/Curriculum-Instruction-and-Assessment/Special-Education-Services/Pages/Georgia-Network-for-Special-Education-and-Supports.aspx. Persons at risk of placement in the GNETS Program include "students who exhibit intense social, emotional and/or behavioral challenges" (including "atypical[] and withdrawal behaviors") "with a severity, frequency or duration" such that they are not "benefit[ting] educationally" from a general education placement with the services and supports made available to them. *See* Ga. Rule 160-4-7-.15(2)(a), -(2)(b). This includes students with primary exceptionalities other than EBD. In

addition, every child who has been placed in the GNETS Program is at risk of placement in the GNETS Program again. For identification of students who have previously been placed in the GNETS Program, the United States refers Defendant to Defendant's responses to Interrogatory No. 13 of the United States' First Set of Interrogatories to Defendant and GA00000001-GA00000005, GA05242789-GA05242790.

4.    Identify what constitutes the "sufficient mental health and therapeutic educational services and supports with children with behavior-related disabilities" that are alleged in Paragraph 39 of the Complaint.

**RESPONSE:**

The United States objects to this Interrogatory to the extent that it misstates the claims asserted by the United States in this litigation. The United States also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.

To the extent that this Interrogatory seeks information regarding expert disclosures, the United States objects on the grounds that the Interrogatory seeks disclosures beyond the scope of what is required by Federal Rule of Civil Procedure 26 and the Court's February 1, 2023 Amended Scheduling Order, including the deadline for expert disclosures set forth therein. The United States will produce such information to the extent and in the manner required by Rule 26

and the terms of the February 1, 2023 Amended Scheduling Order.  The United States reserves the right to supplement its discovery responses and any other required disclosures accordingly.

Subject to and without waiving these objections, "sufficient mental health and therapeutic educational services and supports for children with behavior-related disabilities in integrated educational settings"— as referenced in Paragraph 39 of the Complaint—are an array of services and supports that, when implemented with fidelity, allow students with behavior-related disabilities to be served in the most integrated setting appropriate for those students.  Examples of such services and supports include, but are not limited to: enhanced teacher training on evidence-based practices and interventions that support students with emotional and behavioral disabilities; implementation of a multi-tiered system of support such as Positive Behavior Interventions and Supports ("PBIS"); Functional Behavior Assessments and Behavior Intervention Plans conducted by appropriately trained professionals; appropriately credentialed and trained behavior support specialists and mental health providers; effective coordination between educational personnel and mental health professionals; differentiated instruction; behavior coaching; trauma informed practices; case management and individual care coordination; crisis response and stabilization; social skills training; social and emotional learning; restorative practices; and a range of Medicaid-funded services,

including those the United States identifies in response to Interrogatory 13 below.

5.    Identify every state that you believe offers the "sufficient" services identified in your response to Interrogatory No. 4.

**RESPONSE:**

The United States objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims asserted by the United States in this litigation nor proportional to the needs of this case.  The United States further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  The United States is litigating the sufficiency of the mental health and therapeutic educational services and supports offered to children with behavior-related disabilities in Georgia.  Pursuing this litigation under Title II of the Americans with Disabilities Act does not require the United States to conduct, nor has it conducted, a comprehensive assessment of the related service provision systems of all 50 states.

6.    Identify what constitutes "adequate training to general education teachers regarding students with behavior-related disabilities and supports and services that allow these students to learn in integrated settings" as alleged in Paragraph 40 of the Complaint.

**RESPONSE:**

The United States objects to this Interrogatory to the extent that it seeks information protected by the attorney work product doctrine or the attorney-client privilege.

To the extent that this Interrogatory seeks information regarding expert disclosures, the United States also objects on the grounds that the Interrogatory seeks disclosures beyond the scope of what is required by Federal Rule of Civil Procedure 26 and the Court's February 1, 2023 Amended Scheduling Order, including the deadline for expert disclosures set forth therein. The United States will produce such information to the extent and in the manner required by Rule 26 and the terms of the February 1, 2023 Amended Scheduling Order. The United States reserves the right to supplement its discovery responses and any other required disclosures accordingly.

