IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STATE OF GEORGIA,

    Defendant.

CIVIL ACTION NO.
1:16-cv-03088-ELR

## <u>ORDER SCHEDULING MEDIATION</u>

This case has been referred to the undersigned for purposes of conducting a mediation. (Docket entry dated Sept. 16, 2024). The parties must appear before the undersigned on **November 21, 2024 at 10:00 a.m. via Zoom Videoconferencing**. The Court will contact counsel via e-mail approximately five (5) business days in advance of the mediation with further instructions and login credentials.

To maximize the potential for settlement of this case, the Court **ORDERS** the parties to comply with the following requirements before and during mediation:

### <u>Before Mediation</u>

1.    **Mediation Brief**. Each party shall submit a short, informal, confidential, and *ex parte* memorandum to the undersigned no later than **5:00 p.m. on November 14, 2024**. Briefs should be sent by e-mail, directly to the undersigned's chambers at GANDml_RDC@gand.uscourts.gov. Briefs may not exceed **five (5)**

**pages** in length and should **not** be filed with the Clerk of Court. Briefs must contain the following information:

- a. a concise, factual, **non-argumentative** recitation of the evidence that the party expects to produce at trial, together with the theory of recovery or defense;

- b. an honest, introspective assessment of the strengths and weaknesses of the case;

- c. a summary of settlement negotiations to date; and

- d. an explanation of what, if any, impediments prohibit settlement of the case.

The mediation briefs must not include any generalized recitation of "historical" litigation disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party. Such commentary is not helpful in advancing the parties' goal to settle the case or the Court's goal to help them. Each party shall give notice to opposing counsel—without divulging the contents of the brief—that the brief has been submitted.

2. **Evidence**. Each party shall identify, at most, three (3) depositions and five (5) documents most relevant to settlement for the Court's consideration and submit these depositions and documents as attachments to its mediation brief. If the briefs

rely on or reference a piece of evidence, the brief should clearly cite to the deposition or document containing the evidence by page number.

3.    **Demands and Offers**. Mediations are often unproductive unless the parties have previously exchanged demands and offers and have made a serious effort to settle the case on their own. Prior to mediation, the parties must negotiate and make a good faith effort to settle the case without the involvement of the Court. Any offers, rejections, and counteroffers shall be made in writing, but copies shall not be provided to the Court unless specifically requested.

4.    **Presentation**. At the mediation, each party shall make a brief (usually no longer than ten minutes) presentation of the facts of the case in the presence of the opposing party, discuss with the undersigned the strongest and weakest points of its own case and that of the opponent(s), the latest settlement proposals made, and any additional settlement proposals that it would be willing to make in order to conclude the matter and stop the expense, uncertainty, and anxiety of litigation. Separate, confidential caucuses will then be held with the parties or a party's representative(s) and counsel.

## During Mediation

5.    **Party Representatives**. Every party must have a **representative with full authority to negotiate, approve, and enter into a binding agreement** present at mediation. For a private, uninsured party, that means a person with sufficient

authority to settle the case in the amount of the opposing party's last offer or demand. An insured party—in addition to having present a representative with full authority to negotiate, approve, and enter into a binding agreement—also shall appear by a representative of the insurer who is authorized to enter into a binding agreement up to the amount of the opposing party's last offer or demand. A governmental party shall appear by a representative authorized to enter into a binding agreement subject to approval by the relevant governing authority. The Court expects to be advised as soon as possible if the attendance of any required person presents an undue burden or is otherwise infeasible.

6.    **Confidentiality**. The sole purpose of mediation is to facilitate settlement of this case. Mediation will be conducted in a manner to avoid prejudice to any party in the event settlement is not reached. All matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party or to the presiding judges.

If the parties settle this matter between themselves prior to the scheduled mediation date, the parties should notify the undersigned by calling Chambers at (404) 215-1385 and by e-mail to GANDml_RDC@gand.uscourts.gov.

IT IS SO **ORDERED** on this 25th day of September 2024.

REGINA D. CANNON
United States Magistrate Judge

4