IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>STATE OF GEORGIA,  )<br>  )<br>  Defendant.  ) | CIVIL ACTION FILE<br>NO. 1:16-CV-03088-ELR |

**DEFENDANT'S MOTION TO CERTIFY AN ORDER OF INTERLOCUTORY APPEAL OF SEVERAL CONCLUSIONS IN THE AUGUST 16, 2024 ORDER AND FOR POTENTIAL STAY OF LITIGATION**

Pursuant to 28 U.S.C. § 1292(b), Defendant State of Georgia (the "State" or "Defendant") moves this Court to certify an order of interlocutory appeal on several legal conclusions in the Court's August 16, 2024 order (the "Order") [Doc. 496]. Should the Court issue the certification, the State also seeks to stay any post-mediation pre-trial deadlines or trial until after the Eleventh Circuit either denies permission for an interlocutory appeal or, in the alternative, the appellate court grants permission for an interlocutory appeal and issues a decision on appeal. See, e.g., McFarlin v. Conseco Servs., LLC, 381 F.3d 1251 (2004).

As set forth in the State's Brief in Support of this Motion, the State identifies the following six issues as appropriate for certification for interlocutory appeal:

1. Whether, for purposes of Article III standing or on the merits, Title II of the ADA imposes liability for "administering" services as set forth

in the DOJ's regulation known as the "Integration Mandate," or whether the text of the ADA limits liability to alleged discrimination caused by "programs or activities *provided* by a public entity." Compare 42 U.S.C. § 12131(2) (emphasis added) with 28 C.F.R. § 35.130(d). See also Georgia Advocacy Office v. Georgia, 1:17-CV-3999-MLB, 2024 WL 4340034, at *12 (N.D. Ga. Sept. 27, 2024) (deciding, for standing purposes, alleged discrimination must be a result of an act of the defendant). [Doc. 496 at 41-45 (deciding liability can apply for "administering" services alone).]

2. Whether—for purposes of Article III standing or on the merits of a Title II claim—determinations of "appropriate" settings or services must be demonstrated on an individualized basis with evidence addressing the needs of each qualified individual. See Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581 (1999); 28 C.F.R. § 35.130(d). Compare United Mississippi, 82 F.4th at 387 (requiring individualized assessment), and GAO, 2024 WL 4340034 at *5 (same) with Disability Advocates, Inc. v. Paterson, 653 F. Supp. 2d 184, 258 (E.D.N.Y. 2009), vacated sub nom. Disability Advocates, Inc. v. New York Coal. for Quality Assisted Living, Inc., 675 F.3d 149 (2d Cir. 2012), and vacated sub nom. Disability Advocates, Inc. v. New York Coal. for Quality Assisted Living, Inc., 675 F.3d 149 (2d Cir. 2012) (deciding the ADA does not require an assessment of each alleged victim of discrimination); [Doc. 496 at 57-61 (same).]

3. Whether—for purposes of Article III's requirement of demonstrating traceability and redressability and on the merits—Title II imposes liability on a state only for discrimination it directly causes, and if a remedial order is limited to restraining the enforcement of an allegedly discriminatory law or policy. Compare GAO, 2024 WL 4340034 at *11, *13 n.14, *16 n.16, *20-21 (answering in the affirmative) with Doc. 496 at 45-52 (answering in the negative).

4. Whether, for purposes of Article III standing or on the merits, Title II of the ADA requires evidence of actual discrimination. Compare Mississippi, 82 F.4th at 387 (rejecting the at-risk theory of disability discrimination), with, e.g., Waskul v. Washtenaw Cty. Cmty. Mental Health, 979 F.3d 426, 461 (6th Cir. 2020) (relying on DOJ guidance to recognize at-risk claims of discrimination under Title II); [Doc. 496 at 34-38 (recognizing at-risk claims).]

5. Whether a claim based on <u>Olmstead</u>'s application of the Integration Mandate requires a plaintiff to provide evidence that some treating professional has determined that an individual may be appropriately "remove[d] from [a] more restrictive setting" but has not, and what kind of deference, if any, is afforded to treating professionals' conclusions. <u>Olmstead</u>, 527 U.S. at 602 (plurality opinion), 610 (Kennedy, J., concurring). <u>See</u> also <u>United States v. Florida</u>, 938 F.3d 1221, 1250 (11th Cir. 2019) <u>Compare</u> <u>Disability Advocates, Inc.</u>, 653 F. Supp. 2d at 258 (deciding no assessment is needed); [Doc. 496 at 55-57 (same).]¹

6. Whether an ADA claim's prima facie element of identifying a reasonable accommodation requires an individualized, "highly fact specific inquiry" considering an individual's unique needs, or if it can be satisfied by generalized theory. <u>Compare</u> <u>Bircoll v. Miami-Dade Cnty.</u>, 480 F.3d 1072, 1086 (2007) (requiring individualized analysis); <u>Mary Jo C. v. N.Y. State & Local Ret. Sys.</u>, 707 F.3d 144, 165 (2d. Cir. 2013) (same); <u>with</u> [Doc. 496 at 67-68 (distinguishing <u>Bircoll</u> and applying "the established standards for discerning the reasonableness of a proposed accommodation").]

