IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:16-CV-03088-ELR |
| STATE OF GEORGIA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CERTIFY AN ORDER OF INTERLOCUTORY APPEAL OF SEVERAL CONCLUSIONS IN THE AUGUST 16, 2024 ORDER AND FOR POTENTIAL STAY OF LITIGATION**

The Defendant State of Georgia (the "State") files this Reply Brief in Support of its Motion to Certify an Order of Interlocutory Appeal of Several Conclusions in the August 16, 2024 Order and for Potential Stay of Litigation (the "State's Motion"). The two arguments raised in the DOJ's Brief in Opposition (the "DOJ's Brief") fail and do not address the State's Motion.[1]

**I.      The State's Motion Is Timely.**

The DOJ concedes that neither 28 U.S.C. § 1292(b) nor any binding precedent impose a specific deadline to file a motion for interlocutory review. Courts often apply a "reasonableness" standard. See, e.g., Ahrenholz v. Bd. of

---

[1] Unless otherwise noted, this Reply Brief adopts the same abbreviations as the State's Brief in Support of the State's Motion. See [Doc. No. 506.] Except for Doc. No. 499 (the Order), citations are to ECF-designated page numbers.

Trustees of Univ. of Illinois, 219 F.3d 674, 675 (7th Cir. 2000).  The DOJ, however, seems to prefer an impossible standard.

For example, the DOJ's Brief chides the State for not seeking immediate appellate review after the orders denying the motion to dismiss and motion for judgment on the pleadings [Docs. 61, 94.]  Both of those orders predated significant changes in the law, including an intra-circuit split and a split of authority among the federal courts of appeals. See Dekalb Cnty. v. HSBC North American Holdings Inc., 1:12-CV-03640-ELR, 2016 WL 3958730, at *2 (N.D. Ga. Feb. 25, 2016) ("HSBC").  See also United States v. Mississippi, 92 F4th 387 (5th Cir. 2023); Georgia Advocacy Office v. Georgia, 1:17-CV-3999-MLB, 2024 WL 4340034, at *1 (N.D. Ga. Sept. 27, 2024) ("GAO").  Consequently, if the State sought interlocutory review at the times suggested in the DOJ's Brief, the DOJ likely would have argued that the difference of opinion standard was not met.  The DOJ's Brief also suggests the State should have sought immediate review within some unidentified number of days after the Order.  But the recent GAO decision also highlights that the unspecified deadline the DOJ seeks to impose would create arbitrary results.  Had the State's Motion been when the DOJ suggests, the discussion of the significant GAO opinion would have been inappropriately relegated to the State's reply brief, thereby impairing the needed discussion of the conflicting opinion.

Perhaps because it recognizes the GAO case's significance, the DOJ's Brief attempts (but fails) to minimize its import. First, it proffers a conclusory footnote to suggest the GAO opinion is irrelevant because it involved different parties and a different record. [Doc. 507 at 5 n.3.] This is true of every case, so if courts adopted the DOJ's proposed standard, no litigant could satisfy the second requirement identified in HSBC. Also, the cases are not that different. The plaintiffs in the GAO litigation used the DOJ's own evidence from discovery at summary judgment, meaning they had access to at least the same record to try the exact same legal issues. See, e.g., GAO Doc. No. 188-1 at 13, 17, 21, 24 (citing depositions taken in this case).

The DOJ's Brief then turns to a distinguishable, nonbinding decision. See Doc. 507 at 8 (citing United States ex rel Powell v. Am. InterContinental Univ., Inc., 756 F. Supp.2d 1374, 1380 (N.D. Ga. 2010)). The DOJ's Brief describes Powell as holding—contrary to this Court's decision in HSBC—that a split among district courts does not satisfy the substantial grounds for disagreement criteria. The DOJ's Brief fails to mention that Powell referenced two Texas district courts that disagreed with two other circuits and not two district courts in this circuit. 756 F. Supp. 2d at 1380.

