IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | 1:16-CV-03088-ELR |
| STATE OF GEORGIA, | * | |
| Defendant. | * | |

_____

**ORDER**

_____

This matter is before the Court on Motion for Clarification or, In the Alternative, Reconsideration of the Court's Order on Summary Judgment [Doc. 501] and Motion to Certify an Order of Interlocutory Appeal of Several Conclusions in the August 16, 2024 Order and for Potential State of Litigation [Doc. 506] by Defendant State of Georgia (the "State").

Through its motion for clarification and reconsideration of the Court's order on summary judgment, the State asks the Court to clarify whether the Court's consideration of redressability is based on the reasonable accommodations that the United States Department of Justice ("DOJ") proposed through its expert witnesses or on its conclusion that the DOJ established redressability with a proposed remedy outside of what its experts proposed. [Doc. 501 at 2]. To the extent the Court clarifies

that the DOJ established redressability with a proposed remedy outside of its experts' testimony and if that remedy would be considered at trial, the State requests that the Court consider its Order on summary judgment to separately analyze redressability and identify how any proposed remedy redresses the Court-identified injuries in fact. [Id.] In essence, the State asks that the DOJ's presentation of remedies be limited to the evidence in the record or that the Court reconsider its ruling on the issue of redressability. [Id. at 10–17]. As the DOJ correctly explains, "[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." [Doc. 503 at 2 (quoting United v. Philip Morris USA Inc., 682 F. Supp. 3d 32, 45 (D.D.C. 2023)]. Here, the Court perceives no ambiguity regarding its ruling on redressability that requires clarification. Accordingly, the State's motion for clarification is due to be denied. Because there is nothing to clarify, the Court does not entertain the State's request to reconsider dependent on the Court's clarification of this issue.

Separately, the State seeks reconsideration of the Court's summary judgment Order addressing the "appropriateness" prong of an Olmstead claim. [Doc. 501 at 17–20]. It argues that reconsideration is necessary to correct a clear error of law or fact because the Court (1) improperly limited the breath of the State's argument on appropriateness; (2) ignored the DOJ's failure to provide evidence of the IEP team

2

recommendations being ignored; and (3) did not afford deference to the IEP teams' recommendations. [Id.]

A motion for reconsideration is appropriate "when there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Duren v. Int'l Follies, Inc., No. 19-CV-01512-ELR, 2020 WL 13526686, at *4 (N.D. Ga. Sept. 30, 2020). It is not a vehicle "to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Id. at *4 (quoting Pediatric Med. Devices, Inc. v. Ind. Mills & Mfg., Inc., 961 F. Supp. 2d 1241, 1243 (N.D. Ga. 2013).

The Court has fully considered the State's arguments in favor of reconsideration but is unpersuaded that it committed a clear error of law or fact in analyzing "addressability" in its summary judgment Order. See Howzell v. Saul, No. 20-80142-CIV, 2020 WL 5077029, at *1 (S.D. Fla. Aug. 27, 2020) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)). Accordingly, the State's motion for reconsideration is due to be denied.

Next, the State also seeks an order certifying from interlocutory appeal certain portions of the summary judgment Order.[1] Specifically, the State asks that the Court certify the following six questions for an interlocutory appeal:

1. Whether, for purposes of Article III standing or on the merits, Title II of the ADA imposes liability for "administering" services as set forth in the DOJ's regulation known as the "Integration Mandate," or whether the text of the ADA limits liability to alleged discrimination caused by "programs or activities provided by a public entity.

2. Whether—for purposes of Article III standing or on the merits of a Title II claim—determinations of "appropriate" settings or services must be demonstrated on an individualized basis with evidence addressing the needs of each qualified individual.

3. Whether—for purposes of Article III's requirement of demonstrating traceability and redressability and on the merits—Title II imposes liability on a state only for discrimination it directly causes, and if a remedial order is limited to restraining the enforcement of an allegedly discriminatory law or policy.

4. Whether, for purposes of Article III standing or on the merits, Title II of the ADA requires evidence of actual discrimination.