Subject to and without waiving these objections, "adequate training to general education teachers regarding students with behavior-related disabilities and the supports and services that allow these students to learn in integrated settings"— as referenced in Paragraph 40 of the Complaint—is high-quality training on the array of mental health and therapeutic educational services and supports that, when implemented with fidelity, allows students with behavior-related disabilities to be served in the most integrated setting appropriate for those students. Examples of

such services and supports include, but are not limited to: evidence-based practices

and interventions that support students with emotional and behavioral disabilities,

including: multi-tiered systems of support like PBIS–particularly Tiers II and III

supports and interventions; Functional Behavior Assessments; Behavior

Intervention and Crisis Intervention Plans; trauma-informed and restorative

practices; social and emotional learning; social skills training; differentiated

instruction; behavior coaching; crisis response and stabilization; and other mental

health and behavioral interventions (including a range of Medicaid-funded

services).

7.      For services identified in Interrogatory No. 6, identify each and every

state that you believe offers "adequate training" described in Paragraph 40 of the

Complaint.

**RESPONSE:**

The United States objects to this Interrogatory on the grounds that it is

overly broad, unduly burdensome, and seeks information that is neither relevant to

the claims asserted by the United States in this litigation nor proportional to the

needs of this case.  The United States further objects to this Interrogatory to the

extent that it seeks information protected by the attorney-client privilege or the

attorney work product doctrine.  The United States is litigating the sufficiency of

the mental health and therapeutic educational services and supports offered to

children with emotional and behavioral disabilities in Georgia, not other states.

Pursuing this litigation under Title II of the Americans with Disabilities Act does

not require the United States to conduct, nor has it conducted, a comprehensive

assessment of the related service provision systems of all 50 states or the quality of

any training delivered in connection with those systems.  To the extent that the

training provided to teachers in general education schools is relevant to this

litigation, the appropriate focus is training provided to teachers in Georgia, not

other states.

       8.     Identify the policies or other documents that support Paragraph 41 of

the Complaint that are or have been in effect since January 1, 2017.

**RESPONSE:**

The United States objects to this Interrogatory on the grounds that it calls for

information that is primarily in the possession, custody, and control of the State,

and improperly seeks to uncover the United States' trial strategy.

To the extent that this Interrogatory seeks information regarding expert

disclosures, the United States also objects on the grounds that the Interrogatory

seeks disclosures beyond the scope of what is required by Federal Rule of Civil

Procedure 26 and the Court's February 1, 2023 Amended Scheduling Order,

including the deadline for expert disclosures set forth therein.  The United States

will produce such information to the extent and in the manner required by Rule 26

and the terms of the February 1, 2023 Amended Scheduling Order.  The United States reserves the right to supplement its discovery responses and any other required disclosures accordingly.

Subject to and without waiving these objections, the United States responds that the State's policies, procedures, practices, actions, and omissions have caused the unnecessary segregation of students with emotional or behavioral disabilities and related conditions in GNETS Centers and Classrooms and have failed to provide these students the opportunity to receive integrated services in general education settings and in the community.  These policies and practices include, but are not limited to, the State: 1) failing to offer or ensure sufficient and appropriately evidence-based mental health and therapeutic educational services and supports for children with emotional and behavioral disabilities in integrated educational settings; 2) failing to effectively provide information and processes to enable students to avoid placement in the GNETS Program or to transition out of the GNETS Program; 3) failing to include students who receive GNETS services in general education (i.e., non-GNETS) settings in the student count used to determine regional GNETS program funding allocations; 4) failing to effectively inform students and their families of available community-based mental health and therapeutic educational services and supports for children with behavior-related disabilities; 5) failing to ensure that students with emotional or behavioral

disabilities and related conditions are appropriately identified, screened, and assessed to determine whether those students can be served in general education settings; 6) failing to develop and conform to laws, policies, and practices that support the development of adequate systems of care, which are required by both federal and state laws and policies; and 7) failing to use the relevant systems of funding to develop policies that support the blending and braiding of funding to maximize the appropriate use and disposition of local, state, and federal funds. *See*, *e.g.*, *Fulton County v. J.F.*, 1:20-cv-01675-ELR (N.D. Ga. June 2, 2021), Dkt. 067 (J. Ross, affirming findings of ALJ that student who was enrolled in kindergarten in August 2017, and who the District's own consultant concluded could remain in a general education setting with proper supports, was "unnecessarily and prematurely placed into GNETS, and inappropriately continued in this restrictive placement" under District's triangulation of data as endorsed/directed in the GNETS strategic plan, *e.g.*, GA00097595, and despite the fact that prior to his referral to the GNETS Program the student was receiving no supportive services that would have enabled him to stay in his general education classroom, as purportedly required by the State before a student is eligible for admission to the GNETS Program).

9.      Identify each and every one of the "thousands of students with behavior-related disabilities in Georgia [who] are at serious risk of placement in

Segregated GNETS programs" that are described in Paragraph 42 of the

Complaint.  For each student and their legal parent or guardian, provide their

name, email address, telephone number, and current school.

**RESPONSE:**

The United States objects to this Interrogatory on the grounds that it is

unduly burdensome and calls for information that is primarily in the possession,

custody, and control of the State.  The United States further objects on the grounds

that this Interrogatory is not proportional to the needs of this case and improperly

seeks to uncover the United States' trial strategy.

To the extent that this Interrogatory seeks information regarding expert

disclosures, the United States objects on the grounds that the Interrogatory seeks

disclosures beyond the scope of what is required by Federal Rule of Civil

Procedure 26 and the Court's February 1, 2023 Amended Scheduling Order,

including the deadline for expert disclosures set forth therein.  The United States

will produce such information to the extent and in the manner required by Rule 26

and the February 1, 2023 Amended Scheduling Order.  The United States reserves

the right to supplement its discovery responses and any other required disclosures

accordingly.

Subject to and without waiving these objections, the "thousands of students

with behavior-related disabilities in Georgia [who] are at serious risk of placement

in segregated GNETS programs"—as referenced in Paragraph 42 of the

Complaint—include those students with disabilities, between the ages of 5 and 21,

who are eligible for enrollment in Georgia public schools, who face possible

referral to the GNETS Program "due to the severity of one or more of the

characteristics of the disability category of emotional and behavioral disorders

(EBD)," and for whom the State has failed to provide sufficient school-based or

community services.  *See* gadoe.org/Curriculum-Instruction-and-

Assessment/Special-Education-Services/Pages/Georgia-Network-for-Special-

Education-and-Supports.aspx.  Persons at risk of placement in the GNETS

Program include "students who exhibit intense social, emotional and/or behavioral

challenges" (including "atypical[] and withdrawal behaviors") "with a severity,

frequency or duration[,]" such that they are not "benefit[ting] educationally" from

a general education placement with the services and supports made available to

them.  *See* Ga. Rule 160-4-7-.15(2)(a), -(2)(b).  This includes students with

primary exceptionalities other than EBD.  In addition, every child who has been

placed in the GNETS Program is at risk of unnecessarily remaining in GNETS or

being placed back into the GNETS Program after exiting.  For identification of

students who have previously been placed in the GNETS Program, the United

States refers Defendant to Defendant's responses to Interrogatory No. 13 of the

United States' First Set of Interrogatories to Defendant and GA00000001-

GA00000005, GA05242789- GA05242790.

10.    Identify what constitutes the "reasonabl[e] modifi[cation]" of educational services and supports that would enable the "vast majority of students in the GNETS Program" to be served in general education classrooms as alleged in Paragraph 44 of the Complaint.

**RESPONSE:**

The United States objects to this Interrogatory on the grounds that it improperly seeks to uncover the United States' trial strategy.  The United States further objects to this Interrogatory to the extent it seeks information regarding expert disclosures beyond the scope of what is required by Federal Rule of Civil Procedure 26 and the Court's February 1, 2023 Amended Scheduling Order, including the deadline for the expert disclosures set forth therein.  The United States will produce such information to the extent and in the manner required by Rule 26 and the February 1, 2023 Amended Scheduling Order.  The United States reserves the right to supplement its discovery responses and any other required disclosures accordingly.

Subject to and without waiving these objections, reasonable modifications to the State's delivery of services to students in the GNETS Program would include, but not be limited to, the redirection and enhancement of existing services, resources, training, and financial and human capital to appropriately integrate

students with disabilities in the GNETS Program into general education schools where they are offered full and equal opportunities to participate in the programs, services, or activities offered there, including but not limited to electives, extracurricular activities, coursework, and other educational benefits and services enjoyed by their peers.  The State can appropriately address the needs of students currently segregated in the GNETS Program in more integrated settings through reasonable modifications to the State's existing services and supports, including but not limited to enhanced teacher training in classroom management; enhanced use of co-teaching; proper evaluation of students with disabilities; appropriate use of behavior assessments and intervention plans; proper application of differentiated instruction; and development of appropriate accommodations and modifications to meet the unique needs of students with disabilities.  The State can also appropriately address the needs of students currently segregated in the GNETS Program through reasonable modifications to the State's system for delivering community-based services, including but not limited to building adequate systems of care; developing effective methods of coordination between the Georgia Department of Behavioral Health and Developmental Disabilities and the Georgia Department of Education; expanding access to—and strengthening the structure for delivering—evidence-based school-based interventions and supports such as those offered through Apex and Project AWARE; Functional Behavioral Assessments

and other diagnostic assessments; psychological testing; service plan development; community supports; family outpatient services; group outpatient services; multi-tiered systems of support; crisis interventions; Intensive Customized Care Coordination; Psychiatric Treatment; Individual Counseling; Crisis Stabilization; Intensive Family Intervention services; and peer support services

11.    Identify each and every one of the students who you allege, in Paragraph 44 of the Complaint, "could participate in general education schools if the State reasonably modified its delivery of educational services and supports in integrated educational settings."  For each student and their legal parent or guardian, provide their name, email address, telephone number, and current school.

**RESPONSE:**

The United States objects to this Interrogatory because it is overly broad, unduly burdensome, and calls for information that is primarily in the possession, custody, and control of the State.  The United States further objects on the grounds that this Interrogatory is not proportional to the needs of this case and improperly seeks to uncover the United States' trial strategy.  The United States also objects to the extent that this Interrogatory seeks information regarding expert disclosures beyond the scope of what is required by Federal Rule of Civil Procedure 26 and the Court's February 1, 2023 Amended Scheduling Order, including the deadline for expert disclosures set forth therein.  The United States will produce such

information to the extent and in the manner required by Rule 26 and the February 1, 2023 Amended Scheduling Order.  The United States reserves the right to supplement its discovery responses and any other required disclosures accordingly.

Subject to and without waiving these objections, the United States notes that examples of students who could participate in general education schools if the State reasonably modified its delivery of educational services and supports in integrated educational settings are included among those who parents or guardians have expressed concerns related to the GNETS Program.  *See* US0011464-US0013020, US0304633-US0306596.

12.    Identify each and every one of the students who you allege, in Paragraph 46 of the Complaint, "would not oppose receiving mental health and therapeutic educational services and supports in a more integrated setting."  For each student and their legal parent or guardian, provide their name, email address, telephone number, and current school.

**RESPONSE**:

The United States objects to this Interrogatory because it is overbroad, unduly burdensome, not proportional to the needs of the case, and calls for information that is primarily in the possession, custody, and control of the State. As the state education agency, the Georgia Department of Education has access to

the names and schools of each current or former student in the GNETS Program and should have access to corresponding email addresses and telephone numbers.

The United States further objects to this Interrogatory to the extent it improperly seeks to uncover the United States' trial strategy and force premature disclosure of trial witnesses. An interrogatory that asks a party to disclose the identity of its trial witnesses prior to the close of discovery is objectionable. *See*, *e.g.*, Fed. R. Civ. P. 26(a)(3); Fed. R. Civ. P. 16(c)(2)(G); *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 36 (D.D.C. 2007) (finding that "[D]iscovery is not the appropriate time to obtain an opponent's witness list and that Plaintiff properly invoked the work product privilege with respect to this interrogatory[.]").

Subject to and without waiving these objections, the United States responds that examples of non-objections are found in communications with third parties produced at US0011464-US0013020, US0304633-US0306596.

13.    Identify the "[i]ntegrated mental health and therapeutic educational services and supports" that you refer to in Paragraph 56 of the Complaint. For each such service, identify where the service is provided by city and county, the identity of the provider, and the rate or charge imposed by the provider.

**RESPONSE**:

The United States objects to this Interrogatory on the grounds that it improperly seeks to uncover the United States' trial strategy and calls for

information that is primarily in the possession, custody, and control of the State.

To the extent that this Interrogatory seeks information regarding expert disclosures, the United States further objects on the grounds that it seeks disclosures beyond the scope of what is required by Federal Rule of Civil Procedure 26 and the Court's February 1, 2023 Amended Scheduling Order, including the deadline for expert disclosures set forth therein. The United States will produce such information to the extent and in the manner required by Rule 26 and the February 1, 2023 Amended Scheduling Order.  The United States reserves the right to supplement its discovery responses and any other required disclosures accordingly.

Subject to and without waiving these objections, the "[i]ntegrated mental health and therapeutic educational services and supports" at issue in this case include, but are not limited to, those that the State identified–or will identify–in response to the United States' Interrogatory No. 17, as well as those listed in the United States' Responses to Interrogatories 4 and 10, above.  "Integrated mental health and therapeutic educational services and supports" also include, but are not limited to, mental health and therapeutic educational services and supports provided through school based-mental health delivery systems.  When provided with fidelity and in sufficient frequency, intensity, and duration, the kinds of services provided through Apex and Project AWARE can be included as examples

of the type of integrated mental health and therapeutic educational services and supports referred to in Paragraph 56. The State is already in possession of information relating to the identity of providers of the aforementioned services and supports, as well as the provider costs associated with those services and supports. *See*, *e.g.*, GA05201251, GA01482779, and GA01482780.

14.    Identify each person or entity with whom you have entered or intend to enter into a Joint Litigation Privilege Agreement. Additionally, include the phone number, email address, and mailing address of each entity or individual listed.

**RESPONSE:**

The United States objects to this Interrogatory on the grounds that the term "Joint Litigation Privilege Agreement" is vague and undefined. Subject to and without waiving these objections, the United States responds that it has entered into a Common Interest Agreement with Plaintiffs and their counsel in *The Georgia Advocacy Office, et al. v. State of Georgia*, No. 1:17-cv-3999-MLB (N.D. Ga.), including the following individuals and/or entities:

All named individual plaintiffs;

The organizational plaintiff, The Georgia Advocacy Office,
One West Court Square, Suite 625, Decatur, GA 30030
(404) 885-1234;

The organizational plaintiff, The Arc of the United States,
1825 K Street, NW, Washington, DC 20006

(202) 534-3700;

Center for Public Representation,
22 Green St., Northampton, MA 01060
(413) 586-6024;

Goodmark Law Firm,
One West Court Square, Decatur, GA 30030
(404) 719-4848;

Southern Poverty Law Center,
1989 College Avenue NE, Atlanta, GA 30317
(404) 521-6700;

Bazelon Center,
1101 15th Street, NW, Suite 1212, Washington, DC 20005
(202) 467-5730; and

Zimring Law Firm,
1425-A Dutch Valley Place, Atlanta, GA 30324
(404) 607-1600.

15.    Identify each parent or guardian of a student receiving GNETS

services (or that has received GNETS services) or that has been recommended to

receive GNETS services that has complained (or expressed concerns) to you or

that you are aware of has complained or expressed concerns related to GNETS.

For each person identified in response to this Interrogatory, state with reasonable

particularity the facts that you believe to be known by that person and describe in

detail each communication you have had with that person.  Additionally, include

the phone number, email address, and mailing address of each individual listed.

**<u>RESPONSE</u>:**

The United States objects to this Interrogatory on the grounds that it is vague and unduly burdensome. This Interrogatory calls for the United States to "describe in detail each communication" with the persons making or possessing the complaints and concerns referenced but does not specifically identify the scope and nature of the description being sought. The State seeks the identity, contact information of, and facts known by, each parent or guardian of a student receiving or recommended for services in the GNETS Program who possesses complaints or concerns related to the GNETS Program. In its capacity as the state education agency, the Georgia Department of Education already has access to the identity of each such student. The facts known by those students' parents and guardians are therefore equally available to the State.

The United States further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, attorney work product doctrine, common interest doctrine, or law enforcement, investigatory files, or informant privileges. Providing detailed descriptions of the United States' communications with each person referenced in this Interrogatory would inevitably reveal the topics covered, the questions asked, and the comments made by counsel, thus disclosing counsel's mental impressions and the United States' methods of investigation and litigation strategy.

To the extent this Interrogatory seeks information related to individuals who may testify at trial, the United States objects on the grounds that the request is premature. The United States has not yet identified its trial witnesses, nor is it required to do so at this stage of litigation. *See*, *e.g.*, Fed. R. Civ. P. 26(a)(3); Fed. R. Civ. P. 16(c)(2)(G).

Subject to and without waiving these objections, the United States has produced communications with third parties raising concerns related to the GNETS Program. *See* US0011464-US0013020, US0304633-US0306596. Those communications identify each such person by name, contain relevant contact information, and in many instances identify the nature of any complaints or concerns the person may have. In addition, Exhibit B to these supplemental objections and responses to Defendant's First Set of Interrogatories summarizes the names, email addresses, and telephone numbers of the parents/guardians with whom the United States has communicated.

This 10th day of March 2023.

RYAN K. BUCHANAN
United States Attorney
Northern District of Georgia

/s/ *Aileen Bell Hughes*
AILEEN BELL HUGHES

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SHAHEENA A. SIMONS
Chief

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:16- |
| v. | ) | CV-03088-ELR |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION OF SERVICE OF DISCOVERY

Pursuant to Local Rule 5.4, N.D. Ga., I certify that on Friday, March 10,

2023, I served **PLAINTIFF UNITED STATES' SUPPLEMENTAL**

**OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF**

**INTERROGATORIES**, on all counsel of record via email.


Respectfully submitted,

*/s/ Michelle L. Tucker*
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-4092
Michelle.Tucker@usdoj.gov