As further set forth in the State's Brief in Support of this Motion, each of the questions presented for the Court's consideration involves "pure questions of law … which are controlling of at least a substantial part of the case … about which there are substantial grounds for difference of opinion … and whose resolution may well substantially reduce the amount of litigation necessary on remand." <u>McFarlin v. Conseco Serv s., LLC</u>, 381 F.3d 1251, 1264 (11th Cir. 2004).

---

¹ The State recognizes that it seeks reconsideration of this part of the Order. But, the Motion for Clarification and/or Reconsideration is based on the Order's limited reading of the State's argument at summary judgment. This request is made in an abundance of caution. It presumes the Court decides that any professional assessment of "appropriate" services is not required and does not afford any deference to local education officials' (e.g., the IEP Team) decision that referral to the GNETS program (and that remaining in the GNETS program) is appropriate.

As explained in greater detail in the State's Brief in Support of this Motion, a stay is appropriate. It will allow this Court and, potentially, the Eleventh Circuit to consider if the State's request is warranted to protect "public officials [on both sides of this litigation] 'from unnecessary and burdensome … trial proceedings' while the interlocutory appeal is being decided." R. F. J. v. Florida Dep't of Children & Families, 3:15-CV-1184-J-32JBT, 2017 WL 11004970, at *1 (M.D. Fla. Feb. 24, 2017) (citing Crawford-El v. Britton, 523 U.S. 574, 598 (1998)) (addressing Section 1983 actions)).

## CONCLUSION

For reasons set forth in this Motion and in the State's Brief in Support of this Motion, the State seeks a certificate of immediate review on each of the six questions identified in this Motion. The State does not seek this relief on an all-or-nothing basis, as each identified question satisfies the criteria imposed by 28 U.S.C. § 1292(b). Should this Court certify one or all of the questions at issue, the State also seeks a stay of the pre-trial deadlines and trial in this case during the pendency of the interlocutory review.

Respectfully submitted this 29th day of October, 2024.

|  |  |  |  |
|---|---|---|---|
| | | /s/ Josh Belinfante | |
| Christopher M. Carr | 112505 | Josh Belinfante | 047399 |
| *Attorney General* | | Melanie Johnson | 466756 |
| Bryan K. Webb | 743580 | Edward A. Bedard | 926148 |
| *Deputy Attorney General* | | Danielle Hernandez | 736830 |
| Katherine P. Stoff | 536807 | Javier Pico Prats | 664717 |
| *Sr. Assistant Attorney General* | | Anna Edmondson | 289667 |
| Kristen L. Settlemire | 919430 | Robbins Alloy Belinfante Littlefield, LLC | |
| *Assistant Attorney General* | | 500 14th St. NW | |
| Office of the Attorney General | | Atlanta, GA 30318 | |
| 40 Capitol Square, SW | | T: (678) 701-9381 | |
| Atlanta, Georgia 30334 | | F: (404) 856-3255 | |

E: jbelinfante@robbinsfirm.com
　mjohnson@robbinsfirm.com
　ebedard@robbinsfirm.com
　dhernandez@robbinsfirm.com
　jpicoprats@robbinsfirm.com
　aedmondson@robbinsfirm.com

Alexa R. Ross　　　　　614986
AlexaRossLaw, LLC
2657 Danfroth Lane
Decatur, Georgia 30033
E: alexarross@icloud.com

*Special Assistant Attorneys General*

*Attorneys for Defendant
State of Georgia*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Notice has been prepared using 14-pt Times New Roman Font.

*/s/ Josh Belinfante*
Josh Belinfante

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **DEFENDANT'S MOTION TO CERTIFY AN ORDER OF INTERLOCUTORY APPEAL OF SEVERAL CONCLUSIONS IN THE AUGUST 16, 2024 ORDER AND FOR POTENTIAL STAY OF LITIGATION** with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 29th day of October, 2024.

*/s/ Josh Belinfante*
Josh Belinfante