The DOJ's remaining authority is various inapplicable and nonbinding authority it cites without analysis. [Doc. 507 at 4-5.] None of the cases include a

late-breaking intra-circuit split, a trial financed solely by public resources on both sides of the litigation, or a suggestion that they established some kind of general or presumptive deadline. This matters, particularly when the DOJ identifies no prejudice caused by the filing of the State's Motion after GAO instead of immediately after this Court issued the Order.

## II.     The Six Questions Satisfy Each of the Criteria for Immediate Review.

On the merits, the DOJ's Brief does not address the Six Questions. Instead, it creates strawmen and then argues against them.

### 1.     Different Answers to the Six Questions Would Avoid or Shorten Trial.

In only conclusory and general terms, the DOJ's Brief asserts—without authority—that none of the issues identified in the State's Motion would "avoid a trial or otherwise substantially shorten the litigation." McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). By failing to address any of the State's arguments or even the Six Questions, the DOJ's "perfunctory" response should be considered a waiver. N.L.R.B. v. McClain of Ga., Inc., 138 F.3d 1418, 1422 (11th Cir. 1998).[2]

---

[2] In a recent pleading, the DOJ took a different position, arguing that "[i]t is simply 'not sufficient for [a party] to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.'" [Doc. 503 at 13-14 (quoting Tymar Distrib. LLC v. Mitchell Grp. USA, LLC, 558 F. Supp. 3d 1275, 1289 n.7 (S.D. Fla. 2021) (remaining citations omitted).

Beyond this, the DOJ's reasoning implies that courts should impose a new brightline rule to preclude immediate appellate review after the denial of summary judgment. [Doc. 507 at 9 (citing In re Int'l Mgmt. Assoc. LLC v. Lehman Bros., No. 1:17-CV-0302-AT, 2019 WL 2250638, at *3 (N.D. Ga. Feb. 27, 2019).) No authority supports the DOJ's request, and even the court it cites disagrees. See Williams by & through Williams v. Fulton Cnty. Sch. Dist., 1:14-CV0296-AT, 2020 WL 10700151, at *19 (N.D. Ga. Apr. 9, 2020) (certifying interlocutory review after summary judgment). See also FDIC v. Skow, 955 F. Supp.2d 1357 (2012) (same); Dale v. Stephens Cnty. Sch. Dist., 2:04-CV151-WCO, 2006 WL 8433912, at *1 (N.D. Ga. June 8, 2006) (same).

Better reasoning is found in a decision the Eleventh Circuit cited approvingly in McFarlin. 381 F.3d at 1259 (citing U.S. Fidelity & Guar. Co. v. Thomas Solvent Co., 683 F. Supp. 1139, 1176 (W.D.Mich.1988)). In Thomas Solvent Co., the district court simultaneously granted partial summary judgment and certified issues for immediate review. 683 F. Supp. at 1174. It concluded, as the State argues, that it was not "wise or necessary that so much financial resources are spent trying [the certified] issues. [Trial] diminishes the amount available to actually clean up the environment." Id. Particularly in the absence of substantive argument from the DOJ's Brief, this alone should warrant disregarding the DOJ's argument.

2.      Question No. 1: Administer vs. Provide Services.

The first of the Six Questions seeks appellate review of the Order's conclusion that a public entity can be "held liable to the ADA's Integration Mandate [even if] it is not the entity directly 'providing' the therapeutic and educational services in question." [Doc. 499 at 44.] The DOJ's Brief claims this is not a question of law about which there are substantial grounds for disagreement. The argument is based on a strawman.

Contrary to the DOJ's description, Question No. 1 seeks to identify elements of a Title II claim and not the sufficiency of evidence. [Doc. 507 at 11.] As set forth in the State's Motion without disagreement from the DOJ, identifying the elements of a statutory cause of action presents a question of law. [Doc. 506 at 12 (citing Loper Bright Enters. v. Raimondo, 144 S. Ct. 2244, 2262 (2024); 13-14 (citing Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 933 (11th Cir. 2000) (addressing statutory construction).] See also Spurlin v. Gen. Motors Corp., 528 F.2d 612, 615 (5th Cir. 1976) (determining elements of cause of action are questions of law).³ This ends the inquiry.

The DOJ's Brief uses a different strawman to argue the lack of reasonable grounds for a difference of opinion. Here, the DOJ frames Question No. 1 as

---

³ The decisions of the Fifth Circuit, as that court existed on September 30, 1981, are binding in the Eleventh Circuit. Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

asking about contracting out services, which is inaccurate.  Unlike the Medicaid services at issue in the bulk of the DOJ's authority, the State has significantly less authority to act in areas of public education.  [Doc. 506 at 11 n.6.]  Indeed, there is an intra-circuit split on this point.  Compare, [Doc. 499 at 47] with GAO, 2024 WL 4340034 at *11.  Further, the DOJ's citation to United States v. Florida, 682 F. Supp. 3d 1172, 1185 (S.D. Fla. 2023) ("Florida III"), only proves the point.  [Doc. 507 at 11.]  Florida III relied on the district court opinion that the Fifth Circuit reversed in Mississippi.  682 F. Supp. 3d at 1185.  Thus, the split of authority is both within and outside of the Eleventh Circuit.  HSBC, 2016 WL 3958730, at *2.

Finally, trial would be unnecessary if liability were limited to the provision of services.  The DOJ does not claim the State provides services, and the Order agreed.  [Doc. 506 at 11 (citing [Doc. 496 at 41 (citing 42 U.S.C. § 12131(2) and 28 C.F.R. § 130(d)); Doc. 499 at 41, 44, 48, 49, 52.][4]

    3.    Question Nos. 2 and 5: Individualized Analysis and Treatment Professionals.

As with Question No. 1, Question Nos. 2 and 5 present pure questions of law about the elements of a Title II claim, specifically whether "proving unnecessary segregation requires [1] individualized evidence under Olmstead;" and (2) showing a recommendation by a treating professional that the community

---

[4] Given the unclear ECF page numbers in the redacted Order, this Reply cites to the paginated numbers for Docket Entry No. 499.

placement is appropriate. GAO, 2024 WL 4340034 at *8. The DOJ's Brief claims these questions are neither ones of law nor about which there are substantial grounds for disagreement. But, its contention is based on another conflating of identifying the kind of evidence needed with weighing the sufficiency of evidence, which is not at issue.

The Order did not think so and described the requisite analysis as a legal one. [Doc. 499 at 60.] So too did the Fifth Circuit in Mississippi. 82 F.4th at 394 (examining statutory text and precedent instead of the record). The GAO court did as well. 2024 WL 4340034 at *8. On this point, the DOJ stands alone. It fails to contest the Motion's authority showing that constructing statutes to identify elements of a cause of action present purely legal issues.[5] Supra at II.2. That the Order cited Dr. McCart's analysis does not change this conclusion: her analysis does not speak to the elements of a cause of action, and she acknowledged that she did not review the "vast majority" of students' files. [Doc. 506 at 14 n.8 (citing [Doc. 496 at 60]).]

The DOJ's argument on substantial grounds for differences of opinion fares no better, as the DOJ's Brief acknowledges that Mississippi created a majority and minority rule, which is, by definition, a split of authority. [Doc. 507 at 15.] That

---

[5] The DOJ contests neither that deciding jurisdictional standing is also a question of law, [doc. 506 at 16 (citations omitted)], nor that applying precedent is a legal question. [Doc. 506 at 22 (citations omitted).]

– 8 –

the GAO court agreed with Fifth Circuit is equally significant. GAO, 2024 WL 4340034 at *8. The Order's contrary conclusion (and those of the cases it cites) establish the intra-circuit and national splits of authority, either of which "satisfie[s]" the difference of opinion criterion. [Doc. 499 at 60.]

The same is true of Question No. 5, which seeks clarification on whether an element of an Olmstead claim is the opinion of a treatment professional that community placement is appropriate. No one disputes that the Mississippi opinion differs from the Order and the cases it cites. So, the DOJ's Brief attempts to distinguish the Mississippi court's reasoning as based in fact. It is not. The Fifth Circuit noted that the DOJ failed to provide evidence of "one individual's treating physician testif[ying] about the 'justifiability' of that person's past institutionalization," and then said this was **legally** insufficient: "[o]n that score alone, Olmstead does not support the federal government's theory of the case." 82 F.4th at 387. Thus, the split in authority is not about a "full spectrum of evidence" but the existence or non-existence of an element of a claim. [Doc. 507 at 15.] See [Doc. 499 at 59-60 (citing Joseph S. v. Hogan, 561 F. Supp. 2d 280, 291 (E.D.N.Y. 2008).]

The DOJ' Brief does not say whether Questions 2 and 5 would substantially shorten the litigation. It would. If individualized evidence is required, trial would be limited to individual students who receive GNETS services. See GAO, 2024

WL 4340034 at *11 (allowing injunctive relief only for present discrimination). Similarly, the DOJ's limited evidence from individuals' treatment professionals would shorten trial by weeks.

  4. <u>Question No. 3: Causation</u>.

  Question No. 3 asks whether Title II contains a causation element, and whether a remedial injunction is limited to restraining the enforcement of a discriminatory law or policy. [Doc. 506 at 5.] The DOJ's Brief responds by creating another strawman and claiming the strawman does not present a question of law for which there are substantial grounds for disagreement.

  Causation is an element of a claim, and as shown, identifying elements presents a question of law involving issues of statutory construction. <u>See</u> <u>supra</u> at II.2. The analysis turns on statutory text and not, as the DOJ claims, evidence in the record. [Doc. 507 at 16.] Further, courts in the Eleventh Circuit are split on the answer. The <u>GAO</u> court said Title II requires showing that the "administration of [services] **caused** Plaintiffs' unnecessary segregation." 2024 WL 4340034 at *11 (emphasis added). The Order cites to <u>Florida III</u>, which said just the opposite. [Doc. 499 at 34, 36, 42-44.] This is the intra-circuit split. The DOJ's Brief attempts to avoid this fact by describing, without citation, the <u>GAO</u> court's conclusion as being about reasonable accommodations. [Doc. 507 at 18.] The argument fails. The <u>GAO</u> court used the phrase "reasonable accommodations"

only twice—when identifying the elements of an Olmstead claim, and when explaining that the State's acts do not cause the alleged harm. 2024 WL 4340034 at *4, *20 (describing "reasonable modification"). This is not a fact-dependent split.

On the part of Question No. 3 that addresses remedies, the DOJ's Brief opens with an apparent oversight by the DOJ that claims the State did not "earnestly" raise the issue until the motion for reconsideration.[6] The DOJ's Brief then ignores the intra-circuit split between the Order's conclusion that it could order an expansion of existing services [doc. 499 at 72] and the GAO court's holding that it could only restrain the State from acting in a discriminatory manner. 2024 WL 4340034 at *21. The omission conclusively resolves the issue in favor of the State's Motion.

Finally, the DOJ's Brief does not address whether a different resolution of Question No. 3 would shorten the trial. It would, in fact, avoid trial. This is because the DOJ historically argued it did not have to show causation, so it did not.

---

[6] At page 19 of the State's brief in support of its motion for summary judgment, it wrote: "Jacobson also explains that federal courts lack the authority to rewrite state laws or compel state parties to promulgate a regulation. 974 F.3d at 1255, 1257. See also Badaracco v. Comm'r, 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement."). Thus, any injunction issued in this case could only prevent State actors from enforcing an existing statute or regulation. Id. at 1255. It could not reach LEAs or RESAs, which are not State entities. See Weaver, 272 Ga. at 291." [Doc. 429-1 at 19.]

Even now, the DOJ's Brief does not challenge the statement in the State's Motion that the DOJ "never expressly identified *how* the State's alleged administration *causes* the purported injuries, or that any statute or regulation is to blame." [Doc. 506 at 16 (emphasis in original) (citing [Doc. 448-1 at 7-10]).] Thus, Question No. 3 would be dispositive.

     5.     <u>Question No. 4: The DOJ's At Risk Theory of Liability</u>.

Question No. 4 asks the Eleventh Circuit to decide whether "'at risk' claims of ADA discrimination are [or are] not within the statutory or regulatory language." <u>Mississippi</u>, 82 F.4th at 393. The DOJ concedes this is a pure question of law and limits its argument to the second and third criteria of substantial ground for difference of opinion and shortening the litigation. [Doc. 507 at 19.] Both contentions are meritless.

The argument on difference of opinion is easily dismissed. Both the Order and the DOJ's Brief recognize the circuit split caused by the <u>Mississippi</u> opinion.[7] [Doc. 499 at 35; 507 at 20.] Also, the DOJ's claim that the <u>Mississippi</u> court's rejection of at-risk claims was based on the facts is inconsistent with what the decision says: the "'at risk' theory 'at bottom, is simply a request for more …

---

[7] While <u>Mississippi</u> does represent the minority rule, it is the first appellate court to address the issue since the Sixth Circuit's 2020 decision of <u>Waskul</u> (also cited in the Order). 979 F.3d at 426. <u>Waskul</u>, however, was a divided panel decision, and the reasoning of Judge Readler's partial dissent was adopted by the Fifth Circuit in <u>Mississippi</u>. 82 F.4th at 397.

funding, something the ADA does not permit.'" Id. at 398 (citing Waskul, 929 F.3d at 471 (Readler, J., concurring in part and dissenting in part)). While this is enough to satisfy the second criteria, the GAO opinion adds an intra-circuit split. The DOJ's Brief seeks to avoid this conclusion, but it cannot escape the fact that the GAO court conducted a legal and not factual analysis when rejecting the multiple levels of speculation inherent in an at-risk claim on the grounds that it requires courts to presume "that [the students'] IEP teams will refer them based only on their disabilities *and* that such referral would be inappropriate." 2024 WL at 4340034, at *9 (emphasis in original).

The DOJ's next claim is that an Eleventh Circuit opinion rejecting at-risk claims would not avoid trial. [Doc. 507 at 19-20.] Avoiding trial, however, is not the standard; "substantially shorten[ing] the litigation" is also sufficient. McFarlin, 381 F.3d at 1259 (emphasis added). Further, a trial limited to actual students, with actual IEP Team reviews, and who are actually referred to GNETS is a much smaller universe of evidence than the DOJ's planned "expert analysis of Medicaid claims data for all eligible students." [Doc. 507 at 19.] There is no real doubt that trial would be shorter.

6. Question No. 6: The Need for Individualized Reasonable Accommodations.

As with others, Question No. 6 also asks whether an element of an ADA claim is to provide evidence of reasonable accommodations "on case-by-case

based on numerous factors." Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1086 (11th Cir. 2007). As with the others, it requires interpreting statutes and identifying elements of a claim; these are purely legal questions. Supra at II.2. The DOJ's Brief disagrees but by conceding that identifying the "standard of proof is a question of law," it resolves the issue. [Doc. 507 at 21.] Indeed, at summary judgment, the DOJ agreed with the State that deciding the standard of proof on the reasonable accommodation prong is a question of law.[8] See [Doc. No. 448-1 at 27 n.27.]

The DOJ's Brief does not address the authority cited in the State's Motion demonstrating the split of authority. This is perhaps for good reason. The Eleventh Circuit cited Bircoll in an Olmstead case when describing the elements of the claim. See J.S., III by & through J.S. Jr. v. Houston Cnty. Bd. of Educ., 877 F.3d 979, 985 (11th Cir. 2017). Another district court in this circuit held that Bircoll precluded class relief based on generalized evidence, because "the reasonableness determination cannot be made for everyone in one stroke." Harvard v. Dixon, 4:19-CV-212-AW-MAF, 2022 WL 21694010, at *9 (N.D. Fla. July 25, 2022). The Order confirmed the intra-circuit split when it held the opposite and decided that Bircoll did not "create a new standard that injects a

---

[8] At summary judgment, the DOJ addressed Bircoll only in a footnote that focused on legal issues. [Doc. 448-1 at 27 n.27.]

requirement for 'individualized' evidence … for discerning the reasonableness of a proposed accommodation." [Doc. 499 at 68.]  This is dispositive.

### III.  A Stay Is Appropriate.

The DOJ's Brief offers no authority to support its opposition to a stay of the litigation.  Thus, there is no binding precedent compelling this Court to exercise its discretion one way or the other.  A stay remains an appropriate means of saving wholly public resources.  By contrast, trying the case while an appellate court considers these issues would needlessly expend a vast amount of both state and federal resources.  These concerns were expressed in the State's Motion and the Thomas Solvent Co., decision, and the DOJ's Brief provides no reason why they are not significant.  683 F. Supp. at 1174.

Several other reasons support a stay.  First, because the DOJ did not address the preclusive effect of any of the Six Questions, the DOJ has failed to show that a different conclusion by the Eleventh Circuit would eliminate or narrow trial.  Second, the issues identified in the State's Motion will go before the Eleventh Circuit one way or another.  It could be that the GAO plaintiffs appeal that order, which involves identical issues and virtually identical evidence.  And, either of the parties now before the Court may appeal an adverse ruling.  Third, other than the completion of a pretrial order, no established deadlines would be changed as a result of the stay.

Respectfully submitted this 26th day of November, 2024.

| | | | |
|---|---|---|---|
| Christopher M. Carr   112505 | | /s/ Josh Belinfante | |
| *Attorney General* | | Josh Belinfante   047399 | |
| Bryan K. Webb   743580 | | Melanie Johnson   466756 | |
| *Deputy Attorney General* | | Edward A. Bedard   926148 | |
| Katherine P. Stoff   536807 | | Danielle Hernandez   736830 | |
| *Sr. Assistant Attorney General* | | Javier Pico Prats   664717 | |
| Kristen L. Settlemire   919430 | | Anna Edmondson   289667 | |
| *Assistant Attorney General* | | Robbins Alloy Belinfante Littlefield, LLC | |
| Office of the Attorney General | | 500 14th St. NW | |
| 40 Capitol Square, SW | | Atlanta, GA 30318 | |
| Atlanta, Georgia 30334 | | T: (678) 701-9381 | |
| | | F: (404) 856-3255 | |
| | | E: jbelinfante@robbinsfirm.com | |
| | |    mjohnson@robbinsfirm.com | |
| | |    ebedard@robbinsfirm.com | |
| | |    dhernandez@robbinsfirm.com | |
| | |    jpicoprats@robbinsfirm.com | |
| | |    aedmondson@robbinsfirm.com | |

Alexa R. Ross   614986
AlexaRossLaw, LLC
2657 Danfroth Lane
Decatur, Georgia 30033
E: alexarross@icloud.com

*Special Assistant Attorneys General*

*Attorneys for Defendant
State of Georgia*

– 16 –

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Notice has been prepared using 14-pt Times New Roman Font.

                                        */s/ Josh Belinfante*
                                        Josh Belinfante

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CERTIFY AN ORDER OF INTERLOCUTORY APPEAL OF SEVERAL CONCLUSIONS IN THE AUGUST 16, 2024 ORDER AND FOR POTENTIAL STAY OF LITIGATION** with the Clerk of Court using the CM/ECF system, which will automatically send counsel of record e-mail notification of such filing.

This 26th day of November, 2024.

*/s/ Josh Belinfante*
Josh Belinfante