5. Whether a claim based on Olmstead's application of the Integration Mandate requires a plaintiff to provide evidence that some treating professional has determined that an individual may be appropriately "remove[d] from [a] more restrictive setting" but has not, and what

---

[1] The DOJ argues that this motion should be denied as untimely because it was unreasonable for the State to wait 74 days from the issuance of the summary judgment Order to seek certification for interlocutory appeal. [Doc. 507 at 3–4]. Among other things, the State contends that the timing of its motion was not unreasonable because there was a "late-breaking intra-circuit split," following the issuance of Georgia Advocacy Office v. Georgia ("GOA"), No. 17-CV-3999, 2024 WL 4340034 (N.D. Ga. Sept. 27, 2024). [Doc. 509 at 2–3]. The State sought certification 32 days after GOA issued. Under these circumstances, the Court agrees with the State that its motion was not untimely.

>    kind of deference, if any, is afforded to treating professionals' conclusions.
>
> 6. Whether an ADA claim's prima facie element of identifying a reasonable accommodation requires an individualized, "highly fact specific inquiry" considering an individual's unique needs, or if it can be satisfied by generalized theory.

[Doc. 506 at 5–6 (cleaned up)].

> [A] district court may certify an order for interlocutory appeal [under 28 U.S.C. § 1292(b)] if the following three elements are met: (1) the subject order "involves a controlling question of law"; (2) there must be a "substantial ground for difference of opinion" regarding the controlling question of law; and (3) an immediate appeal from the subject order "may materially advance the ultimate termination of the litigation."

Altman v. White House Black Mkt., Inc., No. 15-CV-2451-SCJ, 2018 WL 3203151, at *1 (N.D. Ga. Apr. 9, 2018). Because "the proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule," the court must judiciously employ § 1292(b) and reserve certifications of orders for interlocutory appeal to "exceptional cases." Id. (cleaned up).

With this standard in mind, the Court concludes that the State has identified two questions (Questions 1 and 3) that meet § 1292(b)'s criteria. Questions 1 and 3 are controlling questions of law with the potential for dispositively concluding this litigation. [See Doc. 509 at 7, 11–14]. And the State has identified a split in authority to support the conclusion that there is "substantial ground for a difference if

5

opinion." § 1292(b); [see Doc. 509 at 6–7, 10–11]. The State, however, has failed to show that Questions 2, 4, 5, and 6 meet all three requirements of § 1292(b). For example, the State argues that the resolution of Questions 2, 4, and 5 will shorten the trial by limiting the evidence presented. [See Doc. 509 at 9–10, 13]. At this late stage, however, the potential shortening of a trial will not "materially advance" the litigation's termination. § 1292(b). And, as to Question 6, even if the Eleventh Circuit Court of Appeals answers the question in the way the State urges, the undersigned would still need to conduct a factual inquiry.[2] [See Doc. 507 at 21].

The Court thus certifies the following questions:

- Whether, for purposes of Article III standing or on the merits, Title II of the ADA imposes liability for "administering" services as set forth in the DOJ's regulation known as the "Integration Mandate," or whether the text of the ADA limits liability to alleged discrimination caused by "programs or activities provided by a public entity"; and

- Whether—for purposes of Article III's requirement of demonstrating traceability and redressability and on the merits—Title II imposes liability on a state only for discrimination it directly causes, and if a remedial order is limited to restraining the enforcement of an allegedly discriminatory law or policy.

Accordingly, the Court **DENIES** the State's Motion for Clarification or, In the Alternative, Reconsideration of the Court's Order on Summary Judgment [Doc.

---

[2] Moreover, apart from highlighting its basis for disagreement with the Court's analysis of the issue, the State's opening brief fails to identify a substantial ground for a difference of opinion regarding Question 6. For the first time in its reply brief, the State points to Harvard v. Dixon, No. 19-CV-212, 2022 WL 21694010 (N.D. Fla. July 25, 2022), as creating an "intra-circuit split." [Doc. 509 at 14]. This argument comes a little too late.

501] and **GRANTS IN PART AND DENIES IN PART** the Motion to Certify an Order of Interlocutory Appeal of Several Conclusions in the August 16, 2024 Order and for Potential State of Litigation [Doc. 506]. Specifically, the Court grants the motion to certify as to the State's Questions 1 and 3 and denies it as to Questions 2, 4, 5 and 6. The Court **STAYS** this case for the duration of the interlocutory review process and **DIRECTS** the Clerk to administratively terminate this case during this period.

The State **SHALL** file a notice providing this Court with the docket number of the proceedings before the Eleventh Circuit and a copy of the order from the Eleventh Circuit ruling on the State's petition for appellate review.

**SO ORDERED**, this 10th day of September, 2025

